REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

# Exhibit H

**WARREN LEX** LLP

2261 MARKET STREET No. 606  
SAN FRANCISCO CA 94114

TEL +1 (415) 895 2940  
FAX +1 (415) 895 2964

October 16, 2020

**By Electronic Mail**

Jonathan H. Rastegar  
Bragalone Conroy PC  
2200 Ross Avenue  
Suite 4500W  
Dallas, Texas, 75201  
jrastegar@bcpc-law.com

Re: Cellular Communications Equipment LLC v. HMD Global Oy, No. 20-78 (E.D. Texas), Subpoenas to non-party Acacia Research Corporation

Dear Mr. Rastegar:

I write regarding HMD Global Oy's subpoenas to Acacia Research Corporation ("ARC"). More specifically, this letter addresses ARC's Objections and Responses to Third-Party Subpoena to Produce Documents in a Civil Action and Objections and Responses to Third-Party Subpoena to Testify at a Deposition in a Civil Action.

As you know, on September 25, 2020, HMD Global served subpoenas on ARC to produce documents and to testify at a deposition. On October 9, 2020, HMD Global received ARC's objections and responses, which indicate that ARC is unwilling to produce a single document, and refuses to produce a witness regarding the majority of the deposition topics. I write to meet and confer regarding these responses.

**1.     ARC Cannot Ignore Its Obligation to Produce Documents by Hiding Behind CCE**

After wading through ARC's objections, each of its responses are identical boilerplate:

> Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

In short, ARC refuses to produce a single document. Instead, ARC's responses claim that ARC has already provided any documents that "reasonably relate to the patent-in-suit" to its subsidiary Cellular Communications Equipment LLC ("CCE"), and that because CCE is complying with its discovery obligations, ARC need not comply with the subpoena. But ARC also takes an excessively narrow view of relevance tethered to only what "documents reasonably relate to the patent-in-suit." As a result, this one-two punch appears to mean that ARC will not produce, and CCE *also* will not produce, documents concerning ███████████ that do not also specifically mention the '923 patent.

Jonathan H. Rastegar
October 16, 2020

Page 2

As you know as well as I do, this cramped interpretation cannot survive contacts with the Federal Rules. Rule 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense" so long as it is "proportional to the needs of the case." Indeed, "[t]he non-party witness is subject to the same scope of discovery under [Rule 45] as that person would be as a party to whom a request is addressed pursuant to Rule 34." Fed. R. Civ. P. 45, Advisory Committee Notes to 1991 Amendment (alteration added). As such, HMD Global is entitled to documents beyond just those that "reasonably relate" (in your unilateral view) "to the patent-in-suit."

On September 21, 2020, HMD Global filed a motion to dismiss challenging CCE's standing to sue on the grounds that ▇▇▇ shares the right to license the '923 patent. As HMD Global explained in its motion, ▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Each of HMD Global's requests concern subject matter that is germane to this agreement, and therefore to the question of whether CCE has standing to sue. Specifically, they concern:

- ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (Request Nos. 1-4, *see also* Topic Nos. 1-4);

- other agreements that similarly undermine standing for CCE or show a pattern and practice of ARC doing so, and documents and communications regarding those agreements (Request Nos. 5-12, *see also* Topic Nos. 5-12);

- communications regarding potential agreements including the '923 patent (Request No. 13, *see also* Topic No. 13);

- ownership of the '923 patent (Request No. 14, *see also* Topic No. 14);

- valuations of the '923 patent or any portfolio including the '923 patent (Request No. 15, *see also* Topic No. 15);

- the relationship between ARC and CCE (Request Nos. 16-17, *see also* Topic Nos. 16-17);

- the security interest to Starboard, which may independently undermine CCE's standing in this case (Request Nos. 18-23, *see also* Topic Nos. 18-23);

- this litigation and other litigation concerning the '923 patent (Request Nos. 24-26, *see also* Topic Nos. 24-26).

Jonathan H. Rastegar
October 16, 2020

Page 3

These requests are plainly relevant to HMD Global's defense and within the scope of discovery. Accordingly, ARC must produce the documents HMD Global requests, not just those that "reasonably relate to the patent-in-suit."

**2.      ARC Improperly Refuses to Produce a Witness to Provide Testimony on Most Topics**

Out of the 26 deposition topics provided in HMD Global's subpoena, ARC agrees to produce a witness to provide testimony on just Topic Nos. 13-14. ARC further agrees that it is "willing to meet and confer" on six topics, Topic Nos. 1-4 and 16-17.

As for the remaining 18 topics (Topic Nos. 5-12, 15, 18-26), ARC provides only objections. The majority of ARC's objections fixate on the notion that because CCE filed suit asserting only the '923 patent, then all discovery must be limited to matters directly concerning the '923 patent. *See e.g.*, Topic No. 5 ("There is only one patent at issue, and it is wholly owned by CCE."); *see also* Topic Nos. 6-8; Topic No. 9 ("Specifically, this topic includes all patents owned by ARC and any of its subsidiaries, including patents and entities that are unrelated to the single patent at issue in this litigation."); *see also* Topic Nos. 10-12); Topic Nos. 19-20 ("Specifically, this topic relates to an agreement that involves numerous patents and parties that are not at issue and have no relevance to this litigation."). However, as I have already explained, ARC is incorrect. Because the discovery we seek is relevant, and proportional to the needs of this case, ARC cannot avoid its responsibility to produce a witness on these topics.

ARC's additional objections, on Topic Nos. 15, 18, 21-26, are similarly misplaced and evasive. For example, Topic No. 15 states: "Any valuations or attempts to value the '923 patent or any portfolio containing the '923 patent." ARC's objections claim that this topic is "vague, ambiguous, overbroad, and unduly burdensome to the extent that it is not limited in time," "seeks privileged information," and further that "it seeks information not in ARC's possession, custody, or control" on the basis that "ARC does not own the '923 patent and there are third parties who owned the rights to the '923 patent prior to CCE." HMD Global does not believe that the request is vague, ambiguous, overbroad, or unduly burdensome just because the request is not limited in time, nor does it seek privileged information. With respect to ARC's objection regarding the topic seeking information not in ARC's possession, custody, or control, as noted above, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ And to the extent that the topic is otherwise unclear, it seeks testimony concerning non-privileged information about ARC's valuations or attempts to value the '923 patent or any portfolio containing the '923 patent. ARC's remaining objections fare no better, and HMD Global is likewise entitled to testimony on those topics.

Accordingly, ARC must agree to produce a witness to provide testimony on the topics set forth in HMD Global's subpoena, not just those topics cherry picked to the liking of ARC.

Jonathan H. Rastegar
October 16, 2020

Page 4

ARC has not provided any valid basis on which it may withhold documents in its possession that are responsive to HMD Global's document requests, or to justify refusing to produce a witness to provide testimony regarding the topics specified in HMD Global's subpoena for testimony.  HMD Global expects that ARC will produce all such documents and provide a witness to give testimony on all topics.

I am available to meet and confer by telephone from 1-4 p.m. CDT on October 19.  Please provide a time during that window when you are available, or in the alternative when you are available to meet and confer on October 19 or 20.

Thank you for your time and courtesy in this matter.

Very Truly Yours,

Jennifer A. Kash