REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

# Exhibit S

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

## WARREN LEX LLP

2261 MARKET STREET No. 606    TEL  +1 (415) 895 2940
SAN FRANCISCO CA 94114    FAX  +1 (415) 895 2964

November 16, 2020

**By Electronic Mail**

Jeffrey R. Bragalone
Jonathan H. Rastegar
Jerry D. Tice II
Hunter S. Palmer
Bragalone Conroy PC
2200 Ross Avenue
Suite 4500W
Dallas, Texas, 75201
jbragalone@bcpc-law.com
jrastegar@bcpc-law.com
jtice@bcpc-law.com
hpalmer@bcpc-law.com

**Re:    HMD Global Oy v. Acacia Research Corporation, No. 20-mc-___ (C.D. California)**

Dear Messrs. Bragalone, Rastegar, Tice, and Palmer:

HMD Global Oy serves its portion of our joint stipulation under Local Rule 37-2, as well as the declarations and exhibits HMD Global will file with the joint stipulation. Because some of these documents contain information designed confidential, we have encrypted this production using VeraCrypt, free encryption software that you can download from https://www.veracrypt.fr/. Please access these documents as follows:



To decrypt this transmission, please use password no. ▮ from Ashley Shultz's letter to Jerry Tice of September 4, 2020. If you encounter any difficulty in decrypting this transmission, please call Ms. Shultz at +1 (415) 895-2990. Unless we hear otherwise from you, we will take the FTP site down in a week.

As you know, you must return to your portion of the stipulation, together with all declarations and exhibits you will offer in support of your position, one week from today, November 23, 2020. Loc. R. 37-2. Please don't forget to include your signature block for the joint stipulation. We will combine your portion of the stipulation with ours and return it for your signature; you must return the signed document to us by the end of the next business day after you receive it. *Id.*

We also provide notice under Local Rule 79-5.2.2(b) that we will file with our joint stipulation documents marked as "Highly Confidential—Attorneys' Eyes Only" and "Highly Confidential—Outside Attorneys' Eyes Only" under the protective order in *Cellular Communications Equipment LLC v. HMD Global Oy*

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

Jeffrey R. Bragalone, Jonathan H. Rastegar, Jerry D. Tice, and Hunter S. Palmer
November 16
Page 2


("*CCE v. HMD Global*").  We will file, with the same redactions as in *CCE v. HMD Global*, briefing on the motion to dismiss in that action (docket nos. 36, 47, 49, and 58).  Since you have previously instructed us to file ███████████████████████████████████████████████ ████████████████ entirely under seal, we will do so again here unless you tell us otherwise.

Other than these materials, if there is anything that will appear in our stipulation or accompanying materials (including of course the stipulation itself) over which you claim confidentiality and request redaction, please provide your requested redactions as soon as possible, but no later than your responsive portions of the joint stipulation under Loc. R. 37-2.  We will file those redacted versions and the Application For Leave to File Under Seal under Local Rule 79-5.2.2.  Since none of the sealed information is confidential to HMD Global, you must file the appropriate declaration in support of sealing under Local Rule 79-5.2.2(b)(i).

Finally, as we discussed in separate letters, we will take your proposal of earlier today to our client this evening, and expect to get back to you tomorrow after we have been able to communicate with them.  If that proposal results in an agreement, that agreement will presumably include withdrawal of this joint stipulation.  We did not want those discussions to delay our motion any further, however, and will therefore proceed with them during the week provided by the Local Rules.

Thank you for your continued time and courtesy in this matter.

Very Truly Yours,

Jennifer A. Kash

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

1  Matthew S  Warren (Bar No  230565)
2  Jennifer A. Kash (California Bar No. 203679)
   Erika H  Warren (Bar No  295570)
3  WARREN LEX LLP
4  2261 Market Street, No  606
   San Francisco, California, 94114
5  +1 (415) 895 2940
6  +1 (415) 895-2964 facsimile
   20 78@cases warrenlex com
7

8  *Attorneys for HMD Global Oy*

9

10             **UNITED STATES DISTRICT COURT**

11        **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

12

13  HMD GLOBAL OY,                    ) Case No. [TBD]
                                      )
14                                    ) **JOINT STIPULATION**
       Movant,                        ) **REGARDING MOTION BY HMD**
15                                    ) **GLOBAL OY TO COMPEL**
                                      ) **PRODUCTION OF DOCUMENTS**
16  v.                                ) **FROM ACACIA RESEARCH**
                                      ) **CORPORATION**
17  ACACIA RESEARCH CORPORATION,      )
18                                    )
                                      )
19     Respondent.                    ) Judge:  [TBD]
                                      ) Date:  [TBD]
20                                    ) Time   [TBD]
                                      ) Place: [TBD]
21                                    )
22  _____ )

23

24        Under Federal Rule of Civil Procedure 45 and Local Rules 45 and 37 2, movant

25  HMD Global Oy ("HMD Global") and respondent Acacia Research Corporation ("ARC")

26  submit this Joint Stipulation Regarding Motion by HMD Global Oy to Compel Production

27  of Documents from Acacia Research Corporation.

28

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

## I.    HMD Global's Introductory Statement

Although this stipulation and its accompanying materials are voluminous, the key question for this Court is simple:  should ARC produce documents regarding █████████ ████████████████████████████████████████████████████████████████ ███████ to the patent now asserted by ARC's subsidiary CCE against HMD Global, thus (in HMD Global's view) destroying CCE's standing to bring the underlying case?  ARC dearly wants the answer to be "no," and has gone so far as to argue that the ███████ ██████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ARC has not produced a single document in response to the subpoena, instead committing to a strategy of obstruction and delay.  When the Court wades through this stipulation and its accompanying materials, it will see that ARC's excuses lack merit.  HMD Global thus respectfully submits that the Court should order compliance with the subpoena

### A.    The Underlying Action

On March 17, 2020, Cellular Communications Equipment LLC ("CCE") sued HMD Global for infringement of a single patent, U.S. Patent No. 7,218,923 ("the '923 patent"). *Cellular Communications Equipment LLC v HMD Global Oy*, Case No  20 78, Docket No. 1 (E.D. Tex. March 17, 2020).  On August 10, 2020, CCE effected service on HMD Global through the Hague Convention.  *Id.*, Docket No. 30 (E.D. Tex. Aug. 10, 2020).

### B.    The License and Covenant Not to Sue Agreement

On September 17, 2020, CCE produced in the underlying action licenses covering the '923 patent including the ████████████████████████████████████ █████████████████████████████ ████████████████████████████████████████ █████████████████████████████████████████ ██████████████████████████████████████████ █████████████████████████████████████████ ███████████████████████████████████

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

1

2

3

4

5

6

7

8

9

10

**C.     HMD Global's Motion to Dismiss for Lack of Standing**

On September 21, 2020, just four days after CCE produced [REDACTED]

[REDACTED] HMD Global moved to dismiss this action on grounds including CCE's lack of standing to sue.  Chouraki Decl., Ex. A.  HMD Global argued that a plaintiff such as CCE "lacks standing to sue a party who has the ability to obtain such a license from another party with the right to grant it."  *WiAV Sols. LLC v. Motorola Inc.*, 631 F 3d 1257, 1266 (Fed  Cir  2010); *see also, e g , Acceleration Bay LLC v  Activision Blizzard, Inc.*, No. 16-453, 2017 WL 3668597, at *3 (D. Del. Aug. 24, 2017).  HMD Global explained that [REDACTED]

CCE cannot establish that it has the right to exclude others from practicing the '923 patent, and thus lacks standing to sue for infringement   Chouraki Decl , Ex  A at 2 4, 7 11; Ex  C at  1-8; Ex. Q.  On October 5, 2020, CCE opposed this motion, Chouraki Decl., Ex. B; on October 13, 2020, HMD Global replied, *id.*, Ex. C; on October 21, 2020, CCE filed a sur-reply.  *id.*, Ex. D.  This motion remains pending in the underlying action.

**D.     The Security Interest**

Publicly available filings further question CCE's standing.  A "Patent Security Agreement" filed with the United States Patent and Trademark Office at Patent Reel 052853, Frame 0153 to 0404, granted Starboard a security interest in the '923 patent, and

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

referenced a Security Agreement, which CCE has not produced  The "Release of Security Interest in Patents" filed with the United States Patent and Trademark Office at Patent Reel 053654, Frame 0254 to 0489, shows that on June 30, 2020, Starboard rescinded its security interest.  These agreements may independently undermine CCE's standing in this case. *See Uniloc USA, Inc  v  Apple Inc* , 784 Fed  App'x 763, 765, 767 68 (Fed  Cir  2019)

### E.     The Subpoena

On September 25, 2020, HMD Global served ARC with a subpoena for documents and things.  Chouraki Decl., Ex. E.  The subpoena sought documents regarding the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and the security interest, including

- documents concerning the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and other similar agreements in which ARC granted a license for its subsidiaries;
- documents concerning actual or potential agreements concerning the '923, its ownership, or valuations of the '923 or any portfolio including it;
- documents concerning the relationship between ARC and CCE;
- documents concerning the security interest and its release; and
- documents concerning litigation concerning the '923 patent.

On October 9, 2020, ARC served objections and responses to the subpoena, in which it refused to produce a single document.  *Id.*, Ex. F.

### F.     HMD Global Attempts to Narrow the Dispute

On October 16, HMD Global sought to meet and confer on the subpoena.  Chouraki Decl , Ex  G   October 26, HMD Global and ARC conferred by telephone, and HMD Global followed up with a letter seeking to continue discussions.  *Id.*, Ex. H.  Following additional letters (*id.*, Exs. I and J), on October 30, the parties conferred again by telephone.  *Id.,* Ex. K.  On November 3, 2020, HMD Global triggered Local Rule 37-1 with a detailed letter  Chouraki Decl , Ex  K   After still more letters (*id* , Exs  S, L, M), ARC agreed to meet and confer on November 13.  *Id.* Ex. N, P.  The parties conferred by telephone for a third time, but came to no agreement.  Because ARC offered no reasonable compromises, HMD Global must move on all of its requests before this Court.

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

**II.**     **ARC's Introductory Statement**

[ARC's Introductory Statement]

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

### THE PARTIES' POSITIONS

**Request for Production No. 1**

    **Request**:  All documents concerning any agreement between persons including ▓ and ▓▓▓▓▓▓▓▓ that includes any patent license.

    **Response**   ARC incorporates by reference each of the foregoing General Objections as if fully set forth herein.  ARC objects to the phrase "any patent license" to the extent that it characterizes any agreements between ▓ and ▓ as conferring a relevant patent license from ▓ to ▓ Defendant has no factual basis for such a characterization   ARC objects to this request to the extent that it seeks discovery of email ARC understands that the parties to the Action agreed to a procedure for handling email discovery.  It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC.  Further, this request does not comply with the requirements for an email discovery request   ARC further objects to this request to the extent that it seeks privileged information, documents, or communications; internal communications regarding patent licenses, should they exist, are protected from disclosure by attorney-client privilege and/or the work product doctrine.  ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation.  ARC further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is unlimited in time and scope. Specifically, this request, as written in light of Defendant's instructions, includes all agreements made by either ▓ or ▓▓▓▓▓▓▓▓ Defendant's Subpoena instructs that the word "and" is both conjunctive and disjunctive; as applied to this request, it creates a construction in which information responsive to the request includes any agreement about any patent license made by ▓ or ▓ at any time with any other party Further, even if the request were understood to be limited to only agreements between ▓ and ▓ such a construction would include agreements outside the relevant time frame and scope of the current litigation, including agreements about patent licenses that

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

are irrelevant to the current litigation   The only patent license that would be relevant to the current litigation would be a license to the '923 patent – which ARC has never given. Additionally, ARC objects to this request to the extent that it asks for things not in ARC's possession, custody, or control.  For example, the request as written includes all ███ agreements regarding patent licenses that do not involve ARC

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

A.    HMD Global's Position

HMD Global's Request No. 1 seeks documents concerning ███████████ ███████████████████████████████████████████████████████ ████████████████   In its letter of November 12, ARC does not address the core of this request—documents concerning ████████████████████████████ at the core of HMD Global's standing motion—but states instead that "agreements between ████ and ████ that do not concern the '923 patent have no bearing on whether ARC has the right to license the '923 patent," although "ARC does not believe any such agreements exist."  Finally, ARC argues that HMD Global's "demand that ARC search all emails for responsive materials is overly burdensome."  Chouraki Decl., Ex. P.

1.    Legal Standard

Rule 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense" so long as it is "proportional to the needs of the case."  "A 'relevant matter' under Rule 26(b)(1) is any matter that 'bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case '  Relevancy should be 'construed "liberally and with common sense" and discovery should be allowed unless the information sought has no conceivable bearing on the case.'"  *Dale Evans Parkway 2012, LLC v. Nat'l Fire & Marine Ins. Co.*, Case No. 15-979, 2016 WL 7486606,

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

1    at *3 (C D  Cal  Oct  27, 2016) (citations omitted)   "Under the general relevance

2    requirements set forth in Rule 26(b), [a] subpoena may command the production of

3    documents that are 'nonprivileged' and are 'relevant to any party's claim or defense.'" *Id.*

4    (quoting Fed. R. Civ. P. 26(b)(1)).

