# Exhibit V

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:20-CV-00078-JRG |
| HMD GLOBAL OY, | § § § | |
| *Defendant*. | § | |

## ORDER

Before the Court is Plaintiff Cellular Communications Equipment LLC's ("CCE") Motion to Enforce the Protective Orders (the "Motion"). (Dkt. No. 68). In the same, CCE seeks an order preventing Defendant HMD Global OY ("HMD") from filing certain documents subject to the Court's Protective Order (Dkt. No. 31) in the United States District Court for the Central District of California. (*Id.* at 1).

HMD served a third-party subpoena under Federal Rule of Civil Procedure 45(c)(2)(A) on CCE's corporate parent, Acacia Research Corporation ("ARC"), on September 25, 2020. (Dkt. No. 70, at 4). According to HMD, ARC did not produce the requested documents. (*Id.*). HMD seeks to compel discovery in the district court local to ARC, the Central District of California. (*Id.*).

The Local Rules of the Central District of California require parties to file with any motions to compel a joint stipulation framing the issues in dispute. C.D. Cal. R. 37-2. "If the allegations made in a prior filing are relevant, a copy of that prior filing should be attached as an exhibit." C.D. Cal. R. 37-2.1. HMD contends that this Local Rule requires certain filings and documents from the above-captioned matter to be filed in the joint stipulation. (Dkt. No. 70, at 4–5). CCE

contends that such a filing in the Central District of California would violate this Court's Protective Order. (Dkt. No. 68, at 7–8).

The Court is mindful of the need to avoid interfering with a sister Court's resolution of this discovery dispute on the merits. In view of the foregoing, it is **ORDERED** that the parties have leave to file such papers in the Central District of California as is necessary to comply with that Court's Local Rules to facilitate that Court's resolution of this discovery dispute. It is further **ORDERED** that such papers shall be filed **UNDER SEAL** pursuant to that Court's procedures. The parties are further directed to furnish a copy of this Order to the Clerk of the Central District of California. Nothing in this Order shall be construed as limiting the application or enforceability of the Protective Order in this case, and the papers filed in the Central District of California remain subject to this Court's Protective Order in all other respects.[1]

In view of such leave being granted, CCE's Motion is **DENIED**.

**So ORDERED and SIGNED this 16th day of December, 2020.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[1] As CCE and ARC are jointly represented by the same counsel in this matter (*see, e.g.*, Opp. Ex. O, Dkt. No. 70-17), the practical effect of this Order does not go beyond permitting persons already subject to the Protective Order to litigate before a sister Court.