REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

# Exhibit Y

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,** | § § § | |
| Plaintiff, | § § | C.A. No. 2:20-cv-00078-JRG |
| v. | § § | **JURY TRIAL DEMANDED** |
| **HMD GLOBAL OY,** | § § § | |
| Defendant. | § | |

## CCE'S REPLY TO DEFENDANT'S OPPOSITION TO
## CCE'S MOTION TO ENFORCE THE PROTECTIVE ORDER

Plaintiff Cellular Communications Equipment LLC ("CCE") files this reply to Defendant HMD Global Oy's ("HMD") opposition to CCE's Motion to Enforce the Protective Order.

## I.     SUMMARY OF ARGUMENT

The discrete question presented by CCE's Motion is: May HMD violate the Protective Orders issued by this Court by submitting Highly Confidential information to unauthorized persons? In its response, HMD concedes that it intends to file, in another venue, Highly Confidential information of third parties that it obtained only by virtue of the Protective Orders in this Action. HMD argues that this is permissible because in the Court's Protective Orders, "the Court" doesn't actually mean *this* Court, but instead encompasses any and all courts of any type whatsoever, and that references to "this Action" don't really mean *this* Action, but instead allow Highly Confidential information to be filed in any subsequent action. HMD's twisted interpretations would deprive the Court of its exclusive authority to protect the confidentiality of discovery conducted in this Action, and lead to absurd results.

Moreover, HMD's argument that it must violate the express limitations of the Protective Orders in order to move to compel on its subpoena to non-party ARC is simply incorrect, and in any event does not justify HMD's proposed re-write of the straightforward terms of the Protective Orders. Curiously, HMD avoids discussing Rule 45(f), which permits a motion to compel to be transferred to this Court, whereby the Court could readily entertain arguments regarding any Highly Confidential Protected Information pursuant to the Protective Orders.

## II.    ARGUMENTS AND AUTHORITIES

### A. HMD's Novel Interpretations Would Create Untenable Results for Parties, Nonparties, and the Court.

Rather than comply with the Protective Orders or seek to modify them, HMD argues that "the Court" in the Protective Orders means *any* court. Aside from the fact that HMD's self-serving interpretations are not supported by the language of the Protective Orders, its overbroad

interpretation, if accepted, would lead to bizarre and unintended results. For example, the Protective Orders specifically state how the Court protects confidential information and how the Court is the sole arbiter of challenges to confidentiality designations:

> DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party *or from the Court*.
>
> Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal *until further order of the Court*.

Dkt. 31 at ¶¶ 14, 16. (emphasis added). Yet under HMD's interpretation, these provisions would mean that *any* court in which HMD chooses to file an ancillary action could then create exceptions to the Court's orders by allowing confidential documents to be disclosed to persons not currently authorized to view Highly Confidential information, or by ordering that filings sealed by the Court be unsealed. Indeed, under HMD's interpretation, *any* court would be free to alter the Court's fundamental protections with which the Court protects the confidentiality of documents produced in this Action. Further, HMD's assertion that "this Action" includes actions other than the above-captioned Action would allow HMD to justify unauthorized disclosures simply by claiming that the disclosures would be "reasonably necessary" to some later, new action. Such an interpretation would eviscerate the entire purpose of the requirement that use of DESIGNATED MATERIALS must be limited to "*this* Action." If HMD is correct that "the Court" means any court without limitation to forum or jurisdiction, nothing would prevent HMD from, for instance, obtaining a ruling from a court in Finland that its key decisionmakers may have unfettered access to all of the HIGHLY CONFIDENTIAL information of ARC, CCE, and multiple third-party competitors of HMD. Such a loophole is fundamentally at odds with the intended protections of this Court's orders.

Not only is CCE's interpretation consistent with common sense, it is well supported by ordinary rules of grammar. The word "Court" is capitalized when referring to the court a party is addressing, while "court" refers to any other court. Bryan A. Garner, *The Redbook: A Manual on Legal Style* § 2.12, at 69 (3d ed. 2013); *see also The Bluebook: A Uniform System of Citation* R. 8, at 85-86 (Columbia Law Review Ass'n, eds., 19th ed. 2010). This Court has also repeatedly applied the same distinction. *See, e.g.*, *Rmail Ltd. v. Amazon.com, Inc.*, No. 2:10-CV-258-JRG, 2014 WL 12614488, at *1 (E.D. Tex. Apr. 4, 2014) ("District courts (including this Court)"). The Protective Order also supports and applies this well-known distinction. *See* Dkt. No 31, ¶ 5(f)-(g) (*compare* "independent…court reporters" *with* "the Court and its personnel."). Even HMD uses the terms the same way, distinguishing in the same sentence between "this Court's form order" and "information before other courts". *See* Dkt. No. 70 at 7. *See also, e.g.*, HMD's Motion to Dismiss, Dkt. No. 8 at 5 (Referring to "a court" when discussing courts in general while discussing "the Court's jurisdiction" when, in the same paragraph, referring to this Court).

