# Exhibit E

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, § § § | | |
| Plaintiff, § | C.A. No. 2:20-cv-00078-JRG | |
| § | | |
| v. § | JURY TRIAL DEMANDED | |
| § | | |
| HMD GLOBAL OY, § § | | |
| Defendant. § | | |

**PLAINTIFF'S SUR-REPLY IN
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff Cellular Communications Equipment LLC ("CCE") files this sur-reply in opposition to Defendant HMD Global Oy's ("HMD") motion to dismiss for lack of standing and failure to state a claim relating to U.S. Patent No. 7,218,923 (the "'923 patent") (Dkt. No. 36).

## TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................. 1

II. ARGUMENTS AND AUTHORITY ..................................................................... 1

    A. CCE Has All Substantial Rights in the '923 Patent .................................... 1

        i. HMD's Reliance on ███████████ Is Misplaced. ........................... 1

        ii. HMD's Characterization of ███████████ Is Wrong. ................... 3

        iii. HMD's Arguments Regarding ███████████ Do Not Create an

            Ownership Interest in ██████ .................................................... 4

        iv. The Court Should Deny HMD's Request to Stay Pending Jurisdictional

            Discovery. ........................................................................................ 5

    B. CCE Properly Alleged Indirect Infringement. ............................................ 6

III. CONCLUSION ....................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*AntennaSys, Inc. v. AQYR Techs., Inc.*,
   2020 WL 5927398 (Fed. Cir. 2020) ........................................................................ 5

*Enzo APA & Son, Inc. v. Geapag A.G.*,
   134 F.3d 1090 (Fed. Cir. 1998) ......................................................................... 1, 2

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*,
   925 F.3d 1225 (Fed. Cir. 2019) ............................................................................ 2

*Polaris PowerLED Techs., LLC v. Samsung Elecs. Am., Inc.*,
   2:17-CV-00715-JRG, 2019 WL 1399927 (E.D. Tex. Mar. 28, 2019) ........................................ 4

## I.   INTRODUCTION

Were HMD's Motion judged on the extent of hyperbole, exaggeration, and mischaracterizations, rather than the merits, HMD would win, hands down. But HMD's motion fails because it is without merit. The law is clear that, absent a written instrument, a party cannot gain ownership rights in a patent. HMD does not dispute this tenet. Yet no written instrument has ever given ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ any rights in the '923 patent, and HMD points to none. Thus, by law, ▇▇▇▇▇ has no ownership rights in the '923 patent. As such, HMD's motion to dismiss for lack of standing fails.

HMD's motion to dismiss the indirect infringement allegations also fails as it ignores the allegations in the Complaint. In its response, CCE stepped through the claim chart accompanying its Complaint and detailed how when the Messaging app is used to send a message, the code on the accused devices performs all the steps of claim 1. Thus, the Complaint alleges that using the Messaging app infringes the '923 patent.

## II.   ARGUMENTS AND AUTHORITY

### A.  CCE Has All Substantial Rights in the '923 Patent

*i.    HMD's Reliance on* ▇▇▇▇▇▇▇▇▇▇ *Is Misplaced.*

The ▇▇▇▇▇▇▇▇▇ cannot demonstrate lack of standing for two reasons: first, ▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ HMD argues that because, in its view ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ has rights in the '923 patent. This position is logically flawed: the law requires a written instrument to obtain rights in a patent. *Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093 (Fed. Cir. 1998). There is no such written instrument.

No matter how HMD mischaracterizes ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Any attempt by ▮▮▮▮▮▮▮ to license the '923 patent by itself would be defective as it has no right to do so. HMD's reliance on the ▮▮▮▮▮▮▮▮▮ is telling of its inability to show any assignment documents granting ▮▮▮▮▮▮▮ ownership rights. In its response, CCE traced the ownership of the '923 patent from ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ CCE did not merely point to "magic words," but instead traced precisely how all rights in the traveled from the original assignee to itself.

Notably, HMD never steps through the chain of title to support its claim that CCE does not hold all substantial rights in the '923 patent. The determination of "all substantial rights" to a patent "depends on the substance of what was granted." *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1229 (Fed. Cir. 2019). But HMD never attacks the substance of any transfer document—the documents that actually grant the rights. Indeed, HMD makes no effort to show how ▮▮▮▮▮▮▮ purportedly received rights in the '923 patent.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See Enzo*, 134 F.3d at 1093. Recognizing that the lack of a written instrument is fatal to its motion, HMD attempts to distinguish *Enzo* in a footnote by saying "*Enzo* and § 261 address *gaining* patent rights, not *losing* them." Dkt. No. 49 n.2. HMD's attempted distinction fails. First, the crux of HMD's motion is the proposition that ▮▮▮▮▮▮▮ gained rights in the '923 patent. Thus, HMD's motion requires some written instrument; its Motion fails because no such instrument exists. Second, in order to show that CCE somehow "lost" its rights to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ gained those rights; but no such writing exists.

