REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

# Exhibit F

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas

| | |
|---|---|
| Cellular Communications Equipment LLC | ) |
| _Plaintiff_ | ) |
| v. | )   Civil Action No. 2:20-CV-00078-JRG |
| HMD Global Oy | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Acacia Research Corporation
c/o Registered Agent Solutions Inc.
1220 S. Street, Suite 150, Sacramento, California, 95811

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit A.

| Place: First Legal Support Services<br>600 W. Santa Ana Blvd., Suite 101<br>Santa Ana, California, 92701 | Date and Time:<br>October 9, 2020 at 9:00 a.m. |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: September 25, 2020

| CLERK OF COURT | | |
|---|---|---|
| _____ | OR | _____ |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
HMD Global Oy                                    , who issues or requests this subpoena, are:
Matthew S. Warren; 2261 Market Street, No. 606, San Francisco, California, 94114
20-78@cases.warrenlex.com; +1 (415) 895-2940

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL
AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:20-CV-00078-JRG

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                              *Server's signature*

                                                      _____
                                                              *Printed name and title*

                                                      _____
                                                              *Server's address*

Additional information regarding attempted service, etc.:

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

## EXHIBIT A

## DEFINITIONS

1.      The terms "you" or "your" mean Acacia Research Corporation, LLC, and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing; as well as its affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned, controlled by, or under common control with it, and all predecessors and successors in interest to such entities.

2.      The term "ARC" means Acacia Research Corporation, LLC, its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing.

3.      The term "CCE" means Cellular Communications Equipment, LLC and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing.

4.      The term "Affiliates" means any entity, including parent companies and majority-owned subsidiaries, now or hereafter acquired or formed that is directly or indirectly controlled by a party, or is under common control with a party, or is an entity that controls a party, as well as all predecessors and successors of such entities.  For this purpose "control" means direct or indirect ownership of, or the right to exercise, at least 50% of the voting power, or at least 50% of the ownership interest representing either the irrevocable right to name a majority of the members of the governing body of such entity, or the right to make binding decisions for the entity.

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

5.     The term "Acacia" means ARC and its past, present and current Affiliates.

6.     The term "Acacia Entities" means (a) Acacia and (b) any current or future corporation, company, partnership or other legal entity that Acacia presently or in the future directly or indirectly owns or controls.

7.     The term "'923 patent" means United States Patent No. 7,218,923.

8.     The term "Starboard" means Starboard Value Intermediate Fund LP, and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing; as well as its affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned, controlled by, or under common control with it, and all predecessors and successors in interest to such entities.

9.     The term "this litigation" means *Cellular Communications Equipment LLC v. HMD Global Oy,* No. 2:20-cv-00078 (E.D. Tex.).

10.     The term "other CCE litigation" means any litigation concerning CCE, including *Cellular Communications Equipment LLC v. TCL Corporation,* No. 2:20-cv-00080 (E.D. Tex.), *Cellular Communications Equipment LLC v. One Plus Technology Co. LTD*, No. 2:20-cv-00079 (E.D. Tex.), *Cellular Communications Equipment LLC v. AT&T Inc.*, No. 2:15-cv-00576 (E.D. Tex.), *Cellular Communications Equipment LLC v. Samsung Electronics Co., Ltd.,* No. 2:15-cv-00579 (E.D. Tex.), *Cellular Communications Equipment LLC v. T-Mobile USA, Inc.,* No. 2:15-cv-00580 (E.D. Tex.);  *Cellular Communications Equipment LLC v. Verizon Communications, Inc.*, No. 2:15-cv-00581 (E.D. Tex.); *Cellular Communications Equipment LLC v. HTC Corporation*, No. 2:17-cv-00078 (E.D. Tex.); *Cellular Communications Equipment*

– 2 –

*LLC v. ZTE Corporation*, No. 2:17-cv-00079 (E.D. Tex.); *Cellular Communications Equipment LLC v. HTC Corporation*, No. 3:15-cv-02373 (S.D. Cal.);  *Cellular Communications Equipment LLC v. ZTE Corporation*, No. 3:17-cv-02805 (N.D. Tex.); *Cellular Communications Equipment, LLC v. Cellco Partnership, Inc.*, 3:18-cv-00623 (N.D. Tex.), *Cellular Communications Equipment LLC v. HTC Corporation*, No. 6:13-cv-00507 (E.D. Tex.); *Cellular Communications Equipment LLC v. LG Electronics, Inc.,* No. 6:13-cv-00508 (E.D. Tex.); *Cellular Communications Equipment LLC v. Pantech Co., Ltd.*, No. 6:13-cv-00509 (E.D. Tex.); *Cellular Communications Equipment LLC v. BlackBerry Limited,* No. 6:13-cv-00510 (E.D. Tex.); *Cellular Communications Equipment LLC v. ZTE Corporation,* No. 6:13-cv-00511 (E.D. Tex.); *Cellular Communications Equipment LLC v. Amazon.com, Inc.*, No. 6:13-cv-00568 (E.D. Tex.); *Cellular Communications Equipment LLC v. Dell Inc.*, No. 6:13-cv-00569 (E.D. Tex.);  *Cellular Communications Equipment LLC v. Motorola Mobility LLC*, No. 6:13-cv-00572 (E.D. Tex.); *Cellular Communications Equipment LLC v. NEC CASIO Mobile Communications, Ltd.*, No. 6:13-cv-00584 (E.D. Tex.); *Cellular Communications Equipment LLC v. Microsoft Corporation,* No. 6:13-cv-00738 (E.D. Tex.); *Cellular Communications Equipment LLC v. Apple Inc.*, No. 6:14-cv-00031 (E.D. Tex.); *Cellular Communications Equipment LLC v. Apple Inc.*, No. 6:14-cv-00251 (E.D. Tex.); *Cellular Communications Equipment LLC v. Samsung Electronics Co., Ltd.*, No. 6:14-cv-00759 (E.D. Tex.); *Cellular Communications Equipment LLC v. LG Electronics, Inc.*, No. 6:14-cv-00982 (E.D. Tex.); *Cellular Communications Equipment LLC v. Sony Mobile Communications Inc.*, No. 6:14-cv-00983 (E.D. Tex.); *Cellular Communications Equipment LLC v. Pantech Co. Ltd*, No. 6:15-cv-00853 (E.D. Tex.); *Cellular Communications Equipment LLC v. HTC Corporation*, No. 6:16-cv-00363 (E.D. Tex.); *Cellular Communications*

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

*Equipment LLC v. Samsung Electronics Co., Ltd.*, No. 6:16-cv-00364 (E.D. Tex.); *Cellular*

*Communications Equipment LLC v. LG Electronics, Inc.*, No. 6:16-cv-00365 (E.D. Tex.);

*Cellular Communications Equipment LLC v. ZTE Corporation*, No. 6:16-cv-00375 (E.D. Tex.);

*Cellular Communications Equipment LLC v. HTC Corporation*, No. 6:16-cv-00475 (E.D. Tex.);

*Cellular Communications Equipment LLC v. ZTE Corporation*, No. 6:16-cv-00476 (E.D. Tex.);

*Cellular Communications Equipment LLC v. Apple Inc.*, No. 6:17-cv-00146 (E.D. Tex.);

*Cellular Communications Equipment LLC v. Apple Inc.*, No. 6:17-cv-00225 (E.D. Tex.);

*Cellular Communications Equipment LLC v. AT&T Mobility, LLC*, No. 6:17-cv-00590 (E.D.

Tex.); and *Cellular Communications Equipment LLC v. AT&T Mobility, LLC*, No.

6:17-cv-00592 (E.D. Tex.).

      11.    The word "concerning" means concerning, relating to, referring to, mentioning,

reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on,

embodying, responding to, supporting, contradicting, or constituting in whole or in part.

      12.    The terms "including" or "that includes" mean including without limitation.

      13.    The word "document" includes all written, graphic or otherwise recorded

material, including microfilms or other film records or impressions, electronically stored

information regardless of the form of storage medium, tape recordings or computer cards, floppy

disks or printouts, papers, photographs, films, recordings, memoranda, books, records, accounts,

communications, letters, telegrams, correspondence, notes of meetings, notes of conversations,

notes of telephone calls, inter-office memoranda or written communications, recordings of

conversations either in writing or on any mechanical or electrical recording devices, including

email, notes, papers, reports, analyses, invoices, canceled checks or check stubs, receipts,

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bills, logs, and any differing versions of any of the foregoing, whether so denominated, formal, informal or otherwise, as well as copies of the foregoing which differ in any way, including by the addition of handwritten notations or other written or printed matter of any nature, from the original, and further includes information stored in a computer database and capable of being generated in documentary form, such as electronic mail.

14.     The word "communication" includes any transmission, conveyance or exchange of a word, statement, fact, thing, idea, document, instruction, information, demand or question by any medium, whether by written, oral or other means, including electronic communications and electronic mail.

15.     The word "person" includes any individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, including governmental bodies and agencies.

16.     Use of the singular also includes the plural and vice versa.

17.     The words "or" and "and" shall have both the conjunctive and disjunctive meaning whenever they appear, and shall not limit the scope of these requests.

18.     A verb in any tense shall include that verb in all other tenses.

## **INSTRUCTIONS**

1.     This subpoena seeks a response to the full extent permitted by the Federal Rules of Civil Procedure.

2.     This subpoena shall apply to all documents or things in your possession, custody or control as of the date of service, or that later come into your possession, custody, or control.

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

3.      If any portion of a document or thing is responsive to a request, you shall produce the entire document, communication, or thing, redacting only privileged material if any.

4.      You shall produce the original and each copy of each document or thing responsive to a request.  If copies are identical you may produce only one copy if you provide information sufficient to identify the custodian of each copy.

5.      You shall produce each responsive document in its original file, not shuffled or otherwise rearranged.  If documents were stapled, clipped, or otherwise fastened together, you shall produce them in that form.

6.      You shall produce electronic records and computerized information in their native electronic format, together with a description of the system from which you derived them sufficient to render them intelligible.

7.      You shall produce any things responsive to these requests in their present form, not changed or modified in any way.

8.      You shall produce each document or thing bearing a unique identifying control numbers on each thing and on each page of a document.

9.      You shall produce color copies of documents if the original is in color.

10.     In the event that you withhold any documents or things responsive to these requests on the basis of a claim of privilege or immunity from discovery, you shall identify each such withheld document or thing as required by the Federal Rules of Civil Procedure and applicable law, including by stating:

(a)      the authors, addressees and any indicated or blind copyees;

(b)      the date, number of pages and attachments;

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

      (c)     all subject matters of the document or thing;

      (d)     each privilege or immunity you assert; and

      (e)     any additional facts on which you base your assertion of privilege or

immunity.

11.     If such designations are appropriate, you may designate documents or things as

confidential under the protective order governing confidentiality in this action, *Cellular*

*Communications Equipment LLC v. HMD Global Oy*, Case No. 2:20-cv-00078, Docket Nos. 31,

35 (E.D. Tex.).  We have attached courtesy copies of these documents to this subpoena.  If you

contend that you require any additional protections for your documents or things, while

addressing that question you shall produce all responsive documents and things under Patent

Local Rule 2-2 of the United States District Court for the Eastern District of Texas.

12.     If no documents or things are responsive to a particular request, you shall state

that no responsive documents or things exist.

## **REQUESTS FOR PRODUCTION**

1.     All documents concerning any agreement between persons including ▮▮▮ and

▮▮▮▮▮▮▮ that includes any patent license.

2.     All documents concerning any agreement executed concurrently with any

agreement between persons including ▮▮▮▮▮▮▮▮▮ that includes any patent

license.

3.     All documents concerning communications concerning any agreement between

persons including ▮▮▮▮▮▮▮ that includes any patent license, or any

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

agreement executed concurrently with any agreement between persons including ████████

███████████ that includes any patent license.

4.      All documents concerning communications concerning negotiations leading to

any agreement between persons including ████████████████ that includes any patent

license, or any agreement executed concurrently with any agreement between persons including

██████████████ Inc. that includes any patent license.

5.      All documents concerning any agreement between ARC and any other person or

persons that includes any patent license including a patent owned in whole or part by one or

more Acacia Entities.

6.      All documents concerning any agreement executed concurrently with any

agreement between ARC and any other person or persons that includes any patent license

including a patent owned in whole or part by one or more Acacia Entities.

7.      All documents concerning communications concerning any agreement between

ARC and any other person or persons that includes any patent license including a patent owned

in whole or part by one or more Acacia Entities.

8.      All documents concerning communications concerning negotiations leading to

any agreement between ARC and any other person or persons that includes any patent license

including a patent owned in whole or part by one or more Acacia Entities or any agreement

executed concurrently with any agreement between ARC and any other person or persons that

includes any patent license including a patent owned in whole or part by one or more

Acacia Entities.

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

9.      All documents concerning any agreement between ARC and any other person or persons that includes any patent license including a patent that one or more Acacia Entities has authority to license.

10.      All documents concerning any agreement executed concurrently with any agreement between ARC and any other person or persons that includes any patent license including a patent that one or more Acacia Entities has authority to license.

11.      All documents concerning communications concerning any agreement between ARC and any other person or persons that includes any patent license including a patent that one or more Acacia Entities has authority to license.

12.      All documents concerning communications concerning negotiations leading to any agreement between ARC and any other person or persons that includes any patent license including a patent that one or more Acacia Entities has authority to license or any agreement executed concurrently with any agreement between ARC and any other person or persons that includes any patent license including a patent that one or more Acacia Entities has authority to license.

13.      All documents concerning all communications, including any proposals to license, negotiations, discussions, offers to license, presentations, or any other communications, regarding any potential agreement concerning the '923 patent, including any potential license including the '923 patent

14.      All documents concerning any right, title, or interest in the '923 patent.

15.      All documents concerning any valuations or attempts to value the '923 patent or any portfolio containing the '923 patent.

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

16.     All documents concerning the relationship between ARC and CCE.

17.     All communications concerning the relationship between ARC and CCE.

18.     All documents concerning the "Assignment and Assumption Agreement" filed with the United States Patent and Trademark Office at Patent Reel 033405, Frame 0104 to 0106.

19.     All documents concerning the "Patent Security Agreement" filed with the United States Patent and Trademark Office at Patent Reel 052853, Frame 0153 to 0404.

20.     All documents concerning the "Release of Security Interest in Patents" filed with the United States Patent and Trademark Office at Patent Reel 053654, Frame 0254 to 0489.

21.     All documents concerning communications concerning the "Assignment and Assumption Agreement," "Patent Security Agreement," or "Release of Security Interest in Patents" described in the three preceding paragraphs.

22.     All documents concerning any relationship between ARC and Starboard.

23.     All communications concerning any relationship between ARC and Starboard.

24.     All documents concerning this litigation or other CCE litigation.

25.     All documents concerning communications between ARC and CCE concerning this litigation or other CCE litigation.

26.      All documents concerning communications between ARC and CCE concerning any actual or potential litigation concerning the '923 patent.

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:20-CV-00078-JRG |
| HMD GLOBAL OY, | § § | |
| *Defendant*. | § § | |

## PROTECTIVE ORDER

WHEREAS, Plaintiff Cellular Communications Equipment LLC and Defendant HMD Global Oy, hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.    Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE."

The word(s) "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the word(s) "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

2. Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3. With respect to documents, information, or material designated "CONFIDENTIAL, "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE," both individually and collectively.

marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4. A designation of Protected Material (*i.e.*, "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5. "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 12 herein:

 (a) outside counsel of record in this Action for the Parties;

 (b) employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

     (c)     in-house counsel for the Parties, including outside counsel performing the functions of in-house counsel, who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel of record in the litigation of this Action, provided that such in-house and outside counsel complete the Undertaking attached as Appendix A hereto and the same is served upon the producing Party;

     (d)     up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

     (e)     outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the Protected Material is to be given to that consultant or Undertaking to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

     (f)     independent litigation support services, including persons working for or as court reporters, graphics or design services, interpreters or translators, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

     (g)     the Court and its personnel.

6.     A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party

reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.      Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.      To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "HIGHLY CONFIDENTIAL - SOURCE CODE."

9.      For Protected Material designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-c) and (e-g); provided, however, that access by in-house counsel pursuant to paragraph 5(c) be limited to in-house counsel who exercise no competitive decision-making authority on behalf of the client.

Case 2:20-cv-00127-JRG  Document 31  Filed 03/24/20  Page 6 of 17  Page ID #: 559
Case 2:20-mc-00127-JRG  Document 2-8  Filed 12/31/20  Page 20 of 33  Page ID #: 578
REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

10.  For Protected Material designated HIGHLY CONFIDENTIAL - SOURCE CODE, the following additional restrictions apply:

(a)  Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The stand-alone computer(s) may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 10 (h and k) below. Additionally, except as provided in paragraph 10(k) below, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel;

(b)  The receiving Party shall inform the producing Party of its intent to inspect the stand-alone computer(s) at least three days prior to any inspection. The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m., local time. However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c)  The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(d)  The producing Party will produce Source Code Material in native format on the stand-alone computer(s) as described above. The producing Party shall install tools that are sufficient for viewing the Source Code Material. The receiving Party's outside counsel and/or experts/consultants may request that additional commercially available software tools be installed on the stand-alone computer, provided, however, that (a) the receiving Party provides an appropriate license to such software tools; (b) the producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the receiving Party to perform its review of the Source Code Material consistent with all of the protections herein. The producing Party shall not unreasonably withhold approval of reasonable requests for additional commercially available software tools. The receiving Party must provide the producing Party with the CD, DVD, file path, or Advanced Package Tool package containing such licensed software tool(s) at least five (5) business days in advance of the date upon which the receiving Party wishes to have the additional software tools available for use on the standalone computer;

(e)     Access to Protected Material designated HIGHLY CONFIDENTIAL - SOURCE CODE shall be limited to outside counsel and its employees and outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above, as well as those individuals in paragraphs 5(b), 5(f), and 5(g) above. A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Materials are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(f)     To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as HIGHLY CONFIDENTIAL - SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as HIGHLY CONFIDENTIAL - SOURCE CODE;

(g)     Except as set forth in paragraph 10(k) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(h)     The receiving Party shall be permitted to make three sets of printouts (including two sets of photocopies) of Source Code Material, all of which shall be designated and clearly labeled "HIGHLY CONFIDENTIAL - SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed or photocopied. The receiving Party may print no more than a reasonable number of pages, unless otherwise agreed by the Parties, whose reasonable request for agreement shall not be withheld. The producing Party must ensure that all printed pages must indicate the original file name of the Source Code Material, and must additionally include either page and line numbers for the printed Source Code Material where applicable and/or some other coordinates or markers that identify the portion of the Source Code Material printed. Upon printing any such portions of Source Code, the printed pages shall be collected by the producing Party. The producing Party shall put Bates and line numbers, copy, and clearly label as "HIGHLY CONFIDENTIAL - SOURCE CODE" any pages printed by the receiving Party. Within three (3) business days of a request for pages, the producing Party shall either (i) provide one copy of such unobjected pages to the receiving Party and (ii) inform the requesting Party of its objection, if any, that the printed portions withheld are excessive and/or not done for a permitted purpose. Lead counsel shall meet and confer within four

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

Case 2:20-cv-00127-JRG Document 31 Filed 03/24/20 Page 9 of 17 PageID #: 361
Case 8:20-mc-00127-JRG Document 2-8 Filed 12/31/20 Page 22 of 33 Page ID #:575
REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

business days of any such objection. If, after a lead counsel meet and confer, the producing Party and the receiving Party cannot resolve the objection, the receiving Party may file a Motion to Compel Production with the Court;

(i)    Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "HIGHLY CONFIDENTIAL - SOURCE CODE" and shall continue to be treated as such;

(j)    If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition); and

(k)    A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above, on paper or removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 10(j) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

11.    Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL - SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. For purposes of this paragraph, "prosecution" includes drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. Prosecution includes, for example, original prosecution, reissue, and reexamination. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party in a proceeding that challenges a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* reexamination, post grant review, covered business method patent review, or *inter partes* review). To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent as described above.

12. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or

immunity may obtain the return or destruction of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. At the producing Party's election, the recipient(s) shall, gather and destroy or return all copies of such documents, information or other material to the producing Party. In the event the producing Party elects return of the documents, any pages containing privileged or otherwise protected markings by the recipient(s) shall instead be destroyed and certified as such to the producing Party.

13. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

14. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi)

an independent contractor, consultant, and/or expert retained for the purpose of this litigation and has been approved to receive DESIGNATED MATERIAL pursuant to section 5(e); (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

15. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEY' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential.

16. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

Case 3:20-mc-00032-JRG   Document 2-31   Filed 12/31/2020   Page 26 of 33   PageID #: 572
Case 2:20-cv-00012-JRG   Document 31   Filed 08/14/20   Page 1 of 33   PageID # 365
REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

17.     The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

18.     A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

19.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

20.     To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought

Case 3:20-mc-00127-JRC  Document 2-31  Filed 12/01/2020  Page 27 of 33  Page ID #:586
Case 3:20-cv-00082-JRC  Document 131  Filed 08/14/20  Page 19 of 31  Page ID #:566
REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

21.  To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

22.  Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by a letter furnished to the producing Party. Notwithstanding this provision, outside counsel for the Parties may retain one set of pleadings, correspondence, and attorney and consultant work product (but not document productions) for archival purposes, but must return or destroy any pleadings, correspondence, and consultant work product that contain Source Code Material.

23.  The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a

motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

24. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

25. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

26. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

27. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

**So ORDERED and SIGNED this 14th day of August, 2020.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO.  2:20-CV-00078-JRG |
| HMD GLOBAL OY, | § § | |
| *Defendant.* | § § | |

## APPENDIX A
## UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER

I, _____, declare that:

1.  My address is _____. My current employer is _____. My current occupation is _____.

2.  I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3.  I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" that is disclosed to me.

4.  Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.


Signature _____

Date _____

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:20-CV-00078-JRG |
| HMD GLOBAL OY, | § § | |
| *Defendant*. | § | |

## STIPULATED SUPPLEMENTAL PROTECTIVE ORDER REGARDING CERTAIN NON-PARTY CONFIDENTIAL INFORMATION

WHEREAS, The Honorable Judge Rodney Gilstrap entered a Protective Order in this matter on August 14, 2020 to govern discovery in the above-captioned matter (Dk. No. 31, the "Protective Order");

WHEREAS, Plaintiff Cellular Communications Equipment LLC ("Plaintiff") and Defendant HMD Global Oy ("Defendant") (collectively, the "Parties") may produce documents that include or incorporate confidential non-party information;

WHEREAS, a Party may be contractually obligated to produce certain documents that include or incorporate confidential non-party information pursuant to a confidentiality designation of Outside Attorneys' Eyes Only;

IT IS HEREBY ORDERED that documents which a Party is contractually obligated to produce with confidentiality designation of Outside Attorneys' Eyes Only or higher, may be designated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." The Definition of Protected Material in the Protective Order shall include documents designated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

"HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" documents, information, and material may be disclosed only to the persons identified in Paragraph 5(a-b) and (e-g) of the Protective Order, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 12 of the Protective Order.

**So ORDERED and SIGNED this 9th day of September, 2020.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE