REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

# Exhibit G

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,** | § § § | |
| **Plaintiff,** | § § | **Case No. 2:20-CV-0078-JRG** |
| **v.** | § § | **JURY TRIAL DEMANDED** |
| **HMD GLOBAL OY,** | § § | |
| **Defendant.** | § § | |

**ACACIA RESEARCH CORPORATION'S OBJECTIONS AND RESPONSES TO**
**THIRD-PARTY SUBPOENA TO PRODUCE DOCUMENTS IN A CIVIL ACTION**

Third party Acacia Research Corporation ("ARC") objects and responds to the subpoena to produce documents dated September 25, 2020 (the "Subpoena") directed to ARC by counsel for HMD Global Oy ("Defendant") in the above-captioned matter (the "Action") and to each "Request" therein, as follows:

**PRELIMINARY STATEMENT**

ARC's response is made solely for the purpose of this action, and ARC does not waive any appropriate objection, including, but not limited to, those based on competency, relevancy, materiality, attorney-client privilege, work-product, or admissibility, which would require the exclusion of any statement made herein if the statement were offered into evidence in Court. ARC reserves the right to interpose all objections relating to the matters contained in the Requests at any further proceeding. ARC makes no admissions of any nature, and no admissions may be implied by, or inferred from, these objections and responses.

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

The responses are made in good faith after diligent inquiry into the facts and information now known to ARC, as well as its present analysis of the case. However, ARC's discovery and analysis is continuing and all documents that may be responsive to the Requests may not yet have been located and reviewed. Consequently, the following responses shall not be deemed to be an admission or representation that other documents responsive to the Requests do not exist. Without in any way undertaking an obligation to do so, ARC reserves the right to alter, supplement, amend or otherwise modify these responses in any way at any time in light of additional facts revealed through subsequent discovery and investigation. ARC also reserves the right to introduce into evidence during any proceeding in this action any documents discovered after its response to the Requests.

## **GENERAL OBJECTIONS**

ARC asserts the following General Objections (the "General Objections") to the Subpoena, each of which is hereby incorporated by reference into the response to each individual Request below. From time to time, and for purpose of emphasis, ARC may restate one or more of the general objections as specific objections to individual Requests. Such restatement, or the failure to restate, should not be taken as a waiver of any general objection not restated.

1.      ARC objects to the duplicative and burdensome nature of Defendant's subpoenas. Defendant sent ARC two sets of identical subpoenas – one directed to "Acacia Research Corporation c/o Registered Agent Solutions Inc." and one directed to "Acacia Research Corporation." Defendant provides no justification for the undue burden caused by its duplicative subpoenas.

2.      ARC objects on the ground that the Subpoena imposes undue burden and expense on ARC, which is only a third party to this litigation, including by requesting documents and

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

information not at issue in the underlying litigation. By virtue of its third-party status, ARC is entitled to protection from significant expense related to its compliance. *See, e.g., Watts v. SEC*, 482 F.3d 501, 509 (D.C. Cir. 2007) ("The Rule 45 undue burden standard requires district courts supervising discovery to be generally sensitive to the costs imposed on third parties"); *see also* Fed. R. Civ. P. 45(c)(l); Fed. R. Civ. P. 45, Advisory Committee Notes, 2006 Amendments.

3.      ARC objects to the Definitions and Instructions in the Subpoena to the extent the defined terms "You," "Your," and/or "ARC" intentionally conflates ARC with "any other legal entities, whether foreign or domestic, that are owned, controlled by, or under common control with it, and all predecessors and successors in interest to such entities" when the Subpoena was directed to ARC alone. ARC will respond only with respect to ARC.

4.      ARC objects to each request in the Subpoena to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work-product doctrine, the privilege afforded financial records, the right of privacy of any person or entity, the joint defense privilege, or any other applicable law, rule, privilege, or immunity, in that such material is not properly discoverable. The providing of any information by ARC in response to the Subpoena is not intended to be, and shall not be deemed to be, a waiver of any applicable privilege or immunity.

5.      ARC objects to each request in the Subpoena to the extent it seeks to obtain information regarding materials not within ARC's possession, custody or control, because it imposes an obligation on ARC that is not authorized by the Federal Rules of Civil Procedure and is objectionable on that ground.

6.      ARC objects to each request in the Subpoena to the extent it is not relevant to any party's claim or defense or proportional to the needs of the case.

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

7.      ARC objects to each request in the Subpoena to the extent it is inconsistent with or imposes duties and obligations beyond the requirements of the Federal Rules of Civil Procedure, the Local Rules of Eastern District of Texas, any Court orders, or any other applicable order or appropriate statute, law, rule, order, or procedure.

8.      ARC objects to each request in the Subpoena to the extent it seeks information more appropriately discoverable through other discovery means, such as interrogatories or the production of documents.

9.      ARC objects to each request in the Subpoena to the extent it seeks legal conclusion or rebuttal evidence.

10.     ARC objects to each request in the Subpoena to the extent it seeks expert testimony.

11.     ARC objects to each request in the Subpoena as overly broad, unduly burdensome, and harassing to the extent it seeks to elicit testimony about which ARC has little or no information that would be more appropriately sought from entities other than ARC, or that is otherwise outside of ARC's possession, custody, or control.

12.     ARC objects to each request in the Subpoena as overly broad, unduly burdensome, and irrelevant, to the extent it seeks to elicit information regarding unasserted claims of the patents-in-suit or products not at issue.

13.     ARC objects to each request in the Subpoena to the extent the request is vague and ambiguous, or insufficiently precise or clear, so as to allow ARC reasonably to prepare documents responsive to the request.

14.     ARC incorporates by reference its objections to all of Defendants' other written discovery requests, including document requests and/or interrogatories, and ARC objects to each request in the Subpoena to the extent the request goes beyond the scope of documents or

information ARC has agreed to produce or provide in response to any such written discovery requests, or to the extent the request is within the scope of ARC's objections to such written discovery requests.

15.     ARC objects to the requests in the Subpoena to the extent they are duplicative of other requests, or to the extent they seek information duplicative of information Defendant has already acquired or are able to acquire from sources other than ARC, and as such, are overly broad, unduly burdensome, and harassing.

16.     ARC objects to the requests in the Subpoena to the extent they seek information that ARC is not permitted to disclose in accordance with confidentiality agreements or obligations with third parties.

17.     ARC objects to each request in the Subpoena to the extent it seeks information that is already in Defendants' possession or available in the public domain.

18.     ARC objects to the Subpoena and the Requests therein to the extent they purport to require the production of documents and information related to technologies or products not at issue in the underlying case.

19.     ARC objects to the Requests to the extent they seek disclosure of ARC's trade secrets, proprietary knowledge, and/or confidential research, development, commercial, business, or other sensitive information.

20.     ARC objects to the Subpoena and the Requests therein to the extent they seek ARC's unretained expert opinion. Fed. R. Civ. P. 45(c)(3)(B)(i)-(ii); *see, e.g., Mattel, Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 814 (9th Cir. 2003) (quoting Fed. R. Civ. P. 45 1991 amend. note).

21.     ARC objects to the Requests to the extent they assume facts not in evidence.

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

22.    ARC objects to the Subpoena to the extent it seeks documents not related to U.S. Patent No. 7,218,923 (the "patent-in-suit") or otherwise relevant to the parties' claims and defenses in the Action.

23.    ARC objects to the Subpoena to the extent it seeks documents related to Cellular Communications Equipment, LLC v. HMD Global Oy, Civ. A. No. 2:20-cv-00078-JRG (E.D. Tex.), to the extent they exist, that are in the possession, custody, and control of Plaintiff Cellular Communications Equipment, LLC ("CCE"). On information and belief, CCE has complied or is complying with discovery obligations to produce such documents in the underlying Action with respect to all non-privileged documents related to the patent-in-suit or otherwise relevant to the parties' claims and defenses in the Action.

24.    Any statement by ARC that it will respond to the Subpoena, or will otherwise provide documents in response to the Subpoena, does not constitute an admission by ARC that ARC agrees with any characterization, definition, or assumption contained in the Subpoena, or as to any issue whatsoever.

25.    To the extent Defendants appropriately limit the scope of the requests for which it seeks documents, ARC will seek documents that are responsive to the requests in the Subpoena. ARC has responded and objected to Defendants' Subpoena based upon their best, good faith understanding and interpretation of each request therein. Accordingly, if Defendants subsequently assert a different interpretation than that presently understood by ARC, or if other information becomes available to ARC, ARC reserves the right to supplement or amend these responses and objections.

26.    ARC objects to the following definitions set forth in Defendant's Notice:

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

a. ARC objects to Defendant's definition of  "You," "Your," and/or "ARC" to the extent it includes entities or individuals that are not ARC as overly broad and calling for information neither relevant nor reasonably calculated to lead to the discovery of relevant information. Such definitions are not proportional to the needs of the case. ARC also objects to these definitions as overly broad and unduly burdensome to the extent such definitions requires ARC to respond on behalf of any entity or person other than ARC. In responding to these requests, ARC understands the terms "You, "Your," and/or "ARC" to mean Acacia Research Corporation – no other persons or entities are encompassed in ARC's understanding of these terms.

b. "CCE" – ARC objects to Defendant's definition of "CCE" to the extent that it includes entities or individuals that are not CCE as overly broad and calling for information neither relevant nor reasonably calculated to lead to the discovery of relevant information. Such a definition is not proportional to the needs of the case. In responding to these requests, ARC understands the term "CCE" to mean Cellular Communications Equipment LLC – no other persons or entities are encompassed in ARC's understanding of these terms.

c. "Affiliates" – ARC objects to Defendant's definition of "Affiliates" to the extent that it includes knowledge of organizational control of entities or individuals that are not ARC as unduly burdensome and calling for information neither relevant nor reasonably calculated to lead to the discovery of relevant information. Such a definition is not proportional to the needs of the case.

d. "Acacia" and "Acacia Entities" – ARC objects to Defendant's definitions of "Acacia" and "Acacia Entities" to the extent that they include parties included in

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

Defendant's definitions of "ARC," "CCE," and "Affiliates";  ARC objects to these terms for the same reasons described above. ARC further objects to Defendant's definitions of "Acacia" and "Acacia Entities" to the extent they are duplicative and ambiguous due to the overlap between Defendant's definitions of the two terms.

e.  "Starboard" – ARC objects to Defendant's definition of "Starboard" to the extent that it includes entities or individuals that are not CCE as overly broad and calling for information neither relevant nor reasonably calculated to lead to the discovery of relevant information. Such a definition is not proportional to the needs of the case. In responding to these requests, ARC understands the term "Starboard" to mean Starboard Value Intermediate Fund LP – no other persons or entities are encompassed in ARC's understanding of these terms.

f.  "other CCE litigation" – ARC objects to Defendant's definition of "other CCE litigation" to the extent that it includes litigation that is not relevant to any party's claim or defense or proportional to the needs of the case.

g.  "document" – ARC objects to Defendant's definition of "document" to the extent that it is not consistent with the Federal Rules of Civil Procedure.

27.    ARC incorporates the foregoing General Objections and limitations into each of the following specific responses, which responses are made subject to, and without waiver of, those General Objections and limitations.

## **SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

**Request No. 1:** All documents concerning any agreement between persons including ▬▬▬ ▬▬▬▬▬▬▬▬▬ that includes any patent license.

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

**Response:** ARC incorporates by reference each of the foregoing General Objections as if fully set forth herein. ARC objects to the phrase "any patent license" to the extent that it characterizes any agreements between ██████████ as conferring a relevant patent license from ██████████ Defendant has no factual basis for such a characterization. ARC objects to this request to the extent that it seeks discovery of email. ARC understands that the parties to the Action agreed to a procedure for handling email discovery. It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC. Further, this request does not comply with the requirements for an email discovery request. ARC further objects to this request to the extent that it seeks privileged information, documents, or communications; internal communications regarding patent licenses, should they exist, are protected from disclosure by attorney-client privilege and/or the work product doctrine. ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation. ARC further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is unlimited in time and scope. Specifically, this request, as written in light of Defendant's instructions, includes all agreements made by either ██████████ ██████████ Defendant's Subpoena instructs that the word "and" is both conjunctive and disjunctive; as applied to this request, it creates a construction in which information responsive to the request includes any agreement about any patent license made by ██████████ at any time with any other party. Further, even if the request were understood to be limited to only agreements between ██████████ such a construction would include agreements outside the relevant time frame and scope of the current litigation, including agreements about patent licenses that are irrelevant to the current litigation. The only patent license that would be relevant to the current

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

litigation would be a license to the ███████ – which ARC has never given. Additionally, ARC

objects to this request to the extent that it asks for things not in ARC's possession, custody, or

control. For example, the request as written includes all ██ agreements regarding patent licenses

that do not involve ARC.

Subject to and without waiving the foregoing General and Specific Objections, ARC

responds that to the extent the documents reasonably relate to the patent-in-suit and any such

documents exist, they have been provided to or are in the possession, custody, or control of CCE

and that, on information and belief, CCE is complying or has complied with its discovery

obligations in the Action.

**Request No. 2:** All documents concerning any agreement executed concurrently with any

agreement between persons including ████████████████ that includes any patent

license.

**Response:** In addition to the foregoing General Objections, ARC incorporates by reference

each of its specific objections and responses to each of the preceding requests as if fully set forth

herein. ARC objects to the phrase "any patent license" to the extent that it characterizes any

agreements between ██████████ as conferring a relevant patent license from ████████

Defendant has no factual basis for such a characterization. ARC objects to this request to the extent

that it seeks discovery of email. ARC understands that the parties to the Action agreed to a

procedure for handling email discovery. It is improper and unduly burdensome to seek to

circumvent these limits by seeking email discovery from third-party ARC. ARC further objects to

this request to the extent that it seeks privileged information, documents, or communications;

internal communications regarding patent licenses, should they exist, are protected from disclosure

by attorney-client privilege and/or the work product doctrine. Further, this request does not comply

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

with the requirements for an email discovery request. ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation. ARC further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is unlimited in time and scope. Specifically, this request includes the same overbroad and vague structure seen in Request 1; ARC therefore incorporates the same objections here. Further, this request includes additional agreements other than patent licensing agreements, as long as they were "executed concurrently." This provides an even broader and more vague scope to the request and makes it even more likely that agreements responsive to the request would be irrelevant to the current patent infringement litigation.

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.



**Request No. 3:** All documents concerning communications concerning any agreement between persons including ███████████████████ that includes any patent license, or any agreement executed concurrently with any agreement between persons including ██████████ ████████████ that includes any patent license.

**Response:** In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein. ARC objects to the phrase "any patent license" to the extent that it characterizes any agreements between ██████████ as conferring a relevant patent license from ██████████

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

Defendant has no factual basis for such a characterization. ARC objects to this request to the extent that it seeks discovery of email. ARC understands that the parties to the Action agreed to a procedure for handling email discovery. It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC. Further, this request does not comply with the requirements for an email discovery request. ARC further objects to this request to the extent that it seeks privileged information, documents, or communications; internal communications regarding patent licenses, should they exist, are protected from disclosure by attorney-client privilege and/or the work product doctrine. ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation. ARC further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is unlimited in time and scope. Specifically, this request includes the same overbroad and vague structure seen in Requests 1 and 2; ARC therefore incorporates the same objections here. Adding "communications" about the already vague and overbroad universe of potential agreements covered by Requests 1 and 2 to the request further broadens the scope of the request to include communications and correspondence that may be irrelevant to the current litigation.

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

**Request No. 4:** All documents concerning communications concerning negotiations leading to any agreement between persons including ███████████████ that includes any patent license, or any agreement executed concurrently with any agreement between persons including ██████████████ that includes any patent license.

**Response:** In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein. ARC objects to the phrase "any patent license" to the extent that it characterizes any agreements between ████████ as conferring a relevant patent license from ████████ Defendant has no factual basis for such a characterization. ARC objects to this request to the extent that it seeks discovery of email. ARC understands that the parties to the Action agreed to a procedure for handling email discovery. It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC. Further, this request does not comply with the requirements for an email discovery request. ARC further objects to this request to the extent that it seeks privileged information, documents, or communications; internal communications regarding patent licenses, should they exist, are protected from disclosure by attorney-client privilege and/or the work product doctrine. ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation. ARC further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is unlimited in time and scope. Specifically, this request includes the same overbroad and vague structure seen in Requests 1, 2, and 3; ARC therefore incorporates the same objections here.

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

**Request No. 5:** All documents concerning any agreement between ARC and any other person or persons that includes any patent license including a patent owned in whole or part by one or more Acacia Entities.

**Response:** In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein. ARC objects to the phrase "any patent license" to the extent that it characterizes any agreements involving ARC as conferring a relevant patent license from ARC to any other entity; Defendant has no factual basis for such a characterization. ARC objects to this request to the extent that it seeks discovery of email. ARC understands that the parties to the Action agreed to a procedure for handling email discovery. It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC. Further, this request does not comply with the requirements for an email discovery request. ARC further objects to this request to the extent that it seeks privileged information, documents, or communications; internal communications regarding patent licenses, should they exist, are protected from disclosure by attorney-client privilege and/or the work product doctrine. ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation. ARC further objects to this request as vague, ambiguous, overbroad, and unduly

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

burdensome to the extent that it is unlimited in time and scope. Specifically, the request includes patents and agreements that are irrelevant to the current litigation: as written, the request includes any agreements made by ARC or any of its subsidiaries including any patent licenses. There is only one patent at issue, and it is wholly owned by CCE. This request seeks information on all other patents owned by ARC and any of its subsidiaries, which includes at least two other companies that are not involved in this litigation.

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

**Request No. 6:** All documents concerning any agreement executed concurrently with any agreement between ARC and any other persons that includes any patent license including a patent owned in whole or part by one or more Acacia Entities.

**Response:** In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein. ARC objects to the phrase "any patent license" to the extent that it characterizes any agreements involving ARC as conferring a relevant patent license from ARC to any other entity; Defendant has no factual basis for such a characterization. ARC objects to this request to the extent that it seeks discovery of email. ARC understands that the parties to the Action agreed to a procedure for handling email discovery. It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC. Further, this request does not comply with the requirements for an email discovery request. ARC further objects to this

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

request to the extent that it seeks privileged information, documents, or communications; internal communications regarding patent licenses, should they exist, are protected from disclosure by attorney-client privilege and/or the work product doctrine. ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation. ARC further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is unlimited in time and scope. Specifically, this request includes the same overbroad and vague structure seen in Request 5; ARC therefore incorporates the same objections here. Further, this request includes additional agreements other than patent licensing agreements, as long as they were "executed concurrently." This provides an even broader and more vague scope to the request and makes it even more likely that agreements responsive to the request would be irrelevant to the current patent infringement litigation.

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

**Request No. 7:** All documents concerning communications concerning any agreement between ARC and any other person or persons that includes any patent license including a patent owned in whole or part by one or more Acacia Entities.

**Response:** In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein. ARC objects to the phrase "any patent license" to the extent that it characterizes any

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

agreements involving ARC as conferring a relevant patent license from ARC to any other entity; Defendant has no factual basis for such a characterization. ARC objects to this request to the extent that it seeks discovery of email. ARC understands that the parties to the Action agreed to a procedure for handling email discovery. It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC. Further, this request does not comply with the requirements for an email discovery request. ARC further objects to this request to the extent that it seeks privileged information, documents, or communications; internal communications regarding patent licenses, should they exist, are protected from disclosure by attorney-client privilege and/or the work product doctrine. ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation. ARC objects to this request to the extent that it seeks discovery of email. ARC understands that the parties to the Action agreed to a procedure for handling email discovery. It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC. Further, this request does not comply with the requirements for an email discovery request. ARC further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is unlimited in time and scope. Specifically, this request includes the same overbroad and vague structure seen in Requests 5 and 6; ARC therefore incorporates the same objections here. Adding "communications" about the already vague and overbroad universe of potential agreements covered by Requests 5 and 6 to the request further broadens the scope of the request to include communications and correspondence that may be irrelevant to the current litigation.

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

**Request No. 8:** All documents concerning communications concerning negotiations leading to any agreement between ARC and any other person or persons that includes any patent license including a patent owned in whole or part by one or more Acacia Entities or any agreement executed concurrently with any agreement between ARC and any other person or persons that includes any patent license including a patent owned in whole or part by one or more Acacia Entities.

**Response:** In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein. ARC objects to the phrase "any patent license" to the extent that it characterizes any agreements involving ARC as conferring a relevant patent license from ARC to any other entity; Defendant has no factual basis for such a characterization. ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation. ARC objects to this request to the extent that it seeks discovery of email. ARC understands that the parties to the Action agreed to a procedure for handling email discovery. It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC. Further, this request does not comply with the requirements for an email discovery request. ARC further objects to this request to the extent that it seeks privileged information, documents, or

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

communications; internal communications regarding patent licenses, should they exist, are protected from disclosure by attorney-client privilege and/or the work product doctrine. ARC further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is unlimited in time and scope. Specifically, this request includes the same overbroad and vague structure seen in Requests 5, 6, and 7; ARC therefore incorporates the same objections here.

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

**Request No. 9:** All documents concerning any agreement between ARC and any other person or persons that includes any patent license including a patent that one or more Acacia Entities has authority to license.

**Response:** In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein. ARC objects to the phrase "any patent license" to the extent that it characterizes any agreements involving ARC as conferring a relevant patent license from ARC to any other entity; Defendant has no factual basis for such a characterization. ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation. ARC objects to this request to the extent that it seeks discovery of email. ARC understands that the parties to the Action agreed to a procedure for handling email discovery. It is improper and unduly

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC. Further, this request does not comply with the requirements for an email discovery request. ARC further objects to this request to the extent that it seeks privileged information, documents, or communications; internal communications regarding patent licenses, should they exist, are protected from disclosure by attorney-client privilege and/or the work product doctrine. ARC further objects to this request as vague, ambiguous, and unduly burdensome to the extent that it is unlimited in scope. Specifically, this request includes all patents owned by ARC and any of its subsidiaries, including patents that are unrelated to the single patent at issue in this litigation.

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

**Request No. 10:** All documents concerning any agreement executed concurrently with any agreement between ARC and any other person or persons that includes any patent license including a patent that one or more Acacia Entities has authority to license.

**Response:** In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein. ARC objects to the phrase "any patent license" to the extent that it characterizes any agreements involving ARC as conferring a relevant patent license from ARC to any other entity; Defendant has no factual basis for such a characterization. ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation. ARC

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

objects to this request to the extent that it seeks discovery of email. ARC understands that the parties to the Action agreed to a procedure for handling email discovery. It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC. Further, this request does not comply with the requirements for an email discovery request. ARC further objects to this request to the extent that it seeks privileged information, documents, or communications; internal communications regarding patent licenses, should they exist, are protected from disclosure by attorney-client privilege and/or the work product doctrine. ARC objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is unlimited in time and scope. Specifically, this request includes the same overbroad and vague structure seen in Request 9; ARC therefore incorporates the same objections here. Further, this request includes additional agreements other than patent licensing agreements, as long as they were "executed concurrently." This provides an even broader and more vague scope to the request and makes it even more likely that agreements responsive to the request would be irrelevant to the current patent infringement litigation.

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

**Request No. 11:** All documents concerning communications concerning any agreement between ARC and any other person or persons that includes any patent license including a patent that one or more Acacia Entities has authority to license.

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

**Response:** In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein. ARC objects to the phrase "any patent license" to the extent that it characterizes any agreements involving ARC as conferring a relevant patent license from ARC to any other entity; Defendant has no factual basis for such a characterization. ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation. ARC objects to this request to the extent that it seeks discovery of email. ARC understands that the parties to the Action agreed to a procedure for handling email discovery. It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC. Further, this request does not comply with the requirements for an email discovery request. ARC further objects to this request to the extent that it seeks privileged information, documents, or communications; internal communications regarding patent licenses, should they exist, are protected from disclosure by attorney-client privilege and/or the work product doctrine. ARC objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is unlimited in time and scope. Specifically, this request includes the same overbroad and vague structure seen in Requests 9 and 10; ARC therefore incorporates the same objections here. Adding "communications" about the already vague and overbroad universe of potential agreements covered by Requests 9 and 10 to the request further broadens the scope of the request to include communications and correspondence that may be irrelevant to the current litigation.

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

**Request No. 12:** All documents concerning communications concerning negotiations leading to any agreement between ARC and any other person or persons that includes any patent license including a patent that one or more Acacia Entities has authority to license or any agreement executed concurrently with any agreement between ARC and any other person or persons that includes any patent license including a patent that one or more Acacia Entities has authority to license.

**Response:** In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein. ARC objects to the phrase "any patent license" to the extent that it characterizes any agreements involving ARC as conferring a relevant patent license from ARC to any other entity; Defendant has no factual basis for such a characterization. ARC objects to this request to the extent that it seeks discovery of email. ARC understands that the parties to the Action agreed to a procedure for handling email discovery. It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC. Further, this request does not comply with the requirements for an email discovery request. ARC further objects to this request to the extent that it seeks privileged information, documents, or communications; internal communications regarding patent licenses, should they exist, are protected from disclosure by attorney-client privilege and/or the work product doctrine. ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation. ARC further objects to this request as vague, ambiguous, overbroad, and unduly

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

burdensome to the extent that it is unlimited in time and scope. Specifically, this request includes the same overbroad and vague structure seen in Requests 9, 10, and 11; ARC therefore incorporates the same objections here.

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

**Request No. 13:** All documents concerning all communications, including any proposals to license, negotiations, discussions, offers to license, presentations, or any other communications, regarding any potential agreement concerning the '923 patent, including any potential license including the '923 patent.

**Response:** In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein. ARC objects to this request to the extent that it characterizes any communications or agreements involving ARC as proposing, offering, or conferring a relevant patent license from ARC to any other entity; Defendant has no factual basis for such a characterization. ARC objects to this request to the extent that it seeks discovery of email. ARC understands that the parties to the Action agreed to a procedure for handling email discovery. It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC. Further, this request does not comply with the requirements for an email discovery request. ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

defense asserted in this litigation. ARC further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is unlimited in time. Further, ARC objects to this request to the extent that it seeks information, documents, and communications protected from disclosure under attorney-client privilege, attorney work product doctrine, and common interest privilege. Specifically, this request includes information about prior lawsuits and licensing efforts that, in addition to being protected from disclosure by attorney-client privilege and/or attorney work product doctrine, may be irrelevant and unrelated to this litigation. Additionally, this request asks about licenses and potential licenses in general, which includes any licenses procured as a result of litigation, as well as any licenses procured as a result of other business deals.

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

**Request No. 14:** All documents concerning any right, title, or interest in the '923 patent.

**Response:** In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein. ARC objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is not limited in time. ARC objects to this request as unduly burdensome to the extent that it seeks information that ARC cannot provide. ARC has never possessed any right, title, or interest in the '923 patent; this request should instead be directed at parties that do have interest in the '923 patent.

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

**Request No. 15:** All documents concerning any valuations or attempts to value the '923 patent or any portfolio containing the '923 patent.

**Response:** In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein. ARC objects to this request to the extent that it seeks discovery of email. ARC understands that the parties to the Action agreed to a procedure for handling email discovery. It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC. Further, this request does not comply with the requirements for an email discovery request. ARC further objects to this request to the extent that it seeks privileged information, documents, or communications; internal communications regarding patent valuations, should they exist, are protected from disclosure by attorney-client privilege and/or the work product doctrine. ARC objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is not limited in time. ARC further objects to this request to the extent that it seeks information not in ARC's possession, custody, or control. For example, ARC does not own the '923 patent and there are third parties who owned the rights to the '923 patent prior to CCE; as written, the request includes information that is more likely to be in those parties' possession.

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

**Request No. 16:** All documents concerning the relationship between ARC and CCE.

**Response:** In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein. ARC objects to this request to the extent that it seeks discovery of email. ARC understands that the parties to the Action agreed to a procedure for handling email discovery. It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC. Further, this request does not comply with the requirements for an email discovery request. ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation. ARC further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is unlimited in time and scope. Specifically, this request provides no limitation or context for the information it seeks regarding the "relationship" between ARC and CCE. As written, the request asks for an overly broad spectrum of any facts that could potentially relate to the relationship discussed. ARC further objects to this request as unduly burdensome to the extent that it seeks information that could more easily be obtained from CCE, who is a party to this Action.

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

**Request No. 17:** All communications concerning the relationship between ARC and CCE.

**Response:** In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein. ARC objects to this request to the extent that it seeks discovery of email. ARC understands that the parties to the Action agreed to a procedure for handling email discovery. It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC. Further, this request does not comply with the requirements for an email discovery request. ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation. ARC further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is unlimited in time and scope. For example, ARC objects to the term "communications" as not being limited in time or scope. Specifically, this request provides no limitation or context for the information it seeks regarding the "relationship" between CCE and ARC. As written, the request asks for an overly broad spectrum of any facts that could potentially relate to the relationship discussed. ARC further objects to this request as unduly burdensome to the extent that it seeks information that could more easily be obtained from CCE, who is a party to this Action.

 Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

**Request No. 18:** All documents concerning the "Assignment and Assumption Agreement" filed with the United States Patent and Trademark Office at Patent Reel 033405, Frame 0104 to 0106.

**Response:** In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein. ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation. ARC further objects to the term "concerning" as vague and ambiguous to the extent that it is unlimited in scope. Specifically, this request provides no context or information regarding what information Defendant seeks regarding the referenced agreement. ARC further objects to this request as unduly burdensome, as it seeks information about a document not filed by ARC. This request is presumably more properly directed to CCE, who is a party to this Action and has an ownership interest in the '923 patent.

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

**Request No. 19:** All documents concerning the "Patent Security Agreement" filed with the United States Patent and Trademark Office at Patent Reel 052853, Frame 0153 to 0404.

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

**Response:** In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein. ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation. ARC further objects to this request as vague and ambiguous to the extent that it is unlimited in scope. Specifically, this request relates to an agreement that involves numerous patents and parties that are not at issue and have no relevance to this litigation. The request provides no context or information regarding what information Defendant seeks relating to this agreement. Further, ARC objects to this request to the extent that it asks for things not in ARC's possession, custody, or control. ARC further objects to this request as unduly burdensome, as it seeks information about a document not filed by ARC. This request is presumably more properly directed to CCE, who is a party to this Action and has an ownership interest in the '923 patent.

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

**Request No. 20:** All documents concerning the "Release of Security Interest in Patents" filed with the United States Patent and Trademark Office at Patent Reel 053654, Frame 0254 to 0489.

**Response:** In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

herein. ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation. ARC further objects to this request as vague and ambiguous to the extent that it is unlimited in scope. Specifically, this request relates to an agreement that involves numerous patents and parties that are not at issue and have no relevance to this litigation. The request provides no context or information regarding what information Defendant seeks relating to this agreement. Additionally, ARC objects to this request to the extent that it asks for things not in ARC's possession, custody, or control. ARC further objects to this request as unduly burdensome, as it seeks information about a document not filed by ARC. This request is presumably more properly directed to CCE, who is a party to this Action and has an ownership interest in the '923 patent.

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

**Request No. 21:** All documents concerning communications concerning the "Assignment and Assumption Agreement," "Patent Security Agreement," or "Release of Security Interest in Patents" described in the three preceding paragraphs.

**Response:** In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein. ARC objects to this request to the extent that it seeks discovery of email. ARC understands that the parties to the Action agreed to a procedure for handling email discovery. It is improper

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC. Further, this request does not comply with the requirements for an email discovery request. ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation. ARC further objects to this request as vague and ambiguous to the extent that it is unlimited in scope. Specifically, this request involves the same agreements mentioned in Requests 18-20; ARC therefore incorporates the same objections here. Additionally, ARC objects to the term "communications" as not being limited in time or scope.

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

**Request No. 22:** All documents concerning any relationship between ARC and Starboard.

**Response:** In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein. ARC objects to this request to the extent that it seeks discovery of email. ARC understands that the parties to the Action agreed to a procedure for handling email discovery. It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC. Further, this request does not comply with the requirements for an email discovery request. ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation. Specifically, this request seeks information about

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

a relationship (to the extent one may exist) that has no bearing on any claim or defense in this litigation. ARC has no interest in the '923 patent and is not a party to the agreements discussed in Requests 19 and 20, which involve Starboard. ARC further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is unlimited in time and subject matter. Specifically, this request provides no limitation or context for the information it seeks regarding the "relationship" between ARC and Starboard. As written, the request asks for an overly broad spectrum of any facts that could potentially relate to the relationship discussed. Additionally, ARC objects to this request to the extent that it asks for things not in ARC's possession, custody, or control.

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

**Request No. 23:** All communications concerning any relationship between ARC and Starboard.

**Response:** In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein. ARC objects to this request to the extent that it seeks discovery of email. ARC understands that the parties to the Action agreed to a procedure for handling email discovery. It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC. Further, this request does not comply with the requirements for an email discovery request. ARC objects to this request as overbroad and unduly burdensome, and neither relevant

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation. Specifically, this request contains the same language used in Request 22 regarding the "relationship" between ARC and Starboard; ARC therefore incorporates the same objections here. ARC further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is unlimited in time and scope. For example, ARC objects to the term "communications" as not being limited in time or scope.

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

**Request No. 24:** All documents concerning this litigation or other CCE litigation.

**Response:** In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein. ARC objects to this request to the extent that it seeks discovery of email. ARC understands that the parties to the Action agreed to a procedure for handling email discovery. It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC. Further, this request does not comply with the requirements for an email discovery request. ARC objects to this request as overbroad and unduly burdensome, and not proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation. ARC further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is unlimited in scope and time. Specifically, this request asks for communications "concerning" this and other litigations; the phrase

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

"concerning" is vague and not limited in scope and therefore includes irrelevant information. Further, ARC objects to this request to the extent that it seeks information, documents, and communications protected from disclosure under attorney-client privilege, attorney work product doctrine, and common interest privilege. ARC further objects to this request as unduly burdensome; any information that ARC has that is not privileged or attorney work product is in the possession, custody, or control of CCE, who is a party to this Action.

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

**Request No. 25:** All documents concerning communications between ARC and CCE concerning this litigation or other CCE litigation.

**Response:** In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein. ARC objects to this request to the extent that it seeks discovery of email. ARC understands that the parties to the Action agreed to a procedure for handling email discovery. It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC. Further, this request does not comply with the requirements for an email discovery request. ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation. ARC further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is unlimited in scope and time.

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

ARC further objects to this request to the extent that it seeks information, documents, and communications protected from disclosure under attorney-client privilege, attorney work product doctrine, and common interest privilege. Specifically, this request asks for communications regarding the same information discussed in Request 24; ARC therefore incorporates the same objections here. Additionally, ARC objects to the term "communications" as not being limited in time or scope. ARC further objects to this request as unduly burdensome; any information that ARC has that is not privileged or attorney work product is in the possession, custody, or control of CCE, who is a party to this Action.

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

**Request No. 26:** All documents concerning communications between ARC and CCE concerning any actual or potential litigation concerning the '923 patent.

**Response:** In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein. ARC objects to this request to the extent that it seeks discovery of email. ARC understands that the parties to the Action agreed to a procedure for handling email discovery. It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC. Further, this request does not comply with the requirements for an email discovery request. ARC objects to this request as overbroad and unduly burdensome, and not proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

defense asserted in this litigation. ARC objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is unlimited in scope and time. Specifically, the phrase "potential litigation" is vague and ambiguous. Additionally, ARC objects to the term "communications" as not being limited in time or scope. Further, ARC objects to this request to the extent that it seeks information, documents, and communications protected from disclosure under attorney-client privilege, attorney work product doctrine, and common interest privilege. ARC further objects to this request as unduly burdensome; any information that ARC has that is not privileged or attorney work product is in the possession, custody, or control of CCE, who is a party to this Action.

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

Dated: October 9, 2020

Respectfully submitted,

By: /s/ Jonathan H. Rastegar
Jeffrey R. Bragalone (lead attorney)
Texas Bar No. 02855775
Jonathan H. Rastegar
Texas Bar No. 24064043
Jerry D. Tice II
Texas Bar No. 24093263
Hunter S. Palmer
Texas Bar No. 24080748

**BRAGALONE CONROY PC**
2200 Ross Avenue
Suite 4500W
Dallas, TX 75201
Tel: (214) 785-6670
Fax: (214) 785-6680
jbragalone@bcpc-law.com
jrastegar@bcpc-law.com
jtice@bcpc-law.com
hpalmer@bcpc-law.com

Attorneys for
**ACACIA RESEARCH CORPORATION**

## CERTIFICATE OF SERVICE

I certify that on October 9, 2020, the foregoing document was served on Defendant's attorneys of record by way of electronic mail.

By: /s/ Jonathan H. Rastegar
Jonathan H. Rastegar