# Exhibit W

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, | § § § | |
| Plaintiff, | § § | C.A. No. 2:20-cv-00078-JRG |
| v. | § § | JURY TRIAL DEMANDED |
| HMD GLOBAL OY, | § § § | |
| Defendant. | § | |

**MOTION TO ENFORCE THE PROTECTIVE ORDERS**

Plaintiff Cellular Communications Equipment LLC ("CCE") files this motion to enforce the Court's Protective Orders to prevent Defendant HMD Global Oy ("HMD") from improperly disclosing confidential information produced in this Action under the protections of the Protective Orders.

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................. 1

II. BACKGROUND ................................................................................................... 2

    A. CCE Produced Highly Confidential Information of CCE and Multiple Non-Parties to HMD Pursuant to the Court's Protective Orders. ............................................... 2

    B. HMD Issued a Subpoena to Non-Party ARC, Belatedly Seeking Irrelevant and Inadmissible Discovery to Support HMD's Already-Filed Motion to Dismiss. .... 3

    C. HMD Seeks to Improperly Disclose Confidential Information Produced Under the Protective Orders in This Action. ......................................................................... 5

    D. HMD Refuses to Agree to Abide by the Protective Orders or Proceed with Its Dispute with ARC in an Efficient Manner Before This Court Which Would Obviate the Improper Disclosure. ........................................................................... 6

III. ARGUMENT ......................................................................................................... 7

    A. HMD's Intended Actions Will Violate the Clear Language of the Court's Protective Orders. ................................................................................................... 7

    B. HMD's Theories Do Not Allow it to Violate the Protective Orders. ................... 11

    C. CCE's Protective Order Concerns are Well-Founded and Not for Purposes of Delay. .................................................................................................................... 13

IV. CONCLUSION ................................................................................................... 14

# **TABLE OF AUTHORITIES**

**Cases**

*Enzo APA & Sons, Inc. v. Geapag A.G.*,
   134 F.3d 1090 (Fed. Cir. 1998) ................................................................................ 3

*Frazier v. Layne Christensen Co.*,
   2005 WL 372253 (W. D. Wis. 2005) ..................................................................... 13

*Intelligraphics, Inc. v. Marvell Semiconductor, Inc.*,
   2009 WL 10695131 (N.D. Cal. 2009) ................................................................... 13

*Oyster Optics, LLC v. Infinera Corp.*,
   2019 WL 2603173 (E.D. Tex. 2019) ...................................................................... 4

*Schron v. Troutman Sanders LLP*,
   20 N.Y.3d 430, 986 N.E.2d 430 (2013) .................................................................. 4

*Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*,
   685 F.3d 486 (5th Cir. 2012) ................................................................................. 13

**Rules**

C.D. Cal. L.R. 79-5.2.2(b) ............................................................................................ 8

Fed. R. Civ. P. 45(c)(2)(a) .......................................................................................... 14

Fed. R. Civ. P. 45(f) ................................................................................................... 14

**I. INTRODUCTION**

Plaintiff Cellular Communications Equipment LLC ("CCE") files this Motion to Enforce the Court's Protective Orders to prevent improper disclosure of highly confidential information of both CCE and multiple third parties by Defendant HMD Global Oy ("HMD"). HMD has unequivocally stated that it intends to disclose highly confidential information in a new filing before an as-yet unknown Central District of California court. But no court nor court personnel other than this Court and its personnel are authorized to view or access information that has been designated as Highly Confidential and produced solely for this Action. Nor have third parties—who specifically consented *only* to a limited production in this matter under the strict terms of the Court's Protective Orders—been afforded an opportunity to object to HMD's intended violations of the Court's Protective Orders. In response to stated concerns by CCE, HMD has doubled-down on its threats, stating that if non-party Acacia Research Corporation ("ARC") does not provide specific declarations that an unknown California court would find sufficient to warrant sealing the Highly Confidential Information that has come into HMD's possession only through the Protective Orders in this case, HMD intends to file that information ***publicly***. CCE informed HMD that proceeding in this manner would violate this Court's Protective Orders. HMD, citing no authority, responded that the plain language of the Court's Orders should be ignored. Pursuant to Paragraph 24 of the Protective Order, Dkt. No. 31:

> 24. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

Thus, CCE hereby moves to enforce the plain, unambiguous terms of the Protective Orders.

## II. BACKGROUND

### A. CCE Produced Highly Confidential Information of CCE and Multiple Non-Parties to HMD Pursuant to the Court's Protective Orders.

On August 14, 2020, the Court entered a Protective Order in this matter, strictly limiting disclosure of confidential information to specifically identified individuals. Dkt. No. 31 at ¶ 5. On September 9, 2020, the Court entered a Stipulated Supplemental Protective Order, allowing a heightened designation of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." Dkt. No. 35. Under that heightened designation, disclosure is limited to "the persons identified in Paragraph 5(a-b) and (e-g) of the Protective Order" (*id.*), who are:

- (a) outside counsel of record in this Action for the Parties;

- (b) employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

- (e) disclosed outside consultants or experts who have completed an Undertaking;

- (f) independent litigation support services; and

- (g) the Court and its personnel.

Dkt. No. 31 at ¶ 5.

Pursuant to the Protective Orders, CCE produced various highly confidential documents to HMD in this Action, including ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (filed under seal as Dkt. No. 36-4) and ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (filed under seal as Dkt. No. 47-1). ▬▬▬ ▬▬▬▬ contains Highly Confidential information of ▬▬▬▬▬▬▬▬ and ▬▬▬▬ ▬▬ contains Highly Confidential information of ▬▬▬▬▬▬▬▬▬▬ In accordance with the Stipulated Supplemental Protective Order, CCE properly designated these two documents as

HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY; HMD has never challenged this designation.

### B. HMD Issued a Subpoena to Non-Party ARC, Belatedly Seeking Irrelevant and Inadmissible Discovery to Support HMD's Already-Filed Motion to Dismiss.

After withdrawing its first meritless motion to dismiss this Action, HMD filed a second meritless motion to dismiss on September 21, 2020, alleging that CCE lacked standing based on ▅▅▅▅▅▅▅▅▅▅ *See* Dkt. No. 36. That motion is fully briefed and ripe for a ruling from this Court. Yet HMD issued multiple subpoenas, purportedly to gather evidence to support its fully-briefed motion.[1] On September 25, HMD served non-party ARC with a subpoena for documents and things. ARC objected to producing documents in response to the subpoena, primarily because the (1) in view of the parol evidence rule, the subpoena seeks documents that are irrelevant and inadmissible to modify, supplement, or contradict the terms of ▅▅▅▅▅▅▅▅▅▅ and (2) the subpoena requests production of emails (including emails from CCE), which is inconsistent with the Court's Discovery Order incorporating the Court's ESI Order and thus is overly burdensome. *See, e.g.*, Ex. A at 2.

As the Federal Circuit has explained, a written instrument is necessary to obtain rights to a patent. *Enzo APA & Sons, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093 (Fed. Cir. 1998). No written instrument has ever conveyed such rights in the '923 patent to ARC. Thus, by law, ARC does not have the right to license the '923 Patent, irrespective of the contents of ▅▅▅▅▅▅▅▅▅▅ which even HMD must concede ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅

---

[1] CCE notes that, were this Court to rule on HMD's Motion to Dismiss based on standing, it would moot the entirety of HMD's discovery demands from ARC (with the possible exception of ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ which CCE has already agreed to produce).

Nevertheless, HMD began seeking evidence to support its theory that ARC somehow owns rights in the '923 Patent, including extensive proposed discovery into parol evidence related to the ▮▮▮▮▮ and extensive discovery supposedly related to ARC's "course of dealing" as to wholly unrelated patents and entities. But HMD has never argued – much less identified – any ambiguity in ▮▮▮▮▮ and no amount of parol evidence can change the unambiguous terms of ▮▮▮▮▮ *See, e.g.*, *Schron v. Troutman Sanders LLP*, 20 N.Y.3d 430, 436, 986 N.E.2d 430, 433–34 (2013) ("Parol evidence—evidence outside the four corners of the document—is admissible only if a court finds an ambiguity in the contract.")[2]; *see also Oyster Optics, LLC v. Infinera Corp.*, 2019 WL 2603173, *9 (E.D. Tex. 2019) ("Because the agreement is clear and complete on its face, any such discovery would simply be an opportunity for plaintiff to uncover parol evidence to attempt to create an ambiguity in an otherwise clear and unambiguous agreement") (internal quotes and emphasis omitted)). As such, the discovery that HMD seeks is irrelevant as a matter of law.

Further, HMD seeks from non-party ARC extensive email discovery. ARC and CCE have objected to HMD, a party to this lawsuit, seeking to compel discovery in another court from non-party ARC that would be precluded by the email discovery procedures and discovery limits to which HMD agreed in this case. *See* Dkt. No. 24 at ¶12(e) (incorporating the Court's Model ESI Order). Although ARC requested HMD identify custodians, HMD refused. *See* Ex. A at 2. It is improper for HMD to seek to subject non-party ARC to a higher burden of discovery than that

which applies to the parties in this case. As such, ARC objected to the burdensome email discovery demanded by the HMD subpoena.

Although ARC offered multiple proposed compromises and agreed to produce certain documents other than email, HMD refused. Tellingly, HMD also refused ▌

▌ HMD has not accepted ARC's offers.

### C. HMD Seeks to Improperly Disclose Confidential Information Produced Under the Protective Orders in This Action.

On November 16, counsel for HMD served a letter and a draft joint stipulation. Ex. E. In the letter, counsel for HMD informed ARC that HMD intends to file its proposed joint stipulation in a new action before a court in the Central District of California. *Id*. HMD further states that it will file in the unknown California court the joint stipulation and numerous exhibits either marked HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY pursuant to the Protective Orders in this Action and/or filed under seal in this Court. *Id*.

HMD's proposed filing includes information produced by CCE in this Action and designated as "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY":

1. HMD's September 21, 2020 Motion to Dismiss (Dkt. No. 36, filed under seal in this Action), designated as an attachment to the proposed joint stipulation.

2. CCE's Response in Opposition to HMD's Motion to Dismiss (Dkt. No. 47, filed under seal in this Action), designated as an attachment to the proposed joint stipulation.

3. HMD's Reply to the Motion to Dismiss (Dkt. No. 49, filed under seal in this Action), designated as an attachment to the proposed joint stipulation.

4. CCE's Sur-Reply in Opposition to the Motion to Dismiss (Dkt. No. 58, filed under seal in this Action), designated as an attachment to the proposed joint stipulation.

5. A Letter of November 3, 2020 from counsel of HMD to counsel of CCE, designated "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY."

6. ▮▮ ▮▮▮▮▮ designated as HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY (and filed under seal in this Action as Dkt. No. 36-4), designated as an attachment to the proposed joint stipulation.

Palmer Dec'l, ¶ 10. Moreover, throughout the proposed joint stipulation, HMD discusses ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and their Highly Confidential terms. *Id*.

While HMD indicated that it would request to file ▮▮▮▮▮▮ under seal, HMD seeks to improperly shift its burden under the Protective Orders to non-party ARC for all other confidential information, requesting that ARC identify, redact, and provide declarations in order to seal other materials, including the Highly Confidential Information referenced in HMD's portions of the joint statement. Ex. E at 2. Moreover, HMD disregards the fact that no court or court personnel other than this Court and its personnel are entitled to review the Highly Confidential information.

   **D. HMD Refuses to Agree to Abide by the Protective Orders or Proceed with Its Dispute with ARC in an Efficient Manner Before This Court Which Would Obviate the Improper Disclosure.**

After CCE became aware of HMD's intended disclosure of Highly Confidential information, counsel for CCE informed counsel that HMD that HMD and its counsel would violate

the Protective Orders in this Action if they moved forward with filing the proposed joint stipulation in a CDCA court. Ex. F.

In response, counsel for HMD provided a six-page, single-spaced letter styled as a brief, demanding it be submitted to the Court along with this motion. Ex. G. At the end of the letter, HMD stated that its intended disclosure of Highly Confidential information would be proper. *Id.* at 4. However, HMD was unable to cite any authority, from this Court or any other, that would justify such a violation of the Protective Orders. *See id.* ▓

▓Unfortunately, HMD did not accept this proposal and continues to seek to improperly disclose confidential information in violation of the Court's Protective Orders.

**III.     ARGUMENT**

    **A.  HMD's Intended Actions Will Violate the Clear Language of the Court's Protective Orders.**

By proceeding with its intended filing in the Central District of California, HMD will violate the Protective Orders in this Action by improperly disclosing information designated as HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY and/or filed under seal in

this Action. First, HMD intends to disclose ▮▮▮▮▮▮ and underlying information of the ▮▮▮▮▮▮ to a CDCA court and its personnel. This alone is a violation of the Protective Orders, as that court and its personnel are not authorized to view such produced and designated information. *See* Dkt Nos. 35 at 2; 31 at ¶ 5.

HMD's intended disclosure is not a mere technical violation of the Protective Orders; the improper disclosure could prove disastrous. This Court's Protective Order provides a mechanism for filing confidential information under seal in this Action. Dkt. No. 31 at ¶ 16. Therefore, when ▮▮▮▮▮▮ consented to allowing production of their Highly Confidential information for purposes of this Action only, they were aware precisely to whom their confidential information would be provided and that it would be filed under seal with the Court. This is not the case the new action in the Central District of California, which has no Protective Order. Further, the information can remain under seal only upon a declaration showing "good cause or demonstrating compelling reasons why the strong presumption of public access in civil cases should be overcome, with citations to the applicable legal standard." C.D. Cal. L.R. 79-5.2.2(b) (available at https://www.cacd.uscourts.gov/sites/default/files/documents/LocalRules_Chap1.pdf). Moreover, if the CDCA court does not find the declaration compelling enough to overcome the strong presumption, the Filing Party may file the documents unsealed. *Id*. Not only would the confidential information be improperly disclosed to an unknown court and its personnel; it could also be disclosed ***publicly***. Moreover, discussion of underlying provisions of the Highly Confidential agreements will be disclosed publicly unless non-party ARC provides redactions and declarations to support the strong presumption against filing under seal. ▮▮▮▮▮▮ never consented to their confidential information being treated in this manner, or potentially disclosed to the public, and neither non-party has any notice that HMD intends to disclose their confidential

information in a new matter. Moreover, neither CCE nor ARC has any right to provide that consent on behalf of ▌▌▌▌▌▌. Indeed, pursuant to provisions of those agreements, CCE is *precluded* from providing such consent.

Second, should HMD file the proposed joint stipulation, it would violate Paragraph 7 of the Protective Order, mandating that confidential information "shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose." Dkt. No. 31. Contrary to this provision, HMD seeks to use the CCE-produced confidential information in an as-yet unfiled action, which it has described as "*HMD Global Oy v. Acacia Research Corporation*, No. 20-mc-___ (C.D. California)." Ex. E at 1 (subject line). HMD's attempt to impute the protections of the Protective Order to a completely different court in a different state is an unreasonable expansion of the singular term "this Action." Under HMD's interpretation, it would be permitted to disclose Highly Confidential documents in any court of any jurisdiction, which would include other courts and judges who may have differing standards for addressing confidentiality. Further, even if a new California action were considered to fall under a broad reading of "this Action," HMD's actions would still violate paragraph 5 of the Protective Order: "the Court and its personnel" clearly and unambiguously means this Court, in the Eastern District of Texas. HMD's intended filing is especially problematic as it includes Highly Confidential information of non-parties. ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ were provided contractually-required notice that CCE was producing their Highly Confidential information, in this Action only, and under the terms of the Protective Order in this matter. Neither CCE nor HMD is authorized to allow disclosure of ▌▌▌▌▌▌ in any Central District of California proceeding. Moreover, ▌▌▌▌▌▌ has been provided any notice that HMD intends to disclose their Highly Confidential information in a new action before the Central District of California. HMD is not entitled to simply disregard the express terms

of the Protective Orders on a whim, and submit the documents to other courts, with differing standards for protecting Highly Confidential information. CCE has every right to refuse to consent to use of its Highly Confidential information in this manner, and HMD has not shown any justification for modification of the express limitations of the Protective Order. Placing their HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY information at risk of public disclosure was not the bargain to which CCE, ARC, ███ agreed, and they each have the absolute right to refuse to consent to HMD's proposed unauthorized disclosure.

Third, HMD and its counsel seek to relieve themselves of their obligation to abide by provisions of the Protective Orders by requesting that non-party ARC identify and redact information that HMD is not authorized to file in any event. In its November 16 correspondence, counsel for HMD highlighted its concern with protecting HMD confidential information, but not the confidential information of others. After indicating that it would seek to file ███ under seal and redact the submitted briefing of the Motion to Dismiss in the same manner as redacted in this Action, HMD indicated that the duty to protect additional confidential material would fall to non-party ARC:

> Other than these materials, if there is anything that will appear in our stipulation or accompanying materials (including of course the stipulation itself) over which you claim confidentiality and request redaction, please provide your requested redactions as soon as possible, but no later than your responsive portions of the joint stipulation under Loc. R. 37-2. We will file those redacted versions and the Application For Leave to File Under Seal under Local Rule 79-5.2.2. Since none of the sealed information is confidential to HMD Global, you must file the appropriate declaration in support of sealing under Local Rule 79-5.2.2(b)(i).

Ex. E. at 2. Importantly, HMD's draft declaration discusses the underlying confidential ███ ███ But even though HMD has this information only as a result of discovery obtained in this Action, HMD will not seek to redact that

information from the public filing absent proposed redactions and declarations from non-party ARC. Proceeding in such a dismissive manner is improper: HMD and its counsel have a duty to abide by the Protective Orders and cannot disclose confidential information disclosed under the Protective Orders based on non-party ARC's identification (or lack thereof) of confidential material.

### B. HMD's Theories Do Not Allow it to Violate the Protective Orders.

In its November 22 letter, HMD advances two theories why its intended disclosure outside the bounds permitted by the Protective Orders would not be a Protective Order violation; neither withstands scrutiny. First, HMD argues that the Local Rules of the Central District of California would require HMD to disclose the confidential information because the confidential information is "integral" to the joint stipulation. Ex. G at 4. But HMD is under no obligation to submit any filing to an unknown California court. And even if it were, local rules of another court cannot override the protections of this Court ordered to safeguard Highly Confidential information provided pursuant to the Protective Orders. HMD goes on to allege that "there would be no way for HMD Global to move to compel" discovery from ARC. *Id*. This argument is nonsense: HMD could move to compel without disclosing the Highly Confidential information and documents that it seeks. Alternatively, HMD could accept ARC's sensible proposal and move this Court to compel such production. Finally, HMD could move this Court to modify the Protective Orders rather than simply proceed to violate them. *See* Dkt. No. 31, ¶ 27.

Second, HMD argues that it can violate the plain language of the Protective Orders because parties in other, different cases relied on confidential information in briefing motions to compel in different courts. *Id*. at 5. But HMD ignores that each protective order in the five cases permits

parties to consent to additional disclosures. *See* Dkt. No. 31, ¶ 5.[3] That other parties in different circumstances might consent to additional disclosures of confidential information has absolutely no bearing on whether either CCE or this Court *must* agree to expand the scope of permitted disclosures beyond the express limits of the Protective Orders or whether HMD can violate the Protective Orders in this case. Additionally, the documents at issue in each of the matters cited by HMD either render it readily distinguishable from this case or do not provide the support that HMD claims. For example, in *Mobile Telecom*, the California filings included confidential information of Google, who was involved in the case. Case 5:16-mc-80012 (C.D. Cal.) at Dkt. No. 8 (Motion to Compel Google). Further, Google apparently consented to the filings: Google itself submitted its own confidential information to the California court and filed a declaration along with the filings requesting that its confidential information be sealed. *See id.* at Dkt. No. 16-1. In *Fractus*, Fractus was obliging SVA by following sealing procedures even though the protective order in that case was not applicable to the agreement at issue; indeed, the agreement had already been publicly filed. *See Fractus, S.A. v. AT&T Mobility LLC*, Case No. 19-130 (S.D.N.Y.), Dkt. No. 23,

---

[3] *See Mobile Telecommunication Tech., LLC v. Sprint Nextel Corp.*, Case No. 15-183 (E.D. Tex.), Dkt. No. 43, ¶ 12 ("Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record any Protected Material."); *Uniloc 2017 LLC v. Google LLC*, Case No. 18-491 (E.D. Tex.) Dkt. No. 57, ¶ 5 ("'CONFIDENTIAL' documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party"); *Nexus Display Tech. v. Dell Inc.*, Case No. 14-762 (E.D. Tex.), Dkt. No. 57, ¶ 5 (same); *Fractus, S.A. v. AT&T Mobility LLC*, Case No. 18-135 (E.D. Tex), Dkt. No. 75, ¶ V.D. ("Nothing in this Protective Order shall restrict in any way the use or disclosure of Protected Information by a Receiving Party: … (ii) with the consent of the Producing Party"); *Cellular Commc'ns Equip. LLC v. HTC Corp.*, Case No. 13-507 (E.D. Tex.), Dkt. No. 310, ¶ 6.6.1 (listing specific acceptable parties for disclosure, including "any other person with the prior written consent of the Producing Party specifying that said person may have access to material designated as 'CONFIDENTIAL'").

p. 5 n.4. In *Uniloc*, *Nexus*, and *CCE v. HTC*, the examples cited by HMD are merely forms or requests to redact or file under seal; nothing in these documents indicates what agreements were reached by any parties regarding disclosing protected information. Further, HMD was unable to provide any authority—from this Court or any other—that would allow a party to disregard the plain language of the Protective Orders.

Protective Orders are as enforceable as any other order issued by the Court. *See Intelligraphics, Inc. v. Marvell Semiconductor, Inc.*, 2009 WL 10695131, *4 (N.D. Cal. 2009) (Allowing for sanctions under Rule 37 due to a violation of a protective order, even when plaintiff argued that violation was only "technical"). *See also Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486 (5th Cir. 2012) (Upholding sanctions for violating a protective order, even when disclosure may have been inadvertent); *Frazier v. Layne Christensen Co.*, 2005 WL 372253, *4 (W. D. Wis. 2005) "[T]he protective order is not a paper tiger."). The Protective Orders in this case establish who may view produced information that has been designated confidential—which does not include a California court and its personnel, let alone the public. Regardless of how "standard" HMD may view its actions, HMD will violate the Protective Orders if it is allowed to proceed with its filing.

### C. CCE's Protective Order Concerns are Well-Founded and Not for Purposes of Delay.

HMD spends most of its November 22, 2020 letter discussing ARC's (and, confusingly, CCE's) purported refusal to provide documents and supposed delay tactics. But with respect to many of HMD's requests, ARC (1) stated that it did not believe documents existed, (2) stated that the responsive documents have already been produced, or (3) agreed to search for responsive documents other than emails. Ex. A at 3.

Further, as shown above, CCE's Protective Order claims are well-founded, and both HMD and CCE have duties to prevent violations of the Protective Orders in this Action. *See* Dkt. No. 31 at ¶ 13. Further, ▌

▌

▌

▌

▌

▌

▌

▌Yet HMD is determined to proceed in the most inefficient, costly, and burdensome manner in order to heighten the burden and expense to both non-party ARC and CCE. Moreover, HMD could have itself moved for modification of the Protective Orders long ago; thus, to the extent that there is any delay in resolving these discovery disputes, it is due to HMD. Nevertheless, any perceived need for expediency cannot outweigh the interests of maintaining the integrity of the Court's Protective Orders, and HMD should not be permitted to simply violate them with impunity.

## IV.   CONCLUSION

Based on the foregoing, CCE requests that the Court enforce its Protective Orders by ordering HMD to abide by the Protective Orders and refrain from filing any documents that would disclose confidential information to a CDCA court, or the public. Specifically, the Court should order HMD to prevent disclosure of any information produced by CCE and designated under the Protective Orders—including ▌

provisions—to any person or entity not permitted under the Protective Orders, including a Central District of California court and its personnel. Further, the Court should not allow HMD to shift its obligation under the Protective Orders to other entities, including non-party ARC, and order HMD to avoid public disclosure of any information produced by CCE and designated under the Protective Orders.

Dated: November 25, 2020

Respectfully submitted,

/s/ *Jeffrey R. Bragalone*
Jeffrey R. Bragalone (lead attorney)
Texas Bar No. 02855775
Jonathan H. Rastegar
Texas Bar No. 24064043
Jerry D. Tice II
Texas Bar No. 24093263
Hunter S. Palmer
Texas Bar No. 24080748

**BRAGALONE CONROY PC**
2200 Ross Avenue
Suite 4500W
Dallas, TX 75201
Tel: (214) 785-6670
Fax: (214) 785-6680
jbragalone@bcpc-law.com
jrastegar@bcpc-law.com
jtice@bcpc-law.com
hpalmer@bcpc-law.com

Attorneys for Plaintiff
**CELLULAR COMMUNICATIONS EQUIPMENT LLC**

## CERTIFICATE OF CONFERENCE

The undersigned certifies that on November 25, 2020, counsel for CCE and HMD met and conferred on the subject matter of this motion. Counsel has conferred with opposing counsel in a good faith attempt to resolve the matter without Court intervention but were unable to each agreement and remain at an impasse. Accordingly, the motion is opposed. During the parties' correspondence leading up to the meet and confer conference, CCE agreed that, to the extent HMD files its opposition to this Motion by 5:00 p.m. CST on December 2, 2020, CCE will file its Reply by December 4, 2020.  During the meet and confer call, the parties discussed that, in the event HMD moves to modify the Protective Order(s), CCE would nevertheless request sufficient time to file both its response thereto and a sure-reply to any reply submitted by HMD.

/s/ *Jeffrey R. Bragalone*
Jeffrey R. Bragalone

## CERTIFICATE OF AUTHORIZATION TO SEAL

Under Local Rule CV-5, the undersigned counsel hereby certifies that authorization for filing under seal has been previously granted by the Court in the Protective Order (Dkt. No. 31) entered in this case on August 14, 2020.

/s/ *Jeffrey R. Bragalone*
Jeffrey R. Bragalone

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 25, 2020.

/s/ *Hunter S. Palmer*
Hunter S. Palmer