Matthew S. Warren (Bar No. 230565)
Jennifer A. Kash (Bar No. 203679)
Maissa Chouraki (Bar No. 307711)
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
20-127@cases.warrenlex.com

*Attorneys for HMD Global Oy*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| HMD GLOBAL OY,<br><br>   Movant,<br><br>v.<br><br>ACACIA RESEARCH CORPORATION,<br><br>   Respondent. | Case No. 8:20-mc-127 JLS (JDEx)<br><br>**MEMORANDUM IN SUPPORT OF OPPOSED *EX PARTE* APPLICATION BY HMD GLOBAL OY FOR CLARIFICATION OF THIS COURT'S SEALING PROCEDURES**<br><br>Judge: John D. Early<br>Date: [TBD]<br>Time: [TBD]<br>Place: [TBD]<br>Discovery Cutoff: March 18, 2021<br>Pretrial Conference: June 29, 2021<br>Discovery Cutoff: March 18, 2021<br>Trial Date: August 2, 2021 |

# INTRODUCTION

In the brief history of this ancillary action, HMD Global filed papers under this Court's procedures for protecting confidentiality. HMD Global followed this Court's rules, and bent over backwards to protect the confidentiality of respondent Acacia Research Corporation and its wholly owned subsidiary Cellular Communications Equipment LLC, making sure to file publicly only documents that ARC or CCE had already blessed for public filing. Late this afternoon, however, counsel for both ARC and CCE asserted for the first time that, simply by following this Court's sealing procedures, HMD Global violated an order from the Eastern District of Texas requiring it to file confidential documents before this Court "**UNDER SEAL** pursuant to that Court's procedures."

HMD Global is confident that it did exactly that. This Court's rules gave it no other option, and this Court's ECF system gave it no other choice. But ARC and CCE's accusation is a serious one, and they threatened this afternoon to take that accusation to the Eastern District of Texas *tomorrow*, although there is no urgency to their request, since HMD Global's documents have been on file for more than a week, and HMD Global made sure to file publicly only documents that ARC or CCE had already blessed for public filing. Unfortunately, ARC and CCE's threat forces HMD Global to file this *ex parte* application, so that this Court could interpret its own procedures and confirm that HMD Global acted properly under them, and had no choice but to proceed as it did.

# BACKGROUND

**A.     The Underlying Action and CCE's Motion to Enforce the Protective Order**

On March 17, 2020, Cellular Communications Equipment LLC ("CCE") sued HMD Global for infringement of a single patent, U.S. Patent No. 7,218,923 ("the '923 patent"). *Cellular Communications Equipment LLC v. HMD Global Oy*, Case No. 20-78, Docket No. 1 (E.D. Tex. March 17, 2020). On August 10, 2020, CCE effected service on HMD Global through the Hague Convention. *Id.*, Docket No. 30 (E.D. Tex. Aug. 10, 2020); *see* Docket No. 3-1 § C. On September 21, 2020, HMD Global moved to dismiss the underlying action on grounds including a lack of standing. *See* Docket No. 3-1 § D. On

1. September 25, HMD Global served respondent Acacia Research Corporation ("ARC") with a subpoena for documents regarding the issues raised by HMD Global's motion to dismiss. Docket No. 3-7; *see* Docket No. 3-1 § F.

On November 16, HMD Global served its portion of a draft joint stipulation, along with "all declarations and exhibits to be offered in support of the moving party's position," as required by Local Rule 37-2.2. Docket No. 3-14; *see* Docket No. 3-1 § G. ARC refused to participate in the Local Rule 37-1 process, *see id.*, and CCE filed a "Motion to Enforce" the Eastern District protective order before that Court, seeking an order barring HMD Global from proceeding in this Court. *See id.*

On December 16, 2020, Eastern District denied CCE's motion, ruling that HMD Global may file papers here "as is necessary to comply with that Court's Local Rules to facilitate that Court's resolution of this discovery dispute," and that "such papers shall be filed **UNDER SEAL** pursuant to that Court's procedures." Docket No. 1-24 (emphasis in original); *see* Docket No. 3-1 § G.

**B.    HMD Global Files its Motion as Required by This Court's Sealing Procedures**

On December 21, 2020, HMD Global opened this ancillary action. Docket Nos. 1-7. Although it filed some papers that contained confidential information of ARC or CCE, HMD Global filed publicly *only* versions of these documents that CCE had already cleared for public filing in the Eastern District of Texas. *See* Docket No. 2 at 1:12 to 2:22. As a result, *every* document HMD filed publicly either *clearly* contained *zero* confidential information of ARC or CCE—such as this one—or had already been blessed for publication by CCE itself. *See id.* HMD Global filed only one document regarding which ARC and CCE had not already made a sealing decision: its brief, Docket No. 3-1. Regarding this brief, HMD Global explained in its application for leave to file under seal:

> HMD Global is faced with potentially conflicting obligations: this Court's Local Rule 79-5.2.2(a)(iii) requires HMD Global to file with this declaration "[a] redacted version of any document(s) of which only a portion is proposed to be filed under seal," and the Eastern District's order that HMD Global file documents subject to its protective order "**UNDER SEAL** pursuant to that Court's procedures." Ex. A (emphasis in original). To avoid any allegation that HMD Global violated the Eastern District of Texas order, while honoring as much as possible this Court's

> Local Rule 79-5.2.2(a)(iii), HMD Global does not at this time file a public redacted version of this document, but will do so promptly after ARC files its sealing declaration under Local Rule 79-5.2.2(b)(i), which must include "a copy of the relevant material with proposed redactions highlighted." *Id.* Once ARC does so, HMD Global will file a public version of the Memorandum of Law under this Court's Local Rule 79-5.2.2(a)(iii), using ARC's proposed redactions under Local Rule 79-5.2.2(b)(i).

Docket No. 2 at 2:10-22 (emphasis in original). HMD Global served all these materials on ARC that same day. Docket No. 7. ARC has never complained that HMD Global incorrectly filed any confidential information publicly, nor could it do so.

**C.     After ARC Declines to File a Sealing Declaration Under Loc. R. 79-5.2.2(b)(i), HMD Global Inquires Regarding Its Intentions, and ARC Responds With Accusations that HMD Global Violated the Eastern District's Order**

ARC's sealing declaration under Loc. R. 79-5.2.2(b)(i) fell due yesterday, Monday, December 28. Fed. R. Civ. P. 6(a)(6); 6(a)(1)(C). When ARC did not file a sealing declaration, thus preventing HMD Global from filing a redacted version of its brief, HMD Global this morning wrote ARC's counsel to inquire, stating that:

> Seeking to balance our obligations under Loc. R. 79-5.2.2(a)(iii) and the Eastern District's order, in our December 21 application for leave to file under seal, we stated that "HMD Global does not at this time file a public redacted version of this document, but will do so promptly after ARC files its sealing declaration under Local Rule 79-5.2.2(b)(i)." Docket No. 2. Now that ARC has declined to follow Rule 79-5.2.2(b)(i), the Court will expect us to update it on the status of our promise, and to do so promptly.

Declaration of Matthew S. Warren ("Warren Decl."), Ex. A. At 5:37 p.m. PST this afternoon, ARC responded with accusations that HMD Global had violated the Eastern District's Order by filing under this Court's Local Rule 79-5.2.2(b) rather than Local Rule 79-5.2.2(c). Warren Decl., Ex. B. ARC threatened to take its accusations to the Eastern District if HMD Global did not "confirm before noon Central time tomorrow that" it would "cure its filings to comply with Cal. Local Rule 79-5.2.2(c)." *Id.*

**D.     HMD Global Provides Notice of this *Ex Parte* Application**

At 9:17 p.m. PST this evening, HMD Global called counsel for ARC who wrote the letter, left a voicemail asking for a call back, and followed up with an email seeking the

same. Warren Decl. ¶ 4, Ex. C. At 10:19 p.m. PST, HMD Global again called counsel for ARC, again left a voicemail, and again followed up with an email. *Id.* ¶ 5, Ex. D. At 10:54 p.m. PST, HMD Global notified ARC's counsel of this *ex parte* application by electronic mail. *Id.* Ex. E. HMD Global has not heard back from ARC as of this filing but, given ARC's letter, assumes it will oppose. The name and contact information for ARC's counsel appears in Exhibit B. Since counsel for ARC has not yet appeared in this action, immediately after filing this *ex parte* application and related papers, HMD Global will serve those papers on opposing counsel and file a proof of service.

## ARGUMENT

**I.  This Court's Procedures Do Not Allow HMD Global to File Its Papers Under Local Rule 79-5.2.2(c), and This Court's ECF System Does Not Include Such an Option; HMD Global Could Proceed Only Under Local Rule 79-5.2.2(b)**

ARC's letter of this afternoon raises two issues, only one of which involves HMD Global. ARC first claims that the Eastern District's order requiring that "such papers shall be filed **UNDER SEAL** pursuant to that Court's procedures," Docket No. 1-24 (emphasis in original), obviates the need for ARC to file sealing declarations under Local Rule 79-5.2.2(b)(i). HMD Global takes no position on this issue, and leaves it to ARC to resolve with the Court.

ARC's second claim in its letter, however, *does* implicate HMD Global: ARC claims that HMD Global should have filed its papers under Local Rule 79-5.2.2(c) and not Local Rule 79-5.2.2(b). *See* Warren Decl., Ex. B. ARC argues that Local Rule 79-5.2.2(c) allows a coordinate court (such as the Eastern District of Texas) to order sealing of documents in this Court, and further allows filers to avoid this Court's procedures in its Local Rules by relying on orders from those coordinate courts. *See* Warren Decl., Ex. B. Here, ARC is incorrect. Local Rule 79-5.2.2(c) applies only to documents which this Court has approved for filing following their initial submission as part of an Application for Leave to File Under Seal under either Local Rule 79-5.2.2(a) or 79-5.2.2(b). The text of the Rule confirms this understanding, referring to a preexisting "PROPOSED sealed document submitted with the Application," which would not exist under CCE's

interpretation. Loc. R. 79-5.2.2(c). And Local Rule 79-5.2.2 itself confirms that "[i]n a non-sealed civil case, no document may be filed under seal without prior approval by the Court." *Id.* In short, this Court's rules *required* HMD Global to file under Local Rule 79-5.2.2(b), and indeed noted that improper use of Local Rule 79-5.2.2(c) may subject the filed documents "to public disclosure, and may subject the filer to sanctions." *Id.* This structure also makes sense: under ARC's interpretation parties could apply their own understanding of coordinate court orders, with no ability for this Court to regulate them. Under this Court's Local Rules, HMD Global had no choice but to proceed as it did.

HMD had no choice for another reason as well: this Court's ECF system, built to follow this Court's Local Rules, *does not allow filing under Local Rule 79-5.2.2(c)* unless there is an existing Order of this Court on the docket, to which the filing party can link the ECF filing. This Court explains this process clearly in its *Guide to Filing Electronically Under-Seal Documents in Civil Cases*, available at http://www.cacd.uscourts.gov/sites/default/files/documents/Guide%20to%20Efiling%20sealed@20Docs.pdf. The *Guide to Filing Electronically* distinguishes between applications for leave to file under seal (*id.* at 5-15, *see* Loc. R. 79-5.2.2(a), (b)) and sealed documents (*id.* at 15-21, *see* Loc. R. 79-5.2.2(c). As the Guide explains, one can always file an application for leave to file under seal (*id.* at 5), but one can file a sealed document *without* an application only if there is a Order of this Court already on the docket to which the filer can link:

> **SEALED CIVIL DOCUMENTS**  2016
>
> 13. You must next link your Sealed Document to an Order granting leave to file the document under seal. The next screen will either inform you that no orders have been filed, so docketing cannot continue, or present a list of orders previously entered in the case. Make a selection from this list, and click "**Next**."
>
> **Under Seal Filing**
> *Select the appropriate event(s) to which your event relates:*
>
> ☑ 11/14/2015 57 ORDER by Mary TestJudge: granting 55 APPLICATION to Seal Document (jcdk)
> NEXT   Clear

*Guide to Filing Electronically* at 19. HMD Global tested its ability to file sealed documents through ECF, and confirmed that it could not do so. When it attempted to do so, the Court's ECF system reported that docketing could not continue, just as the *Guide* indicated it would. The Court's ECF system thus enforces the Court's Local Rules by preventing HMD Global (or any other filer) from filing sealed documents under Local Rule 79-5.2.2(c) without first filing an application under Local Rule 79-5.2.2(a) or (b) and obtaining an Order granting the application from this Court.

## II. This Court Should Confirm that HMD Global Acted as Required

ARC and CCE are intent on accusing HMD Global of violating the Eastern District of Texas order that "such papers shall be filed **UNDER SEAL** pursuant to that Court's procedures." Docket No. 1-24 (emphasis in original); *see supra* § C. But HMD Global acted precisely "pursuant to that Court's procedures," *see supra* § I, and respectfully requests that this Court so confirm, so that HMD Global can explain its compliance to the Eastern District of Texas.

## III. This Court Should Provide Guidance Regarding Future Filings

HMD Global respectfully requests guidance from this Court regarding the public, redacted version of its brief. *See supra* § B. In light of ARC and CCE's repeated accusations regarding the protective order, HMD Global does not want to guess regarding ARC's claims of confidentiality over portions of that document. HMD Global planned to wait for ARC's sealing declaration under Local Rule 79-5.2.2(b)(i), which would include "a copy of the relevant material with proposed redactions highlighted," and then file public version of the Memorandum of Law under this Court's Local Rule 79-5.2.2(a)(iii), using ARC's proposed redactions under Local Rule 79-5.2.2(b)(i), and thus ensuring that ARC could not accuse HMD Global of incorrectly redacting the document. Now that ARC has declined to provide proposed redactions under Local Rule 79-5.2.2(b)(i), HMD Global respectfully requests guidance from the Court regarding how to proceed.

Finally, HMD Global respectfully requests guidance from this Court regarding further filings in this matter. ARC's opposition to HMD Global's motion is due this

coming Thursday, December 31, and HMD Global's reply is due the following Thursday, January 7, 2021.  *See* Docket Nos. 10, 12; Loc. R. 7-9, 7-10.  HMD Global respectfully requests guidance regarding how ARC and HMD Global should file confidential documents within these filings.

## CONCLUSION

For the foregoing reasons, HMD Global respectfully requests that this Court confirm that HMD Global properly followed this Court's procedures for filing under seal when it filed an Application for Leave to File Under Seal under Local Rule 79-5.2.2(b).  HMD Global further respectfully requests that this Court provide guidance regarding the procedures for future confidential filings in this matter.

Date:  December 29, 2020

Respectfully submitted,

_____
Matthew S. Warren (Bar No. 230565)
Jennifer A. Kash (Bar No. 203679)
Maissa Chouraki (Bar No. 307711)
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
20-127@cases.warrenlex.com