# Exhibit B



Writer's Direct Dial:  214-785-6683
Writer's Email:  hpalmer@bcpc-law.com

December 29, 2020

**VIA EMAIL**

Maissa Chouraki-Lewin
Warren Lex LLP
2261 Market Street, No. 606
San Francisco, California, 94114
maissa@warrenlex.com

Re:  *HMD Global Oy v. Acacia Research Corporation*, Case No. 8:20-mc-00127 (C.D. California)

Dear Maissa:

I write in response to your letter of December 29 and HMD Global Oy's ("HMD") December 21 Motion to Compel Production of Documents from Acacia Research Corporation ("Acacia"), Application for Leave to File Under Seal Portions of Motion, and the exhibits designated by CCE as confidential filed in support. *See* Dkt. Nos 1-3 ("Moving Papers").

Within your letter and your Moving Papers, HMD contends the Central District of California must decide whether the materials that the Eastern District of Texas allowed HMD to utilize in support of its discovery motion are sealable. But this is not an open question. The Eastern District of Texas's December 16, 2020 Order decided this and <u>required</u> the documents at issue to be filed under seal; additionally, it limited the purpose for which the materials could be used as only for "that Court's resolution of this discovery dispute." *See Cellular Communications Equipment LLC v. HMD Global Oy*, C.A. No. 2:20-cv-00078- JRG, Dkt. No. 78 ("E.D. Texas Order") at 2.

By filing these documents in the Central District, HMD was required to comply with C.D. Cal. Local Rule 79-5.2.2(c) and under the title of each document include the language: "Filed under seal pursuant to the order of the District Court for the Eastern District of Texas dated December 16, 2020." [1]

Instead of complying with the E.D. Texas Order and this Rule, HMD provided the Court the documents at issue under a provision of the Local Rules directed to documents which are only presumed confidential because they are designated as such under a protective order. *See* Cal. Local Rule 79-5.2.2(b). By proffering Cellular Communications Equipment LLC's ("CCE") confidential documents in this manner, HMD attempts to put before the court in the Central District the question

---

[1] As the E.D. Texas Order also required HMD to furnish a copy of the E.D. Texas Order to the Clerk of the Court for the Central District of California, best practices would dictate further identifying the docket identification number within the L.R. 79-5.2.2(c) identifier, i.e. "Filed under seal pursuant to the order of the District Court for the Eastern District of Texas dated December 16, 2020 provided herewith as Dkt. No []."

Chase Tower   2200 Ross Avenue   Suite 4500W   Dallas, Texas 75201-7924   P 214.785.6670   F 214.785.6680   www.bcpc-law.com

Page 2



of whether CCE appropriately designated its documents as confidential, which directly violates the E.D. Texas Order. The E.D. Texas Order not only required the documents to be filed under seal and that a copy of the E.D. Texas Order be provided to the clerk of the Court in the instant case (thus demonstrating these are not documents that are merely presumed to be confidential), but it also expressly reserved its own jurisdiction over issues governed by the Protective Order which would include challenges to CCE's confidentiality designations. *See* E.D. Texas Order at 2 ("Nothing in this Order shall be construed as limiting the application or enforceability of the Protective Order in this case, and the papers filed in the Central District of California remain subject to this Court's Protective Order in all other respects.")

Moreover, HMD cannot feign ignorance as to its obligation to comply with Rule 79-5.2.2(c), as the E.D. Texas Order was not silent as to how the documents were to be filed, or HMD's obligation to make the C.D. California Court expressly aware of the same. Unlike filings made presumptively under seal that would be governed by Rule 79-5.2.2(b), HMD would not have been able to use CCE's documents absent the permission of the Court pursuant to the E.D. Texas Order. It would be wholly inconsistent with the E.D. Texas protective order for a party such as HMD to circumvent the protections of the E.D. Texas court's protective order by filing documents in a different action, such that CCE, a third-party to the instant enforcement action, would be required to interject itself into an action (to which it is not a party) to defend the confidential nature of documents already under seal. This is especially true here, where the E.D. Texas Court made clear its continuing jurisdiction over the documents subject to the Protective Order.

HMD must cure its filings to comply with Cal. Local Rule 79-5.2.2(c). Please confirm before noon Central time tomorrow that HMD agrees to make this correction. If you refuse, please advise of times when you are available tomorrow to contact the Eastern District of Texas discovery hotline in order to resolve this issue.

Regards,

*Hunter Palmer*

Hunter S. Palmer

cc:
20-78@cases.warrenlex.com
ddacus@dacusfirm.com

## HMD Global Oy v. Acacia Research Corporation, No. 20-mc-127 (C.D. California)

**Hunter Palmer** <hpalmer@bcpc-law.com>  Tue, Dec 29, 2020 at 5:37 PM
Reply-To: buck@matters.warrenlex.com
To: Maissa Chouraki-Lewin <maissa@warrenlex.com>
Cc: Deron Dacus <ddacus@dacusfirm.com>, Shannon Dacus <sdacus@dacusfirm.com>, 20-78 <20-78@cases.warrenlex.com>, "CCE-Service@bcpc-law.com" <CCE-Service@bcpc-law.com>

Maissa,

Please find attached a letter from me in response to your letter of earlier today.

Thank you,



**BRAGALONE CONROY PC**

**Hunter Palmer**

2200 Ross Ave., Suite 4500W

Chase Tower

Dallas, TX  75201-7924

Main:   214-785-6670

Direct:  214-785-6683

Email:  hpalmer@bcpc-law.com

Web:  www.bcpc-law.com

**NOTICE OF CONFIDENTIALITY:**

The information contained in and transmitted with this e-mail may be subject to the Attorney-Client and Attorney Work Product privileges, and is Confidential.  It is intended only for the individuals or entities designated as recipients above.  You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in or transmitted with this e-mail by anyone other than the above addressee is unauthorized and strictly prohibited.  If you have received this e-mail in error, please notify the sender immediately.  Please destroy any e-mail erroneously transmitted to you.