Stephanie R. Wood (SBN: 242572)
  *swood@bcpc-law.com*
Jeffrey R. Bragalone (*pro hac vice* application to be filed)
  *jbragalone@bcpc-law.com*
**BRAGALONE CONROY PC**
2200 Ross Ave., Suite 4500W
Dallas, Texas 75201
Tel: (214) 785-6670
Fax: (214) 785-6680

Ben M. Davidson (SBN: 181464)
  *Ben@dlgla.com*
**DAVIDSON LAW GROUP, ALC**
4500 Park Granada Blvd., Suite 202
Calabasas, California 91302
Tel: (818) 918-4622

Attorneys for Respondent
Acacia Research Corporation

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| HMD GLOBAL OY,<br><br>Movant,<br><br>vs.<br><br>ACACIA RESEARCH CORPORATION,<br><br>Respondent. | Case No. 8:20-mc-127<br><br>**DECLARATION OF MARC BOOTH IN OPPOSITION TO MOTION BY HMD GLOBAL OY TO COMPEL PRODUCTION OF DOCUMENTS FROM ACACIA RESEARCH CORPORATION**<br><br>Judge: John D. Early<br>Date: January 21, 2021<br>Time: 10:00 a.m. PST<br>Place: [TBD]<br>Discovery Cutoff: March 18, 2021<br>Pretrial Conference: June 29, 2021<br>Trial Date: August 2, 2021 |

DECLARATION OF MARC BOOTH

I, Marc Booth, hereby declare as follows:

1. I submit this declaration based on personal knowledge and following a reasonable investigation. If called upon as a witness, I could and would competently testify to the truth of each statement herein.

2. I am the Chief Intellectual Property Officer of Acacia Research Corporation ("ARC"), a publicly traded corporation.

3. I have reviewed and am generally familiar with the subpoena issued to ARC on or about September 25, 2020.

4. I have also reviewed HMD's Motion to Compel Production of Documents from Acacia Research Corporation, filed on December 21, 2020.

5. I am also familiar with a Motion to Dismiss filed by HMD in the Texas Action. In general, the Motion to Dismiss alleges that ARC has some right, title, or interest in the '923 patent. This allegation is simply false. Based upon an investigation conducted at my request, and based on my personal knowledge, ARC has never owned any right, title or interest to any patent.

6. More specifically, no person or entity has ever assigned, conveyed, or otherwise transferred any right, title, or interest in the "'923 patent."

7. No person or entity has ever purported to assign, convey, or otherwise transfer any right, title, or interest in the '923 patent to ARC.

8. ARC has never received or otherwise had in its possession, custody, or control, any document that does or purports to assign, convey, or otherwise transfer any right, title, or interest in the '923 patent to ARC.

9. ARC is not a party to any agreement that does or purports to assign, convey, or otherwise transfer any of right, title or interest of ARC in the '923 patent.

10. ARC has never received any offer or proposal to assign, convey, or otherwise transfer any right, title, or interest in the '923 patent to ARC. ARC has never claimed or represented to have any right, title, or interest in the '923 patent.

11. I understand that HMD's allegations that CCE lacks standing to assert

1

DECLARATION OF MARC BOOTH

1  the '923 patent are based on a █████████████████████████████
2  ████████████████████████████
3       12.  ████████████████  ████████  ████████  █████
4  ████████████████████████████████████████████████████████
5  ████████████████████████████████████████████████████████
6  ███████
7       13.  ████████████████████████████████████████████
8  ████████████████████████████████
9       14.  The HMD subpoena also requests license agreements and draft license
10 agreements entered into by ARC or any direct or indirect subsidiary of ARC. Based
11 on my review, it does not appear that the requests of the HMD subpoena are limited
12 by time. A request for license agreements that is not restricted by time would cover
13 numerous licenses of ████████ patents owned by indirect subsidiaries of ARC.
14       15.  The HMD subpoena also requests drafts of various license agreements,
15 ████████████████████. Again, based on my review, it does not appear that the
16 requests of the HMD subpoena are limited by time. While the ARC affiliates do not
17 maintain an exact historical count of license agreements, it is estimated that a request
18 that covered all license agreements entered into by ARC affiliates would encompass
19 ████████████████████████
20       16.  ████████████████████████████████████████████
21 ████████████████████████████████████████████████████████
22 ████████████████████████████████████████████████████
23       17.  ████████████████████████████████████████████
24 ████████████████████████████████████████████████████████
25 ████████████████████████████████████████████████████████
26 ████████████████████████████████████████████████████████
27 ████████████████████████████████████████████████████████
28 ████████████████████████████████████████████████████

2
DECLARATION OF MARC BOOTH

1 ████████████████████████████████████████████████████████
2 ████████████████████████████████████████████████████████
3 ████████████████████████████████████████████████████████
4 ████████████ ██████████ ██
5    18.   ████████████████████████████████████████████████
6 ████████████████████████████████████████████████████████
7 ████████████████████████████████████████████████████████
8 ████████████████████████████████████████████████████████
9 ████████████████████████████████████████████████

19. The security interests ████████████████████████████████ were granted in a "Patent Security Agreement," which was recorded with the U.S. Patent and Trademark Office and is publicly available. CCE was a signatory to the Patent Security Agreement, but ARC was not.

20. On June 30, 2020, in a "Release of Security Interest in Patents," Starboard terminated the Patent Security Agreement and released all security interests in the patents granted under it, including the '923 patent.

21. All operative documents related to the Patent Security Agreement and the Release of Security Interest in Patents have been made available by ARG to CCE, and my understanding is that as of the date of this declaration, CCE has already produced all such documents to HMD in the Texas Action.

22. ARC consents to the transfer of this Motion from the Central District of California to the Eastern District of Texas.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 31, 2020

_____
Marc Booth

3
DECLARATION OF MARC BOOTH