5                    **2.    ARC's Overall Objections**

6            ARC first argues that all or nearly all of HMD Global's requested discovery is

7    irrelevant because, in ARC's view, HMD Global will eventually lose the legal issue which

8    those documents might inform.  Specifically, in its letter of November 12, ARC states:

9            ARC has never been party to any agreement that assigned it rights in the '923
10           patent.  Thus, by law, ███  does not have the right to license the '923 patent.
             Accordingly, even if, as you contend, ████████████████████████████████████
11           ████████████████████████████  is not in itself a written instrument that
12           conveys to ARC any rights in the '923 patent   No amount of parole evidence or
             materials regarding the course of dealing can change the fact that, by law, ARC does
13           not have the right to license the '923 patent   As such, the materials covered by
14           Request Nos. 1-12 are irrelevant and intended merely to harass ARC.

15   Chouraki Decl , Ex  P   In other words, ARC argues that because it believes it will

16   eventually win the underlying dispute, it would be "irrelevant and intended merely to

17   harass ARC" for HMD Global to obtain discovery that might show that ARC should lose

18   the underlying dispute.

19           Even setting aside the factual problems with this argument    which depends on the

20   contention that the ████████████████████████████████████████████████████████

21   ████████████████████████████████████████████████████████████████████████████

22   ████████████████████████████████████  that is not how discovery works.  "The obvious and overall

23   purpose of discovery under the Federal Rules of Civil Procedure is to require disclosure of

24   all relevant information, so that the ultimate resolution of disputed issues is based on a full

25   and accurate understanding of the facts and therefore embodies a fair and just result."

26   *Inland Concrete Enters., Inc. v. Kraft Ams., L.P.*, Case No. 10-1776, 2011 WL 13209258,

27   at *2 (C D  Cal  May 12, 2011) (citing *United States v  Procter & Gamble Co* , 356 U S

28   677, 682 (1958)).  If a target of discovery could escape its obligations to produce

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

1   documents by claiming that its side would ultimately win the underlying dispute, there

2   would be no discovery.  *Castelan-Gutierrez v. Bodega Latina Corp.*, Case No. 17-1877,

3   2018 WL 4050493, at *2 (D. Nev. Mar. 30, 2018) ("The mere fact that a party may

4   articulate some legal argument that may allow it to prevail on a particular claim, even

5   when presented in a currently pending dispositive motion, is simply insufficient to justify

6   denying discovery to its opponent.").

7          Indeed, the "Federal Rules of Civil Procedure do not provide for automatic or

8   blanket stays of discovery when a potentially dispositive motion is pending," *Infanzon v.*

9   *Allstate Ins  Co* , 335 F R D  305, 312 (C D  Cal  2020) (quoting *Tradebay, LLC v  eBay,*

10  *Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011)), and discovery will proceed unless the "party

11  seeking a stay of discovery carries a heavy burden of making a 'strong showing' why

12  discovery should be denied." *Soundgarden v. UMG Recordings, Inc.*, Case No. 19-5449,

13  2019 WL 10093965, at *6 (C D  Cal  Dec  2, 2019) (quoting *Skellerup Indus  Ltd  v  City*

14  *of Los Angeles*, 163 F.R.D. 598, 600 (C.D. Cal. 1995)); *see also Las Vegas Sun, Inc. v.*

15  *Adelson*, Case No. 19-1667, 2020 WL 2114352, at *5 (D. Nev. May 4, 2020) ("Generally,

16  there must be no question in the court's mind that the dispositive motion will prevail, and

17  therefore, discovery is a waste of effort ") (quoting *Kor Media Grp , LLC v  Green*, 294

18  F.R.D. 579, 583 (D. Nev. 2013)).

19         Although HMD Global has asserted lack of standing through a motion to dismiss,

20  because standing is a "threshold jurisdictional issue," Chouraki Decl., Ex. C at 7-8, which

21  even CCE acknowledges "may be raised at anytime," *id  Ex  B* at 11, HMD Global can

22  present facts beyond the pleadings to support its claim, has no time limit to make this

23  claim, and can take discovery and use that discovery to support a renewed motion.  *See*

24  *Uniloc USA, Inc. v. Apple Inc.*, No. 18-358, Docket No. 165 (N.D. Cal. Oct. 22, 2020)

25  (renewing motion to dismiss for lack of standing based on new evidence obtained through

26  discovery); *see also Blitzsafe Tex. LLC v. Mitsubishi Elec. Corp.*, No. 17-430, 2019 WL

27  2210686, at *3 (E.D. Tex. May 22, 2019) ("[J]urisdictional discovery should only be

28  denied where it is *impossible* that the discovery 'could . . . add[] any significant facts' that

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

might bear on the jurisdictional determination ") (alteration and emphasis in original) (quoting *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 221 (5th Cir. 2000)).  For at least these reasons, ARC cannot prevent HMD Global from taking discovery on a disputed issue because ARC claims it will ultimately win the dispute.

## 2.    ARC's Specific Objections

Documents concerning ██████████████████████████ are at the center of HMD Global's standing claim.  These documents would include for example ████████████████████████████████████████████ ██████████████████████████████████████████████ ██████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████████ ██████████████████████████████████████████ ██████████████████████████████████████████ ████████████████  Documents that would be responsive to this request would include, for example:

- A prior draft of ████████████████████████████████ ████████████████████████████████

- An email from ████████████████████████████████████ ██████████████████████████████████████████████ ████████████ or

- An email from ARC to CCE stating that ARC has licensed the '923 patent and CCE must drop the pending litigation against ████

HMD Global has no idea whether these documents exist, of course, but that is precisely the problem   ARC refuses to search for any documents concerning ██████████████ ████████████████ at all.

This request also seeks documents concerning any prior patent licenses between ██████████████████████████████████████████████

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

1  ██████████████████████████████████████████████████████████

2  ██████████████████████████  *Faulkner v. Nat'l Geographic Soc.*, 452 F. Supp. 2d

3  369, 381 (S.D.N.Y. 2006) (explaining that "the parties' course of dealing throughout the

4  life of a contract is highly relevant to determining the meaning of the terms of the

5  agreement") (citations omitted); *see also Trilegiant Corp v Sitel Corp*, 272 F R D 360,

6  364-65 (S.D.N.Y. 2010) (holding that "anything that might further the interpretation" of

7  the disputed contract provision "is relevant and subject to discovery") (collecting cases).

8  ARC must produce these documents. *See Trilegiant Corp.*, 272 F.R.D. at 364-65 (ordering

9  plaintiff to produce documents concerning disputed contract provisions and "the drafting

10 and use of such contract language" in order to aid in the interpretation of those provisions).

### 3.    ARC's Burden Objection

12 "The party who resists discovery has the burden to show discovery should not be

13 allowed, and has the burden of clarifying, explaining, and supporting its objections " *Keith*

14 *H. v. Long Beach Unified School Dist.*, 228 F.R.D. 652, 655-56 (C.D. Cal. May 18, 2005)

15 (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)); *see also, e.g.*, *In re*

16 *Citimortgage, Inc., Home Affordable Modification Program ("HAMP") Litig.*, Case No.

17 11 2274, 2012 WL 10450139, at *4 (C D Cal June 7, 2012) ("Generalized objections that

18 a discovery request is burdensome without resort to specific reasons is . . . insufficient to

19 justify a refusal to respond.") (quoting *Davidson v. Goord*, 215 F.R.D. 73 (W.D.N.Y. 2003)

20 (alterations in original)).  ARC has failed to meet this burden; it has not come close.

21 ARC makes the same objections to searching emails across all 26 of HMD Global's

22 requests.  In its letter of November 12, ARC states that:

23 > As we have explained to you, ████████████████████████████████
24 > ██████████████████████████ many, if not all, of the individuals
   > who had first-hand knowledge of the agreement are no longer employed by ARC or
25 > its subsidiaries  Restoring the electronic records of former employees is a
26 > significant burden.

27 Chouraki Decl., Ex. P.  ARC's arguments are remarkable more for what they do not say

28 than for what they do.  Although ARC claims that "many, if not all, of the individuals who

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

had first hand knowledge of the agreement are no longer employed by ARC," it does not say who they are, or when they left, or what happened to their records.  It conspicuously does *not* say that *all* "individuals who had first-hand knowledge of the agreement" have left ARC, and surely would have if it could have.  Indeed, if most "individuals who had first hand knowledge of the agreement" have left the company, ARC's search may be easier than if they had stayed, because those individuals may have transferred their records to new custodians, making a search simpler for ARC.  ARC states that "[r]estoring the electronic records of former employees is a significant burden," but provides no specifics to back up this claim, let alone evidence rather than attorney argument   And ARC does not address any other possible repositories for records beyond individual stores, such as shared drives or mailing lists, which would survive any individual departures.

Instead, ARC tries to shift the burden onto HMD Global, arguing that because HMD Global could not identify custodians and search terms, ARC need not search at all   But ARC asks HMD Global to provide information it *does not know*.  HMD Global does not know who at ARC negotiated ███████████████████████████████████████ and thus cannot provide custodians to search.  HMD Global does not know whether ARC has entered into any other agreements that, ██████████████████████████ ██████████ contain patent licenses, and thus cannot provide search terms.  ARC's attempt to push the burden onto HMD Global serves no purpose except to avoid discovery. Conversely, the burden on ARC of searching for documents would be minimal.  Public records show that ARC has fewer than 20 employees   Chouraki Decl , Ex  R   ARC can easily find out who on its staff worked on these agreements and search their emails for relevant documents, and can consult its central repositories as well.  A core part of ARC's business is negotiating and executing license agreements, and ARC surely has a procedure for storing documents regarding those core functions   Finally, ARC claims that it "does not believe any" documents in certain categories exist.  Surely they know this more surely and can make a more definite statement, but in any event if no such agreements exist, it will not be hard to confirm that they do not.  Otherwise, ARC can lose its cake and have it

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

too, by claiming it is too hard to search for documents because they might not exist, while depriving HMD Global over the evidentiary value of learning that documents do not exist.

ARC also claims that it should be subject to special consideration as a non-party to the underlying litigation. But ARC is not a non-party to the underlying action in any reasonable sense ARC owns all of CCE (through an intermediary which it also owns), has the same lawyers as CCE, and communicates on the same channels and in the same letters as CCE. Indeed, ███████████████████████████████████████████████████ ████████████████████████████████████████████ and support HMD Global's standing motion in the underlying action Nor can ARC benefit from any agreement between CCE and HMD Global regarding the conduct of the underlying action, having chosen not to be a plaintiff in that action and thus to avoid the obligations concomitant with that status.

Courts routinely order searching of emails, *In re Citimortgage, Inc* , 2012 WL 10450139, at *5 ("Defendant must search all of its email servers and produce all emails to/from/relating to the named plaintiffs, including defendant's internal communications concerning those emails"); *Aquastar Pool Prods., Inc. v. Color Match Pool Fittings, Inc.*, Case No 18 mc 94, 2019 WL 856860, at *4 (C D Cal Jan 23, 2019) ("With these additions to the list, defendant must search for and produce emails responsive to RFP Nos. 12-14 as narrowed."), even to third-party subpoena respondents contesting enforcement. *See also Liqwd, Inc. v. L'Oreal USA, Inc.*, Case No. 19-15, Docket. No. 33 (C.D. Cal. Feb. 28, 2019) ARC fails to articulate the specific burden it would suffer, and so it must produce documents responsive to this request.

### 4. Conclusion

As demonstrated, documents that are responsive to this request concern nonprivileged matter that is relevant to HMD Global's standing claim, and this request is within the scope of discovery, not overly broad, unduly burdensome, disproportionate to the needs of the case, or designed to harass ARC. HMD Global sought to resolve these disputes through a series of letters and by meeting and conferring three times with ARC, as

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

set forth above in HMD Global's Introductory Statement, § F, but could reach no agreements.  Accordingly, HMD Global respectfully submits that the Court should order ARC to produce all documents responsive to this request.

**B.     ARC's Position**

[ARC's Position]

**Request for Production No. 2**

**Request**:  All documents concerning any agreement executed concurrently with any agreement between persons including ▮▮▮ and ▮▮▮▮▮▮▮ that includes any patent license

**Response**:  In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein.  ARC objects to the phrase "any patent license" to the extent that it characterizes any agreements between ▮▮▮ and ▮▮ as conferring a relevant patent license from ▮▮ to ▮▮ Defendant has no factual basis for such a characterization.  ARC objects to this request to the extent that it seeks discovery of email.  ARC understands that the parties to the Action agreed to a procedure for handling email discovery.  It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC.  ARC further objects to this request to the extent that it seeks privileged information, documents, or communications; internal communications regarding patent licenses, should they exist, are protected from disclosure by attorney client privilege and/or the work product doctrine   Further, this request does not comply with the requirements for an email discovery request.  ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation   ARC further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is unlimited in time and scope.  Specifically, this request includes the same overbroad and vague structure seen in Request 1; ARC therefore incorporates the same objections here.  Further, this request includes

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

additional agreements other than patent licensing agreements, as long as they were "executed concurrently." This provides an even broader and more vague scope to the request and makes it even more likely that agreements responsive to the request would be irrelevant to the current patent infringement litigation.

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action

**A.    HMD Global's Position**

HMD Global's Request No. 2 seeks documents concerning any agreement executed concurrently with any agreement described in Request No. 1. In its letter of November 12, ARC takes the same position as it did regarding Request No 1, and declines to produce any documents. Chouraki Decl., Ex. P.

The legal standard governing discovery is set forth above in Request No. 1, § A.1. ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

If █████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ████████████████████████████ Without the documents HMD Global seeks, it cannot know if any concurrent agreements have provisions relevant to the dispute. ARC must produce these documents  *See Trilegiant Corp* , 272 F R D  at 364 65 (ordering plaintiff to produce documents concerning disputed contract provisions and "the drafting and use of such contract language" in order to aid in the interpretation of those provisions).

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

ARC has not shown that producing documents responsive to this request is unduly burdensome for the reasons set forth above in Request No. 1, § A.3.

As demonstrated, documents that are responsive to this request concern nonprivileged matter that is relevant to HMD Global's standing claim, and this request is within the scope of discovery, not overly broad, unduly burdensome, disproportionate to the needs of the case, or designed to harass ARC.  HMD Global sought to resolve these disputes through a series of letters and by meeting and conferring three times with ARC, as set forth above in HMD Global's Introductory Statement, § F, but could reach no agreements   Accordingly, HMD Global respectfully submits that the Court should order ARC to produce all documents responsive to this request.

**B.      ARC's Position**

[ARC's Position]

**Request for Production No. 3**

**Request**:  All documents concerning communications concerning any agreement between persons including ▮▮▮▮ and ▮▮▮▮▮▮▮▮▮▮▮ that includes any patent license, or any agreement executed concurrently with any agreement between persons including ▮▮▮▮and ▮▮▮▮▮▮▮▮▮▮ that includes any patent license

**Response**:  In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein.  ARC objects to the phrase "any patent license" to the extent that it characterizes any agreements between ▮▮▮ and ▮▮ as conferring a relevant patent license from ▮▮▮ to ▮▮  Defendant has no factual basis for such a characterization.  ARC objects to this request to the extent that it seeks discovery of email.  ARC understands that the parties to the Action agreed to a procedure for handling email discovery.  It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC.  Further, this request does not comply with the requirements for an email discovery request.  ARC further objects to this request to the extent that it seeks privileged information, documents, or communications; internal communications

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

1    regarding patent licenses, should they exist, are protected from disclosure by

2    attorney-client privilege and/or the work product doctrine.  ARC objects to this request as

3    overbroad and unduly burdensome, and neither relevant nor proportional to the needs of

4    the case to the extent that the request seeks information not relevant to a claim or defense

5    asserted in this litigation   ARC further objects to this request as vague, ambiguous,

6    overbroad, and unduly burdensome to the extent that it is unlimited in time and scope.

7    Specifically, this request includes the same overbroad and vague structure seen in Requests

8    1 and 2; ARC therefore incorporates the same objections here.  Adding "communications"

9    about the already vague and overbroad universe of potential agreements covered by

10   Requests 1 and 2 to the request further broadens the scope of the request to include

11   communications and correspondence that may be irrelevant to the current litigation.

12        Subject to and without waiving the foregoing General and Specific Objections, ARC

13   responds that to the extent the documents reasonably relate to the patent in suit and any

14   such documents exist, they have been provided to or are in the possession, custody, or

15   control of CCE and that, on information and belief, CCE is complying or has complied

16   with its discovery obligations in the Action.

17        **A.    HMD Global's Position**

18        HMD Global's Request No. 3 seeks communications concerning any agreement in

19   Request Nos. 1 or 2.  In its letter of November 12, ARC takes the same position as it did

20   regarding Request Nos. 1 and 2, and declines to produce any documents.  Chouraki Decl.,

21   Ex  P

22        The legal standard governing discovery is set forth above in Request No. 1, § A.1.

23   ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

24        Many categories of communications are directly relevant here.  The negotiation

25   history of a contract is highly relevant to understanding its meaning  *67 Wall St  Co  v*

26   *Franklin Nat'l Bank*, 37 N.Y.2d 245, 248-49 (1975) (recognizing that the court can look to

27   the "surrounding facts and circumstances to determine the intent of the parties," including

28   "evidence of conversations, negotiations and agreements made prior to or

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

1  contemporaneous with the execution" in order to explain ambiguities in a written

2  agreement).  (The "License and Covenant Not to Sue Agreement" specifies New York law,

3  *see* Chouraki Decl., Ex. Q ¶ 6.15.)

4        Second, communications between ▮▮▮ and ▮▮ after execution of any agreements

5  are also highly relevant, as course of performance sheds light on the meaning of a contract

6  *See Fed. Ins. Co. v. Americas Ins. Co.*, 258 A.D.2d 39, 44 (1999) ("the parties' course of

7  performance under the contract is considered to be the most persuasive evidence of the

8  agreed intention of the parties") (internal quotation marks and citation omitted); *Credit*

9  *Suisse Sec  (USA) LLC v  Grand Circle LLC*, Case No  11 232, 2013 WL 5312511, at *11

10  (S.D.N.Y. Sept. 23, 2013) ("The parties' objective manifestations of their intent—namely,

11  their words to each other and their deeds—are significantly more probative than

12  uncommunicated subjective intent.") (internal quotation marks and citation omitted).

13        Third, communications within ARC can shed light on how ARC interpreted any

14  agreements.  *See Dataflow, Inc. v. Peerless Ins. Co.*, Case No. 11-1127, 2014 WL 148685,

15  at *4 (S.D.N.Y. Jan. 13, 2014) (finding that defendant's internal communications showing

16  its interpretation of a written agreement are relevant to its interpretation of the agreement).

17  All of these communications are highly relevant to HMD Global's claims about the

18  meaning of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See 67 Wall St.*, 37 N.Y.2d

19  at 248-49 (recognizing that "evidence of conversations, negotiations and agreements made

20  prior to or contemporaneous with the execution" may be used to explain ambiguities in a

21  written agreement)

22        Fourth, communications between ARC and CCE are highly relevant.  In opposing

23  HMD Global's motion to dismiss, CCE claimed that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

24  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

25  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

26  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

27  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

28  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* Ex. D at

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

4 (*citing Polaris PowerLED Techs , LLC v Samsung Elecs  Am , Inc* , Case No  17 715, 2019 WL 1399927, at *3 (E.D. Tex. Mar. 28, 2019); *Id*. Ex. B at 6.  HMD Global is entitled to test those claims by probing the communications that actually occurred. Suppose, for example, that ARC sent a note to CCE saying, "we have executed a license to your portfolio, so you must drop your case with ███  If that occurred, HMD Global is entitled to that evidence.

Fifth and finally, communications between ████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████  *See 67 Wall St* , 37 N.Y.2d at 248-49.  All of these communications are highly relevant HMD Global's claims about the meaning of ████████████████████████████

ARC has not shown that producing documents responsive to this request is unduly burdensome for the reasons set forth above in Request No  1, § A 3

As demonstrated, documents and communications that are responsive to this request concern nonprivileged matter that is relevant to HMD Global's standing claim, and this request is within the scope of discovery, not overly broad, unduly burdensome, disproportionate to the needs of the case, or designed to harass ARC   HMD Global sought to resolve these disputes through a series of letters and by meeting and conferring three times with ARC, as set forth above in HMD Global's Introductory Statement, § F, but

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

could reach no agreements   Accordingly, HMD Global respectfully submits that the Court should order ARC to produce all documents responsive to this request.

### B.    ARC's Position

[ARC's Position]

**Request for Production No. 4**

**Request**:  All documents concerning communications concerning negotiations leading to any agreement between persons including ▮▮ and ▮▮▮▮▮▮▮ that includes any patent license, or any agreement executed concurrently with any agreement between persons including ▮▮ and ▮▮▮▮▮▮ that includes any patent license

**Response**:  In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein.  ARC objects to the phrase "any patent license" to the extent that it characterizes any agreements between ▮▮ and ▮▮ as conferring a relevant patent license from ▮▮ to ▮▮ Defendant has no factual basis for such a characterization.  ARC objects to this request to the extent that it seeks discovery of email.  ARC understands that the parties to the Action agreed to a procedure for handling email discovery.  It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC.  Further, this request does not comply with the requirements for an email discovery request.  ARC further objects to this request to the extent that it seeks privileged information, documents, or communications; internal communications regarding patent licenses, should they exist, are protected from disclosure by attorney-client privilege and/or the work product doctrine.  ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation   ARC further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is unlimited in time and scope.  Specifically, this request includes the same overbroad and vague structure seen in Requests 1, 2, and 3; ARC therefore incorporates the same objections here.

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action

### A.    HMD Global's Position

HMD Global's Request No. 4 seeks documents, including communications, concerning any negotiations leading to any agreement in Request Nos. 1 or 2.  In its letter of November 12, ARC takes the same position as it did regarding Request Nos  1, 2 and 3, and declines to produce any documents.  Chouraki Decl., Ex. P.

The legal standard governing discovery is set forth above in Request No. 1, § A.1. ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

The negotiation history of a contract is highly relevant to understanding its meaning 67 *Wall St. Co.*, 37 N.Y.2d at 248-49 (1975) (recognizing that the court can look to the "surrounding facts and circumstances to determine the intent of the parties," including "evidence of conversations, negotiations and agreements made prior to or contemporaneous with the execution" in order to explain ambiguities in a written agreement).

ARC has not shown that producing documents responsive to this request is unduly burdensome for the reasons set forth above in Request No. 1, § A.3.

As demonstrated, documents and communications that are responsive to this request concern nonprivileged matter that is relevant to HMD Global's standing claim, and this request is within the scope of discovery, not overly broad, unduly burdensome, disproportionate to the needs of the case, or designed to harass ARC.  HMD Global sought to resolve these disputes through a series of letters and by meeting and conferring three times with ARC, as set forth above in HMD Global's Introductory Statement, § F, but could reach no agreements.  Accordingly, HMD Global respectfully submits that the Court should order ARC to produce all documents responsive to this request.

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

**B.     ARC's Position**

[ARC's Position]

**Request for Production No. 5**

**Request**:  All documents concerning any agreement between ARC and any other person or persons that includes any patent license including a patent owned in whole or part by one or more Acacia Entities.

**Response**:  In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein   ARC objects to the phrase "any patent license" to the extent that it characterizes any agreements involving ARC as conferring a relevant patent license from ARC to any other entity; Defendant has no factual basis for such a characterization.  ARC objects to this request to the extent that it seeks discovery of email.  ARC understands that the parties to the Action agreed to a procedure for handling email discovery   It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC.  Further, this request does not comply with the requirements for an email discovery request.  ARC further objects to this request to the extent that it seeks privileged information, documents, or communications; internal communications regarding patent licenses, should they exist, are protected from disclosure by attorney-client privilege and/or the work product doctrine.  ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation.  ARC further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is unlimited in time and scope. Specifically, the request includes patents and agreements that are irrelevant to the current litigation   as written, the request includes any agreements made by ARC or any of its subsidiaries including any patent licenses.  There is only one patent at issue, and it is wholly owned by CCE.  This request seeks information on all other patents owned by

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

ARC and any of its subsidiaries, which includes at least two other companies that are not involved in this litigation.

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

### A.     HMD Global's Position

HMD Global's Request No  5 seeks documents concerning any agreement that, like ███████████████████████████████████ includes a license to a patent owned by an ARC affiliate or to which an ARC affiliate has rights.  In its letter of November 12, ARC states that "agreements between ARC and third-parties that do not concern the '923 patent have no bearing on whether ARC has the right to license the '923 patent," and refuses to provide any documents.  Chouraki Decl., Ex. P.

The legal standard governing discovery is set forth above in Request No. 1, § A.1. ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

HMD Global's standing motion rests on the argument that ARC can and does hold, as the ultimate corporate parent of CCE and other subsidiaries, the right to license patents held by its subsidiaries directly by ARC, rather than through the subsidiaries themselves. If HMD Global is correct, then ARC's subsidiaries (such as CCE) either lack standing to sue entirely, or lack standing to sue without ARC's participation as a plaintiff in the case This request asks a simple question:  has ARC done it before?

If ARC has executed other agreements like ███████████████████████████ ████████████████████████████████████████████ those agreements and ARC's practice of entering into them would be relevant to the interpretation of the ████████████████████████████████████ and may also provide other bases to undercut CCE's standing in this case. *See Trilegiant Corp.*, 272 F.R.D. at 364-65 (ordering plaintiff to produce documents concerning disputed contract provisions and "the drafting

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

and use of such contract language" in order to aid in the interpretation of those provisions)

Conversely, if ARC has never executed an agreement similar to ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮ that is relevant as well and ARC should confirm that no such

documents exist.

ARC has not shown that producing documents responsive to this request is unduly

burdensome for the reasons set forth above in Request No. 1, § A.3.

In a good faith effort to narrow this request, HMD Global clarified that this request

does not concern all licenses between any ARC affiliate and any third party, or even all

licences between ARC and third parties   Rather, it concerns only licenses, like the license

from ▮▮ to ▮ that CCE produced in the underlying litigation, between ARC and

another party that include a license to a patent owned by an ARC affiliate.

As demonstrated, documents that are responsive to this request concern

nonprivileged matter that is relevant to HMD Global's standing claim, and this request is

within the scope of discovery, not overly broad, unduly burdensome, disproportionate to

the needs of the case, or designed to harass ARC.  HMD Global sought to resolve these

disputes through a series of letters and by meeting and conferring three times with ARC, as

set forth above in HMD Global's Introductory Statement, § F, but could reach no

agreements.  Accordingly, HMD Global respectfully submits that the Court should order

ARC to produce all documents responsive to this request.

**B.    ARC's Position**

[ARC's Position]

**Request for Production No. 6**

**Request**:  All documents concerning any agreement executed concurrently with any

agreement between ARC and any other person or persons that includes any patent license

including a patent owned in whole or part by one or more Acacia Entities

**Response**:  In addition to the foregoing General Objections, ARC incorporates by

reference each of its specific objections and responses to each of the preceding requests as

if fully set forth herein.  ARC objects to the phrase "any patent license" to the extent that it

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

characterizes any agreements involving ARC as conferring a relevant patent license from ARC to any other entity; Defendant has no factual basis for such a characterization.  ARC objects to this request to the extent that it seeks discovery of email.  ARC understands that the parties to the Action agreed to a procedure for handling email discovery.  It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC.  Further, this request does not comply with the requirements for an email discovery request.  ARC further objects to this request to the extent that it seeks privileged information, documents, or communications; internal communications regarding patent licenses, should they exist, are protected from disclosure by attorney-client privilege and/or the work product doctrine.  ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation   ARC further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is unlimited in time and scope.  Specifically, this request includes the same overbroad and vague structure seen in Request 5; ARC therefore incorporates the same objections here.  Further, this request includes additional agreements other than patent licensing agreements, as long as they were "executed concurrently."  This provides an even broader and more vague scope to the request and makes it even more likely that agreements responsive to the request would be irrelevant to the current patent infringement litigation.

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action

### A.    HMD Global's Position

Similar to Request No. 2, HMD Global's Request No. 6 seeks documents concerning any agreement executed concurrently with any agreement described in Request

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

No  5   In its letter of November 12, ARC takes the same position as it did regarding Request No. 5, and declines to produce any documents.  Chouraki Decl., Ex. P.

The legal standard governing discovery is set forth above in Request No. 1, § A.1.  ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

The agreements in Request No  5 are relevant for the reasons set forth there; the concurrent agreements of Request No. 6 are relevant for the same reasons as the concurrent agreements of Request No. 2.

ARC has not shown that producing documents responsive to this request is unduly burdensome for the reasons set forth above in Request No  1, § A 3

As demonstrated, documents that are responsive to this request concern nonprivileged matter that is relevant to HMD Global's standing claim, and this request is within the scope of discovery, not overly broad, unduly burdensome, disproportionate to the needs of the case, or designed to harass ARC   HMD Global sought to resolve these disputes through a series of letters and by meeting and conferring three times with ARC, as set forth above in HMD Global's Introductory Statement, § F, but could reach no agreements.  Accordingly, HMD Global respectfully submits that the Court should order ARC to produce all documents responsive to this request

**B.    ARC's Position**

[ARC's Position]

**Request for Production No. 7**

**Request**   All documents concerning communications concerning any agreement between ARC and any other person or persons that includes any patent license including a patent owned in whole or part by one or more Acacia Entities.

**Response**:  In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein.  ARC objects to the phrase "any patent license" to the extent that it characterizes any agreements involving ARC as conferring a relevant patent license from ARC to any other entity; Defendant has no factual basis for such a characterization.  ARC

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

objects to this request to the extent that it seeks discovery of email   ARC understands that the parties to the Action agreed to a procedure for handling email discovery.  It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC.  Further, this request does not comply with the requirements for an email discovery request   ARC further objects to this request to the extent that it seeks privileged information, documents, or communications; internal communications regarding patent licenses, should they exist, are protected from disclosure by attorney-client privilege and/or the work product doctrine.  ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation.  ARC objects to this request to the extent that it seeks discovery of email.  ARC understands that the parties to the Action agreed to a procedure for handling email discovery   It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC.  Further, this request does not comply with the requirements for an email discovery request.  ARC further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is unlimited in time and scope   Specifically, this request includes the same overbroad and vague structure seen in Requests 5 and 6; ARC therefore incorporates the same objections here. Adding "communications" about the already vague and overbroad universe of potential agreements covered by Requests 5 and 6 to the request further broadens the scope of the request to include communications and correspondence that may be irrelevant to the current litigation.

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

### A.    HMD Global's Position

Similar to Request No. 3, HMD Global's Request No. 7 seeks documents concerning communications concerning any agreement described in Request No. 5.  In its letter of November 12, ARC takes the same position as it did regarding Request Nos. 5 and 6, and declines to produce any documents  Chouraki Decl , Ex  P

The legal standard governing discovery is set forth above in Request No. 1, § A.1. ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

The agreements in Request No. 5 are relevant for the reasons set forth there; the communications of Request No  7 are relevant for the same reasons as the communications of Request No. 3.

ARC has not shown that producing documents responsive to this request is unduly burdensome for the reasons set forth above in Request No. 1, § A.3.

As demonstrated, documents and communications that are responsive to this request concern nonprivileged matter that is relevant to HMD Global's standing claim, and this request is within the scope of discovery, not overly broad, unduly burdensome, disproportionate to the needs of the case, or designed to harass ARC.  HMD Global sought to resolve these disputes through a series of letters and by meeting and conferring three times with ARC, as set forth above in HMD Global's Introductory Statement, § F, but could reach no agreements.  Accordingly, HMD Global respectfully submits that the Court should order ARC to produce all documents responsive to this request.

### B.    ARC's Position

[ARC's Position]

**Request for Production No. 8**

**Request**:  All documents concerning communications concerning negotiations leading to any agreement between ARC and any other person or persons that includes any patent license including a patent owned in whole or part by one or more Acacia Entities or any agreement executed concurrently with any agreement between ARC and any other

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

person or persons that includes any patent license including a patent owned in whole or part by one or more Acacia Entities.

**Response**:  In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein   ARC objects to the phrase "any patent license" to the extent that it characterizes any agreements involving ARC as conferring a relevant patent license from ARC to any other entity; Defendant has no factual basis for such a characterization.  ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation.  ARC objects to this request to the extent that it seeks discovery of email.  ARC understands that the parties to the Action agreed to a procedure for handling email discovery.  It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third party ARC Further, this request does not comply with the requirements for an email discovery request. ARC further objects to this request to the extent that it seeks privileged information, documents, or communications; internal communications regarding patent licenses, should they exist, are protected from disclosure by attorney client privilege and/or the work product doctrine.  ARC further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is unlimited in time and scope.  Specifically, this request includes the same overbroad and vague structure seen in Requests 5, 6, and 7; ARC therefore incorporates the same objections here

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

### A.    HMD Global's Position

Similar to Request No. 4, HMD Global's Request No. 8 seeks documents concerning communications concerning negotiations concerning any agreement described in Request No. 5.  In its letter of November 12, ARC takes the same position as it did regarding Request Nos  5, 6, and 7, and declines to produce any documents   Chouraki Decl., Ex. P.

The legal standard governing discovery is set forth above in Request No. 1, § A.1.  ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

The agreements in Request No  5 are relevant for the reasons set forth there; the communications of Request No. 8 are relevant for the same reasons as the communications agreements of Request No. 4.

ARC has not shown that producing documents responsive to this request is unduly burdensome for the reasons set forth above in Request No  1, § A 3

As demonstrated, documents and communications that are responsive to this request concern nonprivileged matter that is relevant to HMD Global's standing claim, and this request is within the scope of discovery, not overly broad, unduly burdensome, disproportionate to the needs of the case, or designed to harass ARC   HMD Global sought to resolve these disputes through a series of letters and by meeting and conferring three times with ARC, as set forth above in HMD Global's Introductory Statement, § F, but could reach no agreements.  Accordingly, HMD Global respectfully submits that the Court should order ARC to produce all documents responsive to this request

### B.    ARC's Position

[ARC's Position]

## Request for Production No. 9

**Request**   All documents concerning any agreement between ARC and any other person or persons that includes any patent license including a patent that one or more Acacia Entities has authority to license.

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

**Response**   In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein.  ARC objects to the phrase "any patent license" to the extent that it characterizes any agreements involving ARC as conferring a relevant patent license from ARC to any other entity; Defendant has no factual basis for such a characterization   ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation.  ARC objects to this request to the extent that it seeks discovery of email   ARC understands that the parties to the Action agreed to a procedure for handling email discovery.  It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC. Further, this request does not comply with the requirements for an email discovery request. ARC further objects to this request to the extent that it seeks privileged information, documents, or communications; internal communications regarding patent licenses, should they exist, are protected from disclosure by attorney-client privilege and/or the work product doctrine.  ARC further objects to this request as vague, ambiguous, and unduly burdensome to the extent that it is unlimited in scope   Specifically, this request includes all patents owned by ARC and any of its subsidiaries, including patents that are unrelated to the single patent at issue in this litigation.

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent in suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

### A.    HMD Global's Position

HMD Global's Request No. 9 seeks documents concerning any agreement that, like ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ includes a license to a patent to which an ARC affiliate has rights.  In its letter of November 12, ARC states that "agreements

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

between ARC and third parties that do not concern the '923 patent have no bearing on whether ARC has the right to license the '923 patent," and refuses to provide any documents.  Chouraki Decl., Ex. P.

The legal standard governing discovery is set forth above in Request No. 1, § A.1. ARC's overall objection fails for the reasons set forth above in Request No 1, § A 2

HMD Global's standing motion rests on the argument that ARC can and does hold, as the ultimate corporate parent of CCE and other subsidiaries, the right to license patents held by its subsidiaries directly by ARC, rather than through the subsidiaries themselves. If HMD Global is correct, then ARC's subsidiaries (such as CCE) either lack standing to sue entirely, or lack standing to sue without ARC's participation as a plaintiff in the case. This request asks a simple question:  has ARC done it before?

If ARC has executed other agreements like ██████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████ and may also provide other bases to undercut CCE's standing in this case.  *See Trilegiant Corp.*, 272 F.R.D. at 364 65 (ordering plaintiff to produce documents concerning disputed contract provisions and "the drafting and use of such contract language" in order to aid in the interpretation of those provisions).  Conversely, if ARC has never executed an agreement similar to the ████████████████████████████████████ that is relevant as well and ARC should confirm that no such documents exist

ARC has not shown that producing documents responsive to this request is unduly burdensome for the reasons set forth above in Request No. 1, § A.3.

In a good faith effort to narrow this request, HMD Global clarified that this request does not concern all licenses between any ARC affiliate and any third party, or even all licences between ARC and third parties.  Rather, it concerns only licenses, like the license from ████ to ██ that CCE produced in the underlying litigation, between ARC and another party that include a license to a patent owned by an ARC affiliate.

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

As demonstrated, documents that are responsive to this request concern nonprivileged matter that is relevant to HMD Global's standing claim, and this request is within the scope of discovery, not overly broad, unduly burdensome, disproportionate to the needs of the case, or designed to harass ARC.  HMD Global sought to resolve these disputes through a series of letters and by meeting and conferring three times with ARC, as set forth above in HMD Global's Introductory Statement, § F, but could reach no agreements.  Accordingly, HMD Global respectfully submits that the Court should order ARC to produce all documents responsive to this request.

**B.     ARC's Position**

[ARC's Position]

**Request for Production No. 10**

**Request**:  All documents concerning any agreement executed concurrently with any agreement between ARC and any other person or persons that includes any patent license including a patent that one or more Acacia Entities has authority to license.

**Response**:  In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein   ARC objects to the phrase "any patent license" to the extent that it characterizes any agreements involving ARC as conferring a relevant patent license from ARC to any other entity; Defendant has no factual basis for such a characterization.  ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation.  ARC objects to this request to the extent that it seeks discovery of email.  ARC understands that the parties to the Action agreed to a procedure for handling email discovery. It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third party ARC Further, this request does not comply with the requirements for an email discovery request. ARC further objects to this request to the extent that it seeks privileged information, documents, or communications; internal communications regarding patent licenses, should

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

they exist, are protected from disclosure by attorney client privilege and/or the work product doctrine.  ARC objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is unlimited in time and scope. Specifically, this request includes the same overbroad and vague structure seen in Request 9; ARC therefore incorporates the same objections here   Further, this request includes additional agreements other than patent licensing agreements, as long as they were "executed concurrently."  This provides an even broader and more vague scope to the request and makes it even more likely that agreements responsive to the request would be irrelevant to the current patent infringement litigation

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

### A.    HMD Global's Position

Similar to Request Nos. 2 and 6, HMD Global's Request No. 10 seeks documents concerning any agreement executed concurrently with any agreement described in Request No. 9.  In its letter of November 12, ARC takes the same position as it did regarding Request No. 9, and declines to produce any documents.  Chouraki Decl., Ex. P.

The legal standard governing discovery is set forth above in Request No. 1, § A.1. ARC's overall objection fails for the reasons set forth above in Request No  1, § A 2

The agreements in Request No. 9 are relevant for the reasons set forth there; the concurrent agreements of Request No. 10 are relevant for the same reasons as the concurrent agreements of Request Nos. 2 and 6.

ARC has not shown that producing documents responsive to this request is unduly burdensome for the reasons set forth above in Request No. 1, § A.3.

As demonstrated, documents that are responsive to this request concern nonprivileged matter that is relevant to HMD Global's standing claim, and this request is

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

within the scope of discovery, not overly broad, unduly burdensome, disproportionate to the needs of the case, or designed to harass ARC.  HMD Global sought to resolve these disputes through a series of letters and by meeting and conferring three times with ARC, as set forth above in HMD Global's Introductory Statement, § F, but could reach no agreements   Accordingly, HMD Global respectfully submits that the Court should order ARC to produce all documents responsive to this request.

**B.     ARC's Position**

[ARC's Position]

**Request for Production No. 11**

**Request**:  All documents concerning communications concerning any agreement between ARC and any other person or persons that includes any patent license including a patent that one or more Acacia Entities has authority to license.

**Response**   In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein.  ARC objects to the phrase "any patent license" to the extent that it characterizes any agreements involving ARC as conferring a relevant patent license from ARC to any other entity; Defendant has no factual basis for such a characterization   ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation.  ARC objects to this request to the extent that it seeks discovery of email   ARC understands that the parties to the Action agreed to a procedure for handling email discovery.  It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC. Further, this request does not comply with the requirements for an email discovery request. ARC further objects to this request to the extent that it seeks privileged information, documents, or communications; internal communications regarding patent licenses, should they exist, are protected from disclosure by attorney-client privilege and/or the work product doctrine.  ARC objects to this request as vague, ambiguous, overbroad, and unduly

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

1    burdensome to the extent that it is unlimited in time and scope   Specifically, this request

2    includes the same overbroad and vague structure seen in Requests 9 and 10; ARC

3    therefore incorporates the same objections here.  Adding "communications" about the

4    already vague and overbroad universe of potential agreements covered by Requests 9 and

5    10 to the request further broadens the scope of the request to include communications and

6    correspondence that may be irrelevant to the current litigation.

7           Subject to and without waiving the foregoing General and Specific Objections, ARC

8    responds that to the extent the documents reasonably relate to the patent-in-suit and any

9    such documents exist, they have been provided to or are in the possession, custody, or

10   control of CCE and that, on information and belief, CCE is complying or has complied

11   with its discovery obligations in the Action.

12           **A.    HMD Global's Position**

13           Similar to Request Nos  3 and 7, HMD Global's Request No  11 seeks documents

14   concerning communications concerning any agreement described in Request No. 9.  In its

15   letter of November 12, ARC takes the same position as it did regarding Request Nos. 9 and

16   10, and declines to produce any documents.  Chouraki Decl., Ex. P.

17           The legal standard governing discovery is set forth above in Request No  1, § A 1

18   ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

19           The agreements in Request No. 9 are relevant for the reasons set forth there; the

20   communications of Request No. 11 are relevant for the same reasons as the

21   communications of Request Nos  3 and 7

22           ARC has not shown that producing documents responsive to this request is unduly

23   burdensome for the reasons set forth above in Request No. 1, § A.3.

24           As demonstrated, documents and communications that are responsive to this request

25   concern nonprivileged matter that is relevant to HMD Global's standing claim, and this

26   request is within the scope of discovery, not overly broad, unduly burdensome,

27   disproportionate to the needs of the case, or designed to harass ARC.  HMD Global sought

28   to resolve these disputes through a series of letters and by meeting and conferring three

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

1   times with ARC, as set forth above in HMD Global's Introductory Statement, § F, but

2   could reach no agreements.  Accordingly, HMD Global respectfully submits that the Court

3   should order ARC to produce all documents responsive to this request.

4   **B.      ARC's Position**

5          [ARC's Position]

6   **Request for Production No. 12**

7          **Request**:  All documents concerning communications concerning negotiations

8   leading to any agreement between ARC and any other person or persons that includes any

9   patent license including a patent that one or more Acacia Entities has authority to license

10  or any agreement executed concurrently with any agreement between ARC and any other

11  person or persons that includes any patent license including a patent that one or more

12  Acacia Entities has authority to license.

13         **Response**   In addition to the foregoing General Objections, ARC incorporates by

14  reference each of its specific objections and responses to each of the preceding requests as

15  if fully set forth herein.  ARC objects to the phrase "any patent license" to the extent that it

16  characterizes any agreements involving ARC as conferring a relevant patent license from

17  ARC to any other entity; Defendant has no factual basis for such a characterization   ARC

18  objects to this request to the extent that it seeks discovery of email.  ARC understands that

19  the parties to the Action agreed to a procedure for handling email discovery.  It is improper

20  and unduly burdensome to seek to circumvent these limits by seeking email discovery

21  from third party ARC   Further, this request does not comply with the requirements for an

22  email discovery request.  ARC further objects to this request to the extent that it seeks

23  privileged information, documents, or communications; internal communications

24  regarding patent licenses, should they exist, are protected from disclosure by

25  attorney client privilege and/or the work product doctrine   ARC objects to this request as

26  overbroad and unduly burdensome, and neither relevant nor proportional to the needs of

27  the case to the extent that the request seeks information not relevant to a claim or defense

28  asserted in this litigation.  ARC further objects to this request as vague, ambiguous,

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

overbroad, and unduly burdensome to the extent that it is unlimited in time and scope
Specifically, this request includes the same overbroad and vague structure seen in Requests
9, 10, and 11; ARC therefore incorporates the same objections here.

Subject to and without waiving the foregoing General and Specific Objections, ARC
responds that to the extent the documents reasonably relate to the patent in suit and any
such documents exist, they have been provided to or are in the possession, custody, or
control of CCE and that, on information and belief, CCE is complying or has complied
with its discovery obligations in the Action.

### A.    HMD Global's Position

Similar to Request Nos. 4 and 8, HMD Global's Request No. 12 seeks documents
concerning communications concerning negotiations concerning any agreement described
in Request No. 9.  In its letter of November 12, ARC takes the same position as it did
regarding Request Nos  9 and 10, and declines to produce any documents   Chouraki Decl ,
Ex. P.

The legal standard governing discovery is set forth above in Request No. 1, § A.1.
ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

The agreements in Request No  9 are relevant for the reasons set forth there; the
communications of Request No. 12 are relevant for the same reasons as the
communications of Request Nos. 4 and 8.

ARC has not shown that producing documents responsive to this request is unduly
burdensome for the reasons set forth above in Request No  1, § A 3

As demonstrated, documents and communications that are responsive to this request
concern nonprivileged matter that is relevant to HMD Global's standing claim, and this
request is within the scope of discovery, not overly broad, unduly burdensome,
disproportionate to the needs of the case, or designed to harass ARC   HMD Global sought
to resolve these disputes through a series of letters and by meeting and conferring three
times with ARC, as set forth above in HMD Global's Introductory Statement, § F, but

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

could reach no agreements   Accordingly, HMD Global respectfully submits that the Court should order ARC to produce all documents responsive to this request.

**B.     ARC's Position**

[ARC's Position]

**Request for Production No. 13**

**Request**:  All documents concerning all communications, including any proposals to license, negotiations, discussions, offers to license, presentations, or any other communications, regarding any potential agreement concerning the '923 patent, including any potential license including the '923 patent

**Response**:  In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein.  ARC objects to this request to the extent that it characterizes any communications or agreements involving ARC as proposing, offering, or conferring a relevant patent license from ARC to any other entity; Defendant has no factual basis for such a characterization.  ARC objects to this request to the extent that it seeks discovery of email. ARC understands that the parties to the Action agreed to a procedure for handling email discovery  It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC. Further, this request does not comply with the requirements for an email discovery request.  ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation.  ARC further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is unlimited in time.  Further, ARC objects to this request to the extent that it seeks information, documents, and communications protected from disclosure under attorney client privilege, attorney work product doctrine, and common interest privilege.  Specifically, this request includes information about prior lawsuits and licensing efforts that, in addition to being protected from disclosure by attorney-client privilege and/or attorney work product doctrine, may be

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

1   irrelevant and unrelated to this litigation   Additionally, this request asks about licenses and

2   potential licenses in general, which includes any licenses procured as a result of litigation,

3   as well as any licenses procured as a result of other business deals.

4        Subject to and without waiving the foregoing General and Specific Objections, ARC

5   responds that to the extent the documents reasonably relate to the patent in suit and any

6   such documents exist, they have been provided to or are in the possession, custody, or

7   control of CCE and that, on information and belief, CCE is complying or has complied

8   with its discovery obligations in the Action.

9        **A.   HMD Global's Position**

10       HMD Global's Request No. 13 seeks documents, including communications,

11  including any proposals to license, negotiations, discussions, offers to license,

12  presentations, or any other communications, regarding any potential agreement concerning

13  the '923 patent, including any potential license including the '923 patent   In its letter of

14  November 12, ARC states that it "will produce all responsive materials in its possession,

15  custody, or control relating to the ownership of the '923 patent.  Moreover, to the extent

16  ARC has valuations concerning the '923 patent, it will either produce such materials or

17  identify such materials on a privilege log "  ARC does not commit to searching for

18  documents regarding "any proposals to license, negotiations, discussions, offers to license,

19  presentations, or any other communications, regarding any potential agreement concerning

20  the '923 patent, including any potential license including the '923 patent," Chouraki Decl.,

21  Ex  E, and "will not conduct a search of emails in an attempt to locate responsive

22  information." *Id*. Ex. P.

23       The legal standard governing discovery is set forth above in Request No. 1, § A.1.

24  ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

25       This request seeks documents concerning communications concerning any actual or

26  potential agreements regarding the '923 patent.  If ARC sent a series of proposals to

27  license a portfolio including the '923 patent to ███ or any other party, those

28  communications would be highly relevant HMD Global's motion to dismiss.  Similarly,

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

1  communications with ███████████████████████████████████████████

2  ████████████████████████████████████████████████████████████████

3  ████████████████████████████████████████████████████████████████

4  ████████████████████████████████████████████████████████████

5  ████████████████████████████████████████████████████████████████

6  ████████████████████████████████████████████████████████████████████

7  ████████████████████████████████████████████████████████████████████

8  ████████████████████████████████████████████████████████████████████

9  ████████████████████████████████████████████████████████████

10  ██████████████████████████████████  *See 67 Wall St.*, 37 N.Y.2d at 248-49.

11  All of these communications are highly relevant to HMD Global's claims about the

12  meaning of ████████████████████████████████████████

13      ARC has not shown that producing documents responsive to this request is unduly

14  burdensome for the reasons set forth above in Request No. 1, § A.3.

15      As demonstrated, documents and communications that are responsive to this request

16  concern nonprivileged matter that is relevant to HMD Global's standing claim, and this

17  request is within the scope of discovery, not overly broad, unduly burdensome,

18  disproportionate to the needs of the case, or designed to harass ARC.  HMD Global sought

19  to resolve these disputes through a series of letters and by meeting and conferring three

20  times with ARC, as set forth above in HMD Global's Introductory Statement, § F, but

21  could reach no agreements   Accordingly, HMD Global respectfully submits that the Court

22  should order ARC to produce all documents responsive to this request.

23      **B.**    **ARC's Position**

24      [ARC's Position]

25  **Request for Production No. 14**

26      **Request**:  All documents concerning any right, title, or interest in the '923 patent.

27      **Response**:  In addition to the foregoing General Objections, ARC incorporates by

28  reference each of its specific objections and responses to each of the preceding requests as

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

if fully set forth herein   ARC objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is not limited in time.  ARC objects to this request as unduly burdensome to the extent that it seeks information that ARC cannot provide.  ARC has never possessed any right, title, or interest in the '923 patent; this request should instead be directed at parties that do have interest in the '923 patent

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

A.    HMD Global's Position

HMD Global's Request No. 14 seeks documents concerning any right, title, or interest in the '923 patent   In its letter of November 12, ARC stated that it would "produce all responsive materials in its possession, custody, or control relating to the ownership of the '923 patent," but does not commit to produce all documents regarding "any right, title, or interest in the '923 patent," Chouraki Decl., Ex. Chouraki Decl., Ex. E, thus enabling it to withhold documents concerning the key issue in HMD Global's standing claim   ARC's right to license the '923 patent.  ARC also refused to "conduct a search of emails in an attempt to locate responsive information." *Id.* Ex. P.

The legal standard governing discovery is set forth above in Request No. 1, § A.1.  ARC's overall objection fails for the reasons set forth above in Request No  1, § A 2

Documents responsive to this request bear directly on HMD Global's Motion to Dismiss.  In opposing HMD Global's motion to dismiss, CCE claimed "that all rights to the '923 patent belong to CCE."  Chouraki Decl., Ex. B.  HMD Global is entitled to test this assertion through discovery   It is also entitled to test its assertion that ARC exercised ownership rights to the '923 patent by licensing it through ████████████████ ████████████████████████████████    If ARC has documents relating to their

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

1  ownership of the '923 patent, they bear directly on the core arguments of HMD Global's

2  motion to dismiss and ARC must produce them.

3  ARC has not shown that producing documents responsive to this request is unduly

4  burdensome for the reasons set forth above in Request No. 1, § A.3.

5  As demonstrated, documents that are responsive to this request concern

6  nonprivileged matter that is relevant to HMD Global's standing claim, and this request is

7  within the scope of discovery, not overly broad, unduly burdensome, disproportionate to

8  the needs of the case, or designed to harass ARC.  HMD Global sought to resolve these

9  disputes through a series of letters and by meeting and conferring three times with ARC, as

10  set forth above in HMD Global's Introductory Statement, § F, but could reach no

11  agreements.  Accordingly, HMD Global respectfully submits that the Court should order

12  ARC to produce all documents responsive to this request.

13  **B.**   **ARC's Position**

14  [ARC's Position]

15  **Request for Production No. 15**

16  **Request**:  All documents concerning any valuations or attempts to value the '923

17  patent or any portfolio containing the '923 patent

18  **Response**:  In addition to the foregoing General Objections, ARC incorporates by

19  reference each of its specific objections and responses to each of the preceding requests as

20  if fully set forth herein.  ARC objects to this request to the extent that it seeks discovery of

21  email  ARC understands that the parties to the Action agreed to a procedure for handling

22  email discovery.  It is improper and unduly burdensome to seek to circumvent these limits

23  by seeking email discovery from third-party ARC.  Further, this request does not comply

24  with the requirements for an email discovery request.  ARC further objects to this request

25  to the extent that it seeks privileged information, documents, or communications; internal

26  communications regarding patent valuations, should they exist, are protected from

27  disclosure by attorney-client privilege and/or the work product doctrine.  ARC objects to

28  this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

not limited in time   ARC further objects to this request to the extent that it seeks information not in ARC's possession, custody, or control.  For example, ARC does not own the '923 patent and there are third parties who owned the rights to the '923 patent prior to CCE; as written, the request includes information that is more likely to be in those parties' possession

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

**A.** **HMD Global's Position**

HMD Global's Request No. 15 seeks documents concerning any valuations or attempts to value the '923 patent or any portfolio containing the '923 patent   In its letter of November 12, ARC states that, "to the extent ARC has valuations concerning the '923 patent, it will either produce such materials or identify such materials on a privilege log," but will not "conduct a search of emails in an attempt to locate responsive information." Chouraki Decl , Ex  P   The question before the Court is thus whether ARC has shown that an email search would be overly burdensome.  It has not.

The legal standard governing discovery is set forth above in Request No. 1, § A.1. ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

ARC has not shown that producing documents responsive to this request is unduly burdensome for the reasons set forth above in Request No. 1, § A.3.  ARC's objection is particularly inappropriate here, where it admits the subject matter is relevant, but appears to agree to a scope of production calculated to yield few, if any, documents.  Modern business occurs largely over email, and the exception to ARC's purported willingness to produce documents almost certainly swallows the rule.  The Court should not allow ARC to provide a hollowed-out production without a full search of all documents.

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

1    As demonstrated, documents that are responsive to this request concern

2  nonprivileged matter that is relevant to HMD Global's standing claim, and this request is

3  within the scope of discovery, not overly broad, unduly burdensome, disproportionate to

4  the needs of the case, or designed to harass ARC.  HMD Global sought to resolve these

5  disputes through a series of letters and by meeting and conferring three times with ARC, as

6  set forth above in HMD Global's Introductory Statement, § F, but could reach no

7  agreements.  Accordingly, HMD Global respectfully submits that the Court should order

8  ARC to produce all documents responsive to this request.

9         **B.    ARC's Position**

10   [ARC's Position]

11  **Request for Production No. 16**

12        **Request**:  All documents concerning the relationship between ARC and CCE.

13        **Response**   In addition to the foregoing General Objections, ARC incorporates by

14  reference each of its specific objections and responses to each of the preceding requests as

15  if fully set forth herein.  ARC objects to this request to the extent that it seeks discovery of

16  email.  ARC understands that the parties to the Action agreed to a procedure for handling

17  email discovery  It is improper and unduly burdensome to seek to circumvent these limits

18  by seeking email discovery from third-party ARC.  Further, this request does not comply

19  with the requirements for an email discovery request.  ARC objects to this request as

20  overbroad and unduly burdensome, and neither relevant nor proportional to the needs of

21  the case to the extent that the request seeks information not relevant to a claim or defense

22  asserted in this litigation.  ARC further objects to this request as vague, ambiguous,

23  overbroad, and unduly burdensome to the extent that it is unlimited in time and scope.

24  Specifically, this request provides no limitation or context for the information it seeks

25  regarding the "relationship" between ARC and CCE   As written, the request asks for an

26  overly broad spectrum of any facts that could potentially relate to the relationship

27  discussed.  ARC further objects to this request as unduly burdensome to the extent that it

28

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

seeks information that could more easily be obtained from CCE, who is a party to this Action.

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

### A.    HMD Global's Position

HMD Global's Request No  16 seeks documents concerning the relationship between ARC and CCE.  In its letter of November 12, ARC stated that, if HMD Global "agrees to exclude emails from its request, ARC is willing to search for non-public, responsive documents related to these requests."  Chouraki Decl., Ex. P.  ARC thus admits the relevance of these documents, but refuses to search for them unless HMD Global agrees to exclude emails from its search.

The legal standard governing discovery is set forth above in Request No. 1, § A.1.  ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

These documents address CCE's main argument in opposition to HMD's motion to dismiss.  In their opposition CCE claimed that ███████████████████████████ ████████████████████████████████████ ███████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████ Sur-reply at 4 (citing *Polaris*, 2019 WL 1399927, at *3; Opp. at 6.  CCE hinges their argument that they own the '923 patent on this interpretation of ████████████  HMD Global is entitled to test these statements by understanding the full scope of the relationship between ARC and CCE.

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

ARC has not shown that producing documents responsive to this request is unduly burdensome for the reasons set forth above in Request No. 1, § A.3.

As demonstrated, documents that are responsive to this request concern nonprivileged matter that is relevant to HMD Global's standing claim, and this request is within the scope of discovery, not overly broad, unduly burdensome, disproportionate to the needs of the case, or designed to harass ARC.  HMD Global sought to resolve these disputes through a series of letters and by meeting and conferring three times with ARC, as set forth above in HMD Global's Introductory Statement, § F, but could reach no agreements   Accordingly, HMD Global respectfully submits that the Court should order ARC to produce all documents responsive to this request.

**B.     ARC's Position**

[ARC's Position]

**Request for Production No. 17**

**Request**:  All communications concerning the relationship between ARC and CCE.

**Response**:  In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein   ARC objects to this request to the extent that it seeks discovery of email.  ARC understands that the parties to the Action agreed to a procedure for handling email discovery.  It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC.  Further, this request does not comply with the requirements for an email discovery request   ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation.  ARC further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is unlimited in time and scope   For example, ARC objects to the term "communications" as not being limited in time or scope. Specifically, this request provides no limitation or context for the information it seeks regarding the "relationship" between CCE and ARC.  As written, the request asks for an

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

overly broad spectrum of any facts that could potentially relate to the relationship discussed.  ARC further objects to this request as unduly burdensome to the extent that it seeks information that could more easily be obtained from CCE, who is a party to this Action.

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action

**A.    HMD Global's Position**

HMD Global's Request No. 16 seeks communications concerning the relationship between ARC and CCE.  In its letter of November 12, ARC stated that, if HMD Global "agrees to exclude emails from its request, ARC is willing to search for non public, responsive documents related to these requests."  Chouraki Decl., Ex. P.  ARC thus admits the relevance of these documents, but refuses to search for them unless HMD Global agrees to exclude emails from its search.

The legal standard governing discovery is set forth above in Request No 1, § A 1 ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

These documents are relevant for the same reasons as those responsive to Request No. 16.

ARC has not shown that producing documents responsive to this request is unduly burdensome for the reasons set forth above in Request No. 1, § A.3.

As demonstrated, documents and communications that are responsive to this request concern nonprivileged matter that is relevant to HMD Global's standing claim, and this request is within the scope of discovery, not overly broad, unduly burdensome, disproportionate to the needs of the case, or designed to harass ARC.  HMD Global sought to resolve these disputes through a series of letters and by meeting and conferring three times with ARC, as set forth above in HMD Global's Introductory Statement, § F, but

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

could reach no agreements   Accordingly, HMD Global respectfully submits that the Court should order ARC to produce all documents responsive to this request.

**B.     ARC's Position**

[ARC's Position]

**Request for Production No. 18**

**Request**:  All documents concerning the "Assignment and Assumption Agreement" filed with the United States Patent and Trademark Office at Patent Reel 033405, Frame 0104 to 0106.

**Response**   In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein.  ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation   ARC further objects to the term "concerning" as vague and ambiguous to the extent that it is unlimited in scope.  Specifically, this request provides no context or information regarding what information Defendant seeks regarding the referenced agreement. ARC further objects to this request as unduly burdensome, as it seeks information about a document not filed by ARC.  This request is presumably more properly directed to CCE, who is a party to this Action and has an ownership interest in the '923 patent.

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent in suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

**A.     HMD Global's Position**

HMD Global's Request No. 18 seeks documents concerning the "Assignment and Assumption Agreement" filed with the United States Patent and Trademark Office at Patent Reel 033405, Frame 0104 to 0106, an agreement between Acacia Research Group

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

LLC ("ARG"), an ARC affiliate entity, and Nokia Siemens Networks Oy regarding the '923 patent.  In its letter of November 12, ARC states that "this request refers to an assignment made by ARG, not ARC, and ARC does not believe that it has documents responsive to this request.  Nevertheless, if HMD agrees to exclude emails from its request, ARC is willing to search for non public, responsive documents responsive to these requests."  Chouraki Decl., Ex. P.

The legal standard governing discovery is set forth above in Request No. 1, § A.1.  ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

Documents responsive to this request concern the chain of title of the '923 patent  In opposing HMD Global's motion to dismiss, CCE claimed "that all rights to the '923 patent belong to CCE."  Chouraki Decl., Ex. B.  HMD Global is entitled to test this assertion through discovery.  Request No. 18 concerns the agreement CCE contends ████████████████████████████████████████████████████ Opp at 2.  Suppose, for example, that contemporaneous documents exist that explain the purpose of this assignment and how the assignment affects any rights ARC or ARG may have concerning CCE or the '923 patent.  Such responsive documents would be highly relevant to the ownership of  the '923 patent and the authority to license it

ARC has not shown that producing documents responsive to this request is unduly burdensome for the reasons set forth above in Request No. 1, § A.3.

As demonstrated, documents that are responsive to this request concern nonprivileged matter that is relevant to HMD Global's standing claim, and this request is within the scope of discovery, not overly broad, unduly burdensome, disproportionate to the needs of the case, or designed to harass ARC.  HMD Global sought to resolve these disputes through a series of letters and by meeting and conferring three times with ARC, as set forth above in HMD Global's Introductory Statement, § F, but could reach no agreements.  Accordingly, HMD Global respectfully submits that the Court should order ARC to produce all documents responsive to this request.

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

**B.     ARC's Position**

[ARC's Position]

**Request for Production No. 19**

**Request**:  All documents concerning the "Patent Security Agreement" filed with the United States Patent and Trademark Office at Patent Reel 052853, Frame 0153 to 0404

**Response**:  In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein.  ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation.  ARC further objects to this request as vague and ambiguous to the extent that it is unlimited in scope.  Specifically, this request relates to an agreement that involves numerous patents and parties that are not at issue and have no relevance to this litigation   The request provides no context or information regarding what information Defendant seeks relating to this agreement.  Further, ARC objects to this request to the extent that it asks for things not in ARC's possession, custody, or control.  ARC further objects to this request as unduly burdensome, as it seeks information about a document not filed by ARC   This request is presumably more properly directed to CCE, who is a party to this Action and has an ownership interest in the '923 patent.

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent in suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

**A.     HMD Global's Position**

HMD Global's Request No. 19 seeks documents concerning the "Patent Security Agreement" filed with the United States Patent and Trademark Office at Patent Reel 052853, Frame 0153 to 0404, an agreement between ARG, an ARC affiliate entity, and

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

Starboard Value Intermediate Fund LP ("Starboard") regarding the '923 patent   In its letter of November 12, ARC states that "this request refers to an assignment made by ARG, not ARC, and ARC does not believe that it has documents responsive to this request.  Nevertheless, if HMD agrees to exclude emails from its request, ARC is willing to search for non public, responsive documents responsive to these requests"  Chouraki Decl., Ex. P.

The legal standard governing discovery is set forth above in Request No. 1, § A.1. ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

This request specifically concerns the security interest ARC provided to Starboard The "Patent Security Agreement" filed with the United States Patent and Trademark Office at Patent Reel 052853, Frame 0153 to 0404, granted Starboard a security interest in the '923 patent, and referenced a Security Agreement, which CCE has not produced.  The "Release of Security Interest in Patents" filed with the United States Patent and Trademark Office at Patent Reel 053654, Frame 0254 to 0489, shows that on June 30, 2020, Starboard rescinded its security interest in the '923 patent.  These agreements and documents related to them may independently undermine CCE's standing in this case and raise numerous issues which are highly relevant to HMD Global's standing claims   *See Uniloc USA, Inc v. Apple Inc.*, 784 Fed. App'x at 765, 767-68 (order of United States Court of Appeals for the Federal Circuit remanding to the district court to "supplement the record, determine whether Uniloc has standing in the first instance, and, if appropriate, cure any jurisdictional defects" after Apple learned on appeal of patent licenses and assignments which threatened Uniloc's standing to sue).  These agreements raise at least the following issues:  what are the terms of the Security Agreement, including when does an Event of Default occur and what is the Collateral; whether Starboard at any point in time after execution of the Patent Security Agreement had any right in the asserted patent; whether CCE lost or shared in any right to the asserted patent with Starboard; whether CCE defaulted under the Security Agreement after execution of the Patent Security Agreement;

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

and why Starboard released the security interest   This request seeks to probe these issues, which go directly to HMD's argument that CCE does not have standing to sue in this case.

ARC has not shown that producing documents responsive to this request is unduly burdensome for the reasons set forth above in Request No. 1, § A.3.

As demonstrated, documents that are responsive to this request concern nonprivileged matter that is relevant to HMD Global's standing claim, and this request is within the scope of discovery, not overly broad, unduly burdensome, disproportionate to the needs of the case, or designed to harass ARC.  HMD Global sought to resolve these disputes through a series of letters and by meeting and conferring three times with ARC, as set forth above in HMD Global's Introductory Statement, § F, but could reach no agreements.  Accordingly, HMD Global respectfully submits that the Court should order ARC to produce all documents responsive to this request.

**B.    ARC's Position**

[ARC's Position]

**Request for Production No. 20**

**Request**:  All documents concerning the "Release of Security Interest in Patents" filed with the United States Patent and Trademark Office at Patent Reel 053654, Frame 0254 to 0489.

**Response**:  In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein   ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation.  ARC further objects to this request as vague and ambiguous to the extent that it is unlimited in scope   Specifically, this request relates to an agreement that involves numerous patents and parties that are not at issue and have no relevance to this litigation.  The request provides no context or information regarding what information Defendant seeks relating to this agreement.  Additionally, ARC objects to this request to the extent that it asks for

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

things not in ARC's possession, custody, or control   ARC further objects to this request as unduly burdensome, as it seeks information about a document not filed by ARC.  This request is presumably more properly directed to CCE, who is a party to this Action and has an ownership interest in the '923 patent.

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action

**A.    HMD Global's Position**

HMD Global's Request No. 20 seeks documents concerning the "Release of Security Interest in Patents" filed with the United States Patent and Trademark Office at Patent Reel 053654, Frame 0254 to 0489, an agreement between ARG, an ARC affiliate entity, and Starboard regarding the '923 patent.  In its letter of November 12, ARC states that "this request refers to an assignment made by ARG, not ARC, and ARC does not believe that it has documents responsive to this request.  Nevertheless, if HMD agrees to exclude emails from its request, ARC is willing to search for non public, responsive documents responsive to these requests."  Chouraki Decl., Ex. P.

The legal standard governing discovery is set forth above in Request No. 1, § A.1. ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

This request specifically concerns the security interest ARC provided to Starboard The "Patent Security Agreement" filed with the United States Patent and Trademark Office at Patent Reel 052853, Frame 0153 to 0404, granted Starboard a security interest in the '923 patent, and referenced a Security Agreement, which CCE has not produced.  The "Release of Security Interest in Patents" filed with the United States Patent and Trademark Office at Patent Reel 053654, Frame 0254 to 0489, shows that on June 30, 2020, Starboard rescinded its security interest in the '923 patent.  These agreements and documents related to them may independently undermine CCE's standing in this case and raise numerous

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

issues which are highly relevant to HMD Global's standing claims  *See Uniloc USA, Inc v. Apple Inc.*, 784 Fed. App'x at 765, 767-68 (order of United States Court of Appeals for the Federal Circuit remanding to the district court to "supplement the record, determine whether Uniloc has standing in the first instance, and, if appropriate, cure any jurisdictional defects" after Apple learned on appeal of patent licenses and assignments which threatened Uniloc's standing to sue).  These agreements raise at least the following issues:  what are the terms of the Security Agreement, including when does an Event of Default occur and what is the Collateral; whether Starboard at any point in time after execution of the Patent Security Agreement had any right in the asserted patent; whether CCE lost or shared in any right to the asserted patent with Starboard; whether CCE defaulted under the Security Agreement after execution of the Patent Security Agreement; and why Starboard released the security interest.  This request seeks to probe these issues, which go directly to HMD's argument that CCE does not have standing to sue in this case

ARC has not shown that producing documents responsive to this request is unduly burdensome for the reasons set forth above in Request No. 1, § A.3.

As demonstrated, documents that are responsive to this request concern nonprivileged matter that is relevant to HMD Global's standing claim, and this request is within the scope of discovery, not overly broad, unduly burdensome, disproportionate to the needs of the case, or designed to harass ARC.  HMD Global sought to resolve these disputes through a series of letters and by meeting and conferring three times with ARC, as set forth above in HMD Global's Introductory Statement, § F, but could reach no agreements.  Accordingly, HMD Global respectfully submits that the Court should order ARC to produce all documents responsive to this request.

**B.    ARC's Position**

[ARC's Position]

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

**Request for Production No. 21**

**Request**:  All documents concerning communications concerning the "Assignment and Assumption Agreement," "Patent Security Agreement," or "Release of Security Interest in Patents" described in the three preceding paragraphs.

**Response**   In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein.  ARC objects to this request to the extent that it seeks discovery of email.  ARC understands that the parties to the Action agreed to a procedure for handling email discovery   It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC.  Further, this request does not comply with the requirements for an email discovery request. ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation.  ARC further objects to this request as vague and ambiguous to the extent that it is unlimited in scope.  Specifically, this request involves the same agreements mentioned in Requests 18-20; ARC therefore incorporates the same objections here   Additionally, ARC objects to the term "communications" as not being limited in time or scope.

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

**A.    HMD Global's Position**

HMD Global's Request No  21 seeks documents concerning communications concerning the "Assignment and Assumption Agreement," "Patent Security Agreement," or "Release of Security Interest in Patents" described in Requests Nos. 18-20.    In its letter of November 12, ARC states that "this request refers to an assignment made by ARG, not

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

ARC, and ARC does not believe that it has documents responsive to this request
Nevertheless, if HMD agrees to exclude emails from its request, ARC is willing to search
for non-public, responsive documents responsive to these requests." Chouraki Decl., Ex.
P.

The legal standard governing discovery is set forth above in Request No  1, § A 1
ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

The subject matter of the "Assignment and Assumption Agreement," "Patent
Security Agreement," or "Release of Security Interest in Patents" described in Requests
Nos  18 20 is relevant for the reasons set forth there   Communications regarding such
agreements are also highly relevant.  The negotiation history of a contract is key to
understanding its meaning.  *67 Wall St. Co. v. Franklin Nat'l Bank*, 37 N.Y.2d 245, 248-49
(1975) (recognizing that the court can look to the "surrounding facts and circumstances to
determine the intent of the parties," including "evidence of conversations, negotiations and
agreements made prior to or contemporaneous with the execution" in order to explain
ambiguities in a written agreement).  Second, communications between ARC and
Starboard after execution of any agreements are also highly relevant, as course of
performance also sheds light on the meaning of a contract  *See Fed  Ins  Co* , 258 A D 2d
at 44 ("the parties' course of performance under the contract is considered to be the most
persuasive evidence of the agreed intention of the parties") (internal quotation marks and
citation omitted); *Credit Suisse Sec. (USA) LLC*, 2013 WL 5312511, at *11 ("The parties'
objective manifestations of their intent    namely, their words to each other and their
deeds—are significantly more probative than uncommunicated subjective intent.")
(internal quotation marks and citation omitted).  Third, communications within ARC can
shed light on how ARC interpreted any agreements. *See Dataflow, Inc. v. Peerless Ins.
Co* , Case No  11 1127, 2014 WL 148685, at *4 (S D N Y  Jan  13, 2014) (finding that
defendant's internal communications showing its interpretation of a written agreement are
relevant to its interpretation of the agreement).  All of these communications provide
additional context for the interpretation of the agreement between ARC and Starboard.

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

1  Thus, they are highly relevant to HMD Global's argument that CCE does not have

2  ownership of the '923 patent. *See 67 Wall St.*, 37 N.Y.2d at 248-49 (recognizing that

3  "evidence of conversations, negotiations and agreements made prior to or

4  contemporaneous with the execution" may be used to explain ambiguities in a written

5  agreement)

6         The legal standard governing discovery is set forth above in Request No. 1, § A.1.

7  ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

8         ARC has not shown that producing documents responsive to this request is unduly

9  burdensome for the reasons set forth above in Request No  1, § A 3

10        As demonstrated, documents and communications that are responsive to this request

11  concern nonprivileged matter that is relevant to HMD Global's standing claim, and this

12  request is within the scope of discovery, not overly broad, unduly burdensome,

13  disproportionate to the needs of the case, or designed to harass ARC   HMD Global sought

14  to resolve these disputes through a series of letters and by meeting and conferring three

15  times with ARC, as set forth above in HMD Global's Introductory Statement, § F, but

16  could reach no agreements.  Accordingly, HMD Global respectfully submits that the Court

17  should order ARC to produce all documents responsive to this request

18        **B.     ARC's Position**

19        [ARC's Position]

20  **Request for Production No. 22**

21        **Request**   All documents concerning any relationship between ARC and Starboard

22        **Response**:  In addition to the foregoing General Objections, ARC incorporates by

23  reference each of its specific objections and responses to each of the preceding requests as

24  if fully set forth herein.  ARC objects to this request to the extent that it seeks discovery of

25  email  ARC understands that the parties to the Action agreed to a procedure for handling

26  email discovery.  It is improper and unduly burdensome to seek to circumvent these limits

27  by seeking email discovery from third-party ARC.  Further, this request does not comply

28  with the requirements for an email discovery request.  ARC objects to this request as

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation.  Specifically, this request seeks information about a relationship (to the extent one may exist) that has no bearing on any claim or defense in this litigation. ARC has no interest in the '923 patent and is not a party to the agreements discussed in Requests 19 and 20, which involve Starboard.  ARC further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is unlimited in time and subject matter.  Specifically, this request provides no limitation or context for the information it seeks regarding the "relationship" between ARC and Starboard   As written, the request asks for an overly broad spectrum of any facts that could potentially relate to the relationship discussed.  Additionally, ARC objects to this request to the extent that it asks for things not in ARC's possession, custody, or control.

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action

### A.    HMD Global's Position

HMD Global's Request No. 22 seeks documents concerning any relationship between ARC and Starboard, an entity which ARC separately entered an agreement with regarding the '923 patent   In its letter of November 12, ARC states that "this request refers an assignment made by ARG, not ARC, and ARC does not believe that it has documents responsive to this request.  Nevertheless, if HMD agrees to exclude emails from its request, ARC is willing to search for non-public, responsive documents responsive to these requests "  Chouraki Decl , Ex  P

The legal standard governing discovery is set forth above in Request No. 1, § A.1. ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

Documents that are responsive to this request, which include documents that concern any security interest Starboard may have in the '923 patent and may independently undermine CCE's standing in this case, are relevant to HMD Global's standing claims raised in its motion to dismiss, which relate to the rights that ARC exercises on behalf of its subsidiaries, including but not limited to CCE

ARC has not shown that producing documents responsive to this request is unduly burdensome for the reasons set forth above in Request No. 1, § A.3.

As demonstrated, documents that are responsive to this request concern nonprivileged matter that is relevant to HMD Global's standing claim, and this request is within the scope of discovery, not overly broad, unduly burdensome, disproportionate to the needs of the case, or designed to harass ARC.  HMD Global sought to resolve these disputes through a series of letters and by meeting and conferring three times with ARC, as set forth above in HMD Global's Introductory Statement, § F, but could reach no agreements.  Accordingly, HMD Global respectfully submits that the Court should order ARC to produce all documents responsive to this request.

## B.    ARC's Position

[ARC's Position]

**Request for Production No. 23**

**Request**:  All communications concerning any relationship between ARC and Starboard.

**Response**   In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein.  ARC objects to this request to the extent that it seeks discovery of email.  ARC understands that the parties to the Action agreed to a procedure for handling email discovery   It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC.  Further, this request does not comply with the requirements for an email discovery request.  ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation.  Specifically, this request contains the same language used in Request 22 regarding the "relationship" between ARC and Starboard; ARC therefore incorporates the same objections here.  ARC further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is unlimited in time and scope.  For example, ARC objects to the term "communications" as not being limited in time or scope.

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent in suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

### A.     HMD Global's Position

HMD Global's Request No. 23 seeks communications concerning any relationship between ARC and Starboard, an entity which ARC separately entered into an agreement with regarding the '923 patent.  In its letter of November 12, ARC states that "this request refers to an assignment made by ARG, not ARC, and ARC does not believe that it has documents responsive to this request.  Nevertheless, if HMD agrees to exclude emails from its request, ARC is willing to search for non-public, responsive documents responsive to these requests."  Chouraki Decl., Ex. P.

The legal standard governing discovery is set forth above in Request No  1, § A 1 ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

Documents that are responsive to this request, which include documents that concern any security interest Starboard may have in the '923 patent and may independently undermine CCE's standing in this case, are relevant to HMD Global's standing claims raised in its motion to dismiss, which relate to the rights that ARC exercises on behalf of its subsidiaries, including but not limited to CCE.

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

Communications regarding the relationship between ARC and Starboard are highly relevant to the issues raised by HMD Global's motion to dismiss.  Understanding the nature of the relationship between ARC and Starboard will shed light on the meaning of their agreements.  *67 Wall St. Co.*, at 248-49 (recognizing that the court can look to the "surrounding facts and circumstances to determine the intent of the parties," including "evidence of conversations, negotiations and agreements made prior to or contemporaneous with the execution" in order to explain ambiguities in a written agreement).  Second, communications between ARC and Starboard after execution of any agreements are also highly relevant, as course of performance also sheds light on the meaning of a contract.  *See Fed. Ins. Co.*, 258 A.D.2d at 44 ("the parties' course of performance under the contract is considered to be the most persuasive evidence of the agreed intention of the parties") (internal quotation marks and citation omitted); *Credit Suisse Sec (USA) LLC*, 2013 WL 5312511, at *11("The parties' objective manifestations of their intent—namely, their words to each other and their deeds—are significantly more probative than uncommunicated subjective intent.") (internal quotation marks and citation omitted).  Third, communications within ARC can shed light on how ARC interpreted any agreements  *See Dataflow, Inc*, 2014 WL 148685, at *4 (finding that defendant's internal communications showing its interpretation of a written agreement are relevant to its interpretation of the agreement).  All of these communications provide additional context for the interpretation of the agreement between ARC and Starboard.  Thus, they are highly relevant to HMD Global's claims about the meaning of that agreement  *See 67 Wall St*, 37 N.Y.2d at 248-49 (recognizing that "evidence of conversations, negotiations and agreements made prior to or contemporaneous with the execution" may be used to explain ambiguities in a written agreement).

ARC has not shown that producing documents responsive to this request is unduly burdensome for the reasons set forth above in Request No. 1, § A.3.

As demonstrated, documents and communications that are responsive to this request concern nonprivileged matter that is relevant to HMD Global's standing claim, and this

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

request is within the scope of discovery, not overly broad, unduly burdensome, disproportionate to the needs of the case, or designed to harass ARC.  HMD Global sought to resolve these disputes through a series of letters and by meeting and conferring three times with ARC, as set forth above in HMD Global's Introductory Statement, § F, but could reach no agreements   Accordingly, HMD Global respectfully submits that the Court should order ARC to produce all documents responsive to this request.

**B.      ARC's Position**

[ARC's Position]

**Request for Production No. 24**

**Request**:  All documents concerning this litigation or other CCE litigation.

**Response**:  In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein   ARC objects to this request to the extent that it seeks discovery of email.  ARC understands that the parties to the Action agreed to a procedure for handling email discovery.  It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC.  Further, this request does not comply with the requirements for an email discovery request   ARC objects to this request as overbroad and unduly burdensome, and not proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation.  ARC further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is unlimited in scope and time   Specifically, this request asks for communications "concerning" this and other litigations; the phrase "concerning" is vague and not limited in scope and therefore includes irrelevant information.  Further, ARC objects to this request to the extent that it seeks information, documents, and communications protected from disclosure under attorney client privilege, attorney work product doctrine, and common interest privilege.  ARC further objects to this request as unduly burdensome; any information that ARC has that is not privileged or attorney work product is in the possession, custody, or control of CCE, who is a party to this Action.

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

1   Subject to and without waiving the foregoing General and Specific Objections, ARC

2   responds that to the extent the documents reasonably relate to the patent-in-suit and any

3   such documents exist, they have been provided to or are in the possession, custody, or

4   control of CCE and that, on information and belief, CCE is complying or has complied

5   with its discovery obligations in the Action

6       **A.      HMD Global's Position**

7       HMD Global's Request No. 24 seeks documents concerning this litigation or other

8   CCE litigation.  In its letter of November 12, ARC states that "If HMD agrees to exclude

9   emails from its request, ARC is willing to search for non public, responsive documents

10  related to these requests.  However, ARC notes that, to the extent that there are

11  discoverable materials related to the '923 patent (other than email), it is ARC's

12  understanding that these documents would have already been produced by CCE in the

13  underlying litigation "  Chouraki Decl , Ex  P  ARC thus offers to search only for

14  documents that it contends its subsidiary has already produced.

15      The legal standard governing discovery is set forth above in Request No. 1, § A.1.

16  ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

17      Documents that are responsive to this request, which include documents concerning

18  this litigation and other litigation concerning the '923 patent, are relevant to HMD

19  Global's standing claims raised in its motion to dismiss.  Responsive documents, which

20  might include documents discussing issues related to the ownership of or ability to license

21  the '923 patent in view of this litigation or potential litigation could, among other things,

22  illustrate ARC and CCE's understanding of the standing issue central to HMD Global's

23  motion to dismiss.  Additionally, responsive documents concerning ARC's control over

24  CCE and the '923 patent may also show the relationship between ARC and CCE and the

25  '923 patent and thus would also be highly relevant to the claims raised in HMD Global's

26  motion to dismiss.

27      ARC has not shown that producing documents responsive to this request is unduly

28  burdensome for the reasons set forth above in Request No. 1, § A.3.

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

As demonstrated, documents that are responsive to this request concern nonprivileged matter that is relevant to HMD Global's standing claim, and this request is within the scope of discovery, not overly broad, unduly burdensome, disproportionate to the needs of the case, or designed to harass ARC.  HMD Global sought to resolve these disputes through a series of letters and by meeting and conferring three times with ARC, as set forth above in HMD Global's Introductory Statement, § F, but could reach no agreements.  Accordingly, HMD Global respectfully submits that the Court should order ARC to produce all documents responsive to this request.

### B.    ARC's Position

[ARC's Position]

**Request for Production No. 25**

**Request**:  All documents concerning communications between ARC and CCE concerning this litigation or other CCE litigation

**Response**:  In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein.  ARC objects to this request to the extent that it seeks discovery of email   ARC understands that the parties to the Action agreed to a procedure for handling email discovery.  It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC.  Further, this request does not comply with the requirements for an email discovery request.  ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation.  ARC further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is unlimited in scope and time.  ARC further objects to this request to the extent that it seeks information, documents, and communications protected from disclosure under attorney-client privilege, attorney work product doctrine, and common interest privilege.  Specifically, this request asks for communications regarding the same information discussed in Request 24; ARC therefore

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

incorporates the same objections here   Additionally, ARC objects to the term "communications" as not being limited in time or scope. ARC further objects to this request as unduly burdensome; any information that ARC has that is not privileged or attorney work product is in the possession, custody, or control of CCE, who is a party to this Action

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

A.    **HMD Global's Position**

HMD Global's Request No. 25 seeks communications between ARC and CCE concerning this litigation or other CCE litigation   HMD Global's Request No  24 seeks documents concerning this litigation or other CCE litigation.  In its letter of November 12, ARC states that "If HMD agrees to exclude emails from its request, ARC is willing to search for non-public, responsive documents related to these requests.  However, ARC notes that, to the extent that there are discoverable materials related to the '923 patent (other than email), it is ARC's understanding that these documents would have already been produced by CCE in the underlying litigation."  Chouraki Decl., Ex. P.  ARC thus offers to search only for documents that it contends its subsidiary has already produced.

The legal standard governing discovery is set forth above in Request No  1, § A 1 ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

Documents that are responsive to this request, which include communications concerning this litigation and other litigation concerning the '923 patent, are relevant to HMD Global's standing claims raised in its motion to dismiss, which relate to the rights that ARC exercises on behalf of its subsidiaries, including but not limited to CCE.

Documents that are responsive to this request, which include communications concerning this litigation and other litigation concerning CCE, are relevant to HMD

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

Global's standing claims raised in its motion to dismiss   Communications regarding this litigation and other CCE litigation may shed light on the nature of the relationship between ARC and CCE.  Understanding the nature of the relationship between ARC and CCE will help HMD Global and the court in the underlying action understand the meaning of their agreements   Responsive documents concerning ARC's control over CCE and the '923 patent may also show the relationship between ARC and CCE and the '923 patent and thus would also be highly relevant to the claims raised in HMD Global's motion to dismiss.

ARC has not shown that producing documents responsive to this request is unduly burdensome for the reasons set forth above in Request No  1, § A 3

As demonstrated, documents that are responsive to this request concern nonprivileged matter that is relevant to HMD Global's standing claim, and this request is within the scope of discovery, not overly broad, unduly burdensome, disproportionate to the needs of the case, or designed to harass ARC   HMD Global sought to resolve these disputes through a series of letters and by meeting and conferring three times with ARC, as set forth above in HMD Global's Introductory Statement, § F, but could reach no agreements.  Accordingly, HMD Global respectfully submits that the Court should order ARC to produce all documents responsive to this request

**B.     ARC's Position**

[ARC's Position]

**Request for Production No. 26**

**Request**   All documents concerning communications between ARC and CCE concerning any actual or potential litigation concerning the '923 patent.

**Response**:  In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein   ARC objects to this request to the extent that it seeks discovery of email.  ARC understands that the parties to the Action agreed to a procedure for handling email discovery.  It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC.  Further, this request does not comply

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

with the requirements for an email discovery request   ARC objects to this request as overbroad and unduly burdensome, and not proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation.  ARC objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is unlimited in scope and time   Specifically, the phrase "potential litigation" is vague and ambiguous.  Additionally, ARC objects to the term "communications" as not being limited in time or scope.  Further, ARC objects to this request to the extent that it seeks information, documents, and communications protected from disclosure under attorney client privilege, attorney work product doctrine, and common interest privilege.  ARC further objects to this request as unduly burdensome; any information that ARC has that is not privileged or attorney work product is in the possession, custody, or control of CCE, who is a party to this Action.  Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action

A.     **HMD Global's Position**

HMD Global's Request No. 26 seeks communications between ARC and CCE concerning any actual or potential litigation concerning the '923 patent.  In its letter of November 12, ARC states that "If HMD agrees to exclude emails from its request, ARC is willing to search for non-public, responsive documents related to these requests.  However, ARC notes that, to the extent that there are discoverable materials related to the '923 patent (other than email), it is ARC's understanding that these documents would have already been produced by CCE in the underlying litigation "  Chouraki Decl , Ex  P   ARC thus offers to search only for documents that it contends its subsidiary has already produced.

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

1    The legal standard governing discovery is set forth above in Request No  1, § A 1

2    ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

3    Documents that are responsive to this request, which include communications

4    concerning this litigation and other litigation concerning the '923 patent, are relevant to

5    HMD Global's standing claims raised in its motion to dismiss   Responsive documents,

6    which might include documents discussing issues related to the ownership of or ability to

7    license the '923 patent in view of this litigation or potential litigation could, among other

8    things, illustrate ARC and CCE's understanding of the standing issue central to HMD

9    Global's motion to dismiss   Additionally, responsive documents concerning ARC's

10   control over CCE and the '923 patent may also show the relationship between ARC and

11   CCE and the '923 patent and thus would also be highly relevant to the claims raised in

12   HMD Global's motion to dismiss.

13   ARC has not shown that producing documents responsive to this request is unduly

14   burdensome for the reasons set forth above in Request No. 1, § A.3.

15   As demonstrated, documents and communications that are responsive to this request

16   concern nonprivileged matter that is relevant to HMD Global's standing claim, and this

17   request is within the scope of discovery, not overly broad, unduly burdensome,

18   disproportionate to the needs of the case, or designed to harass ARC.  HMD Global sought

19   to resolve these disputes through a series of letters and by meeting and conferring three

20   times with ARC, as set forth above in HMD Global's Introductory Statement, § F, but

21   could reach no agreements   Accordingly, HMD Global respectfully submits that the Court

22   should order ARC to produce all documents responsive to this request.

23   **B.    ARC's Position**

24   [ARC's Position]

25

26

27

28

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

## CONCLUSION

**HMD Global's Conclusion**

For the foregoing reasons, HMD Global respectfully requests that the Court grant HMD Global's motion to compel production of documents responsive to HMD Global's subpoena to ARC for all document requests, 1 26

**ARC's Conclusion**

[ARC's Conclusion]