HMD also attempts to manufacture a requirement that CCE must prove that parties in prior cases consented to disclosure of confidential materials. Opp. at 7. CCE need not address this false burden; what others have done in different cases under different circumstances is immaterial to whether the Court should enforce the express terms of the Protective Orders. Indeed, HMD's own references indicate that those parties consented to the disclosure, either affirmatively or through acquiescence. Importantly, none of these examples would authorize a party to file the Highly Confidential information of a third party without permission of the third party, as HMD now threatens to do. The sole decision that HMD cites (from a Florida court), *Marjam Supply Co. of Fla., LLC v. Pliteq, Inc.*, Case No. 15-24363, 2018 WL 1456614 (S.D. Fla. Mar. 23, 2018), is easily distinguished. In *Marjam*, a protective order that "serve[d] to offer

the same protection" as a protective order from a previous case was in place in the court where the confidential documents were to be disclosed. *Id.* at \*7. In contrast, there is no protective order in place in the new California action that HMD intends to file, and the rules for obtaining protection differ significantly from those that apply in this Court, under the Protective Orders.

**B.      The Protective Orders Do Not Affect Appeals or Otherwise Limit HMD's Rights.**

HMD's wild speculation that CCE's correct interpretation of the Protective Orders would bar confidential information from being disclosed or protected on appeal is flat wrong. The rules of the Federal Circuit and the Federal Rules of Appellate Procedure govern how federal appellate courts handle information disclosed under district court protective orders. *See* Fed. Cir. R. 25.1(c)(1) ("In general, any portion of the record that was subject to a protective order in the trial court…must remain subject to that order on appeal"); Fed. R. App. P. 25(a)(5) (privacy protections afforded by Fed. R. Civ. P. 5.2 (e.g., protective orders) apply on appeal).

Nor does CCE's position prevent HMD from exercising its legal rights. HMD is free to file its motion to compel; it just cannot disclose in its filing information or attachments that were designated as Highly Confidential under the Protective Orders issued by this Court, and produced only for use in this Action. HMD's own citation to C.D. Cal. Local Rule 37-2.1 illustrates the fact that HMD may file its motion without violating the Protective Orders: it can simply attach the public, redacted filings of both its motion to dismiss and CCE's relevant responses. Opp. at 10; *See* C.D. Cal. L.R. 27-2.1. To the extent that HMD believes that an examination of Highly Confidential documents is required, it can stipulate to a transfer of the motion to this Court pursuant to Fed. R. Civ. P. 45(f). HMD could also seek to modify the Protective Orders to permit its proposed disclosure, but HMD refuses to do so. Opp. at 15.

### C. CCE Acted Properly and Promptly to Protect Confidential Information.

HMD's expansive arguments obfuscate the true nature of the issue at hand: HMD is threatening to disclose confidential information of not only CCE, but ***nonparties*** ▉▉▉▉▉▉. CCE is the producing party for the highly confidential agreements, and CCE must abide by the confidentiality terms in those agreements, including the requirement that the nonparties be afforded notice of the proposed disclosure and an opportunity to object. CCE further notes that HMD continues to misrepresent the terms of ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉. Indeed, HMD's purported motion to compel is actually an improper effort to obtain parol evidence to dispute the clear and unambiguous terms of ▉▉▉▉▉▉▉.

HMD's attempt to paint CCE's actions as "last-minute," though irrelevant to the merits, is inaccurate. HMD's proposed violation of the Protective Orders could not have been "raised long ago" because CCE did not know of HMD's proposed violation until November 16. Opp. at 4. CCE alerted HMD to the violation of the Protective Orders a mere four days later. *Id*. at 5.[1] The timeliness of CCE's motion is measured against the date of the proposed disclosure; CCE's assertion of its confidentiality concerns was made promptly, prior to HMD's proposed disclosure, and is unquestionably timely under the Protective Orders.

### III.   CONCLUSION

For the above reasons and those set forth in the Motion, CCE's Motion to preclude HMD from violating the express terms of the Protective Orders should be granted.

---

[1] HMD commends itself by claiming it "agreed to defer its motion to compel" until this Motion is resolved "out of respect for this Court's authority." Opp. at 5. But HMD had no such option; the Protective Orders *require* that HMD refrain from its threatened violations pending the Court's ruling on this Motion.  *See* Dkt. No. 31 at ¶ 24.

| | |
|---|---|
| Dated: December 4, 2020 | Respectfully submitted, |
| | /s/ *Jeffrey R. Bragalone* |
| | Jeffrey R. Bragalone (lead attorney) |
| | Texas Bar No. 02855775 |
| | Jonathan H. Rastegar |
| | Texas Bar No. 24064043 |
| | Jerry D. Tice II |
| | Texas Bar No. 24093263 |
| | Hunter S. Palmer |
| | Texas Bar No. 24080748 |
| | |
| | **BRAGALONE CONROY PC** |
| | 2200 Ross Avenue |
| | Suite 4500W |
| | Dallas, TX 75201 |
| | Tel: (214) 785-6670 |
| | Fax: (214) 785-6680 |
| | jbragalone@bcpc-law.com |
| | jrastegar@bcpc-law.com |
| | jtice@bcpc-law.com |
| | hpalmer@bcpc-law.com |
| | |
| | Attorneys for Plaintiff |
| | **CELLULAR COMMUNICATIONS EQUIPMENT LLC** |

### CERTIFICATE OF AUTHORIZATION TO SEAL

Under Local Rule CV-5, the undersigned counsel hereby certifies that authorization for filing under seal has been previously granted by the Court in the Protective Order (Dkt. No. 31) entered in this case on August 14, 2020.

/s/ *Jeffrey R. Bragalone*
Jeffrey R. Bragalone

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 4, 2020.

/s/ *Hunter S. Palmer*
Hunter S. Palmer