    *ii.*    *HMD's Characterization of* ▮▮▮▮▮▮ *Is Wrong.*

As with its motion, HMD's reply rests on the false premise that the ▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

    ▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮

    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

██████████████████████████████████████████

██████████████████████████████████████████

████ *Polaris PowerLED Techs., LLC v. Samsung Elecs. Am., Inc.*, 2:17-CV-00715-JRG, 2019 WL 1399927, at *3 (E.D. Tex. Mar. 28, 2019) ("Ownership of or rights to control a company do not equate to ownership of that separate company's property.").

As was the case in *Polaris*, ████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

HMD's characterizations of ████████████████████████████ are inconsistent with reality. ████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████

    *iii.*    *HMD's Arguments Regarding* ████████████ *Do Not Create an Ownership Interest in* ████████

Recognizing that it cannot show a written instrument assigning rights in the '923 patent to ████████ HMD, in its Reply, attempts to manufacture one ████████████████████

██████████████████████████████████████████

████████████ Thereafter, AR Group assigned all rights in the '923 patent to CCE. Dkt. No. 49 at 1. As the assignment documents demonstrate, all ownership rights in the '923 patent passed to CCE. Now HMD argues that ████████████████████████████

████████████████████████████████████ the right to license the '923 patent.

This is simply wrong. ██████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

████████████████████████████

      *iv.    The Court Should Deny HMD's Request to Stay Pending Jurisdictional Discovery.*

HMD's request for a stay pending jurisdictional standing is another HMD delay tactic. Fact discovery is open, and HMD has served discovery related to standing. But HMD presents no evidence why the entirety of the case must come to a halt while HMD searches for a document that does not exist, or otherwise attempts to bolster its meritless motion.

Contrary to the implied argument of HMD's citation to *AntennaSys, Inc. v. AQYR Techs., Inc.*, that case does not require the Court to resolve standing before ruling on claim construction or summary judgement. 2020 WL 5927398, at *3 (Fed. Cir. 2020). There, the defendant argued on appeal that the Federal Circuit lacked "jurisdiction over [the] ***appeal*** because AntennaSys 'lacks standing' to sue for infringement absent joinder of Windmill as a co-plaintiff." *Id.* (emphasis added). In other words, before the Federal Circuit could review the district court's summary judgment rulings, it needed to determine whether the plaintiff had standing. *Id.* But nothing in *AntennaSys* speaks to how the Court should run its docket; rather, to the extent the case has any applicability here, it means only that the Court should make a determination on standing before it enters final judgment. Nothing in the *AntennaSys* decision – or any other cases – requires this Court to stay the entire case while HMD seeks documents that do not exist.

### B. CCE Properly Alleged Indirect Infringement.

HMD's motion to dismiss the indirect infringement allegations rests on its inaccurate characterizations of the allegations in the Complaint. HMD continues to falsely claim that CCE admits that use of the Messaging app may or may not infringe. HMD's claim is completely false, misleading, and improper. Why must HMD resort to making false allegations of "admissions by CCE"? Because HMD cannot prevail on the merits when it is forced to rely on the actual content of CCE's contentions.

As CCE explained, the Complaint details how sending messages via the Messaging app infringes the '923 patent. CCE is not using "artful" or "lawyerly" language; to the contrary, CCE's complaint provides a thorough technical analysis, which is further supported by and based upon the prior claim constructions made by this Court. CCE's Response plainly states that "the Android 'Messaging' app is configured such that the use of the app infringes the '923 patent." Dkt. No. 47 at 12. CCE bases this statement on content of the allegations in its Complaint.

HMD's arguments regarding the purported scenarios that the "Messaging" app can be used without infringing are incorrect and untimely. HMD appears to be basing its positions on unarticulated claim construction positions. But what matters for the motion is whether CCE's allegation is plausibly plead. CCE's infringement theory aligns with the prior claim constructions of the '923 patent and thus presents an infringement theory that is not only plausible, but is a proper theory that demonstrates how HMD indirectly infringes the '923 patent.

### III. CONCLUSION

For the foregoing reasons, HMD's motion to dismiss should be denied.

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

Dated: October 21, 2020 Respectfully submitted,

/s/ *Jeffrey R. Bragalone*
Jeffrey R. Bragalone (lead attorney)
Texas Bar No. 02855775
Jonathan H. Rastegar
Texas Bar No. 24064043
Jerry D. Tice II
Texas Bar No 24093263
Hunter S. Palmer
Texas Bar No. 24080748

**BRAGALONE CONROY PC**
2200 Ross Avenue
Suite 4500W
Dallas, TX 75201
Tel: (214) 785-6670
Fax: (214) 785-6680
jbragalone@bcpc-law.com
jrastegar@bcpc-law.com
jtice@bcpc-law.com
hpalmer@bcpc-law.com

Attorneys for Plaintiff
**CELLULAR COMMUNICATIONS EQUIPMENT LLC**

## CERTIFICATE OF AUTHORIZATION TO SEAL

Under Local Rule CV-5, the undersigned counsel hereby certifies that authorization for filing under seal has been previously granted by the Court in the Protective Order (Docket No.31) entered in this case on August 14, 2020.

/s/ *Jeffrey R. Bragalone*
Jeffrey R. Bragalone

## CERTIFICATE OF SERVICE

The undersigned certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on October 21, 2020.

/s/ *Jeffrey R. Bragalone*
Jeffrey R. Bragalone