Stephanie R. Wood (SBN: 242572)
    *swood@bcpc-law.com*
Jeffrey R. Bragalone (*pro hac vice* application to be filed)
    *jbragalone@bcpc-law.com*
**BRAGALONE CONROY PC**
2200 Ross Ave., Suite 4500W
Dallas, Texas 75201
Tel: (214) 785-6670
Fax: (214) 785-6680

Ben M. Davidson (SBN: 181464)
    *Ben@dlgla.com*
**DAVIDSON LAW GROUP, ALC**
4500 Park Granada Blvd., Suite 202
Calabasas, California 91302
Tel: (818) 918-4622

Attorneys for Respondent
Acacia Research Corporation

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION**

| | |
|---|---|
| ACACIA RESEARCH CORPORATION,<br><br>        Movant,<br><br>vs.<br><br>HMD GLOBAL OY,<br><br>        Respondent. | Case No. 8:20-mc-127<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION BY ACACIA RESEARCH CORPORATION TO TRANSFER HMD GLOBAL OY'S MOTION TO COMPEL UNDER RULE 45(F)**<br><br>Judge: John D. Early<br>Date: [TBD]<br>Time: [TBD]<br>Place: [TBD]<br>Discovery Cutoff: March 18, 2021<br>Pretrial Conference: June 29, 2021<br>Trial Date: August 2, 2021 |

## I.  INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 45, movant Acacia Research Corporation ("ARC") moves for this Court to transfer HMD's Motion to Compel Production of Documents from ARC to the Eastern District of Texas, the court issuing the subpoena and presiding over the underlying litigation between Cellular Communications Equipment, LLC ("CCE") and HMD. ARC, as the party subject to the subpoena, consents to the transfer. This alone provides the necessary authority for this Court to transfer the action. Additionally, the exceptional circumstances in this case warrant transfer: continuing with the Motion in this Court runs the risk of not only interfering with the Eastern District of Texas in its management of the underlying litigation, but also potentially leading to inconsistent results between the two courts. Further, it is in the interests of this Court to protect ARC, a non-party to the underlying litigation, from burdensome discovery that is disproportionate to the needs of the case.

## II. BACKGROUND

On March 17, 2020, Cellular Communications Equipment, LLC ("CCE") filed a patent infringement lawsuit against HMD Global Oy ("HMD", Respondent) alleging infringement of U.S. Patent No. 7,218,923 ("the '923 patent"). Over the course of the nine months that have elapsed since the filing of the case, the Eastern District of Texas has been involved in several issues regarding the lawsuit.

On June 10, 2020, HMD filed a motion to dismiss the case, alleging insufficient process and insufficient service. After both parties fully briefed the motion, HMD withdrew it on August 12, 2020. On September 21, 2020, HMD filed a second motion to dismiss, this time alleging that CCE lacked standing. That motion has already been fully briefed by both CCE and HMD and is pending before the Eastern District of Texas. Despite briefing that motion, HMD also sought to conduct discovery related to CCE's standing. The discovery requests at issue in HMD's Motion to Compel stem directly from HMD's second motion to

dismiss as they seek information that, should it exist, HMD alleges might support its motion.

There have also been multiple additional developments that further tie the underlying litigation into the Eastern District of Texas. These include: (1) HMD's motion to transfer venue, which was fully briefed (with discovery conducted by both parties), withdrawn, and then renewed; (2) an intervening action by a third-party seeking modification of the Protective Orders already in force in the underlying litigation; and (3) CCE's motion to enforce the protective orders, which related to HMD's proposed joint stipulation that preceded the filing of its Motion to Compel in this Court.

### III.  ARGUMENTS AND AUTHORITY

**A. ARC Consents to Transfer Under Rule 45(f).**

Federal Rule of Civil Procedure 45(f) provides for the transfer of HMD's Motion to Compel from this Court to the Eastern District of Texas:

> (f) TRANSFERRING A SUBPOENA-RELATED MOTION. When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances.

Fed. R. Civ. P. 45(f).

This Court is "the court where compliance is required" while the Eastern District of Texas is the court that issued the subpoena. *See* Dkt. No. 1-8. ARC is the "person subject to the subpoena." As confirmed by paragraph 22 of the Declaration of Marc Booth, filed contemporaneously with this Motion, ARC consents to the transfer. This Court therefore has the authority to transfer this case to the Eastern District of Texas under Rule 45(f). *See Helping Hand Caregivers Ltd. v. Darden Corp.*, 2016 WL 10987313 at *2 (C.D. Cal. 2016) (Oliver, M.J.) (Granting motion to transfer upon finding that defendant consented to transfer).

## B. The Current Motion Also Has "Exceptional Circumstances" That Warrant Transfer.

Even though ARC's consent satisfies the requirements of Rule 45(f) on its own, the facts of this case also support a finding of "exceptional circumstances" that would also warrant a transfer. The Advisory Committee provided guidance on what may constitute "exceptional circumstances":

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas. … In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts.

Fed. R. Civ. P 45(f), Advisory Committee Notes.

"Exceptional circumstances" also exist and warrant transfer when said transfer is in the interest of "judicial economy and efficiency," including "avoiding inconsistent results." *See Helping Hand*, 2016 WL 10987313 at *2 (C.D. Cal. 2016) (Oliver, M.J.). The Eastern District of Texas already has before it a fully-briefed motion to dismiss, ripe for resolution, that is inextricably linked to HMD's Motion to Compel. *See* Declaration of Maissa Chouraki ("Chouraki Dec."), Dkt. No. 1-2; Exs. B-E, Dkt. Nos. 1-4 and-1-7. HMD's Motion to Compel and its motion to dismiss address many of the same issues, which could lead to inconsistent results if the two motions are resolved by different courts.

For example, HMD's motion to dismiss, currently before the Eastern District of Texas, is fully briefed. In its motion to dismiss, HMD requested jurisdictional discovery and a stay of the case. Chouraki Dec., Ex. B, Dkt. No. 1-4 at 11. But, to date, the Eastern District of Texas Court has granted neither request. Inconsistent results could ensue if this Court were to grant any portion of HMD's Motion to Compel, and the Eastern District deny HMD's request for much of the same

discovery via HMD's request for jurisdictional discovery. Similarly, because HMD's Motion to Dismiss is fully briefed, the Easter District of Texas Court may rule on the motion at any time, which would essentially moot HMD's motion to compel – irrespective of the ruling on the Motion to Dismiss. A decision by this Court that potentially opens the floodgates for (irrelevant) evidence that is not part of the fully-briefed motion would risk disrupting the Eastern District's resolution of HMD's motion to dismiss. *See Nexus Display Techs. LLC v. Dell Inc.*, Case No. 15-mc-80241-KAW (N.D. Cal., November 5, 2015) (Westmore, M.J.) ("[R]uling on the motion to compel would risk disrupting the issuing court's management of the underlying litigation"). The need to avoid such a result demonstrates exceptional circumstances and warrants a transfer under Rule 45. *Id.*

Further, HMD's requests implicate a key evidentiary issue that is potentially dispositive in both HMD's Motion to Compel and the underlying motion to dismiss. As HMD admits in its Memorandum of Law in Support of Motion to Compel, HMD seeks documents to explain or alter the terms of a written agreement. *See, e.g.*, Memorandum of Law in Support of Motion to Compel ("HMD Memo"), Dkt. No. 3-1 at 9:11-24. ARC contends, for multiple reasons, that HMD's requests seek irrelevant information. First, no amount of discovery will find a written instrument conveying rights to the patent at issue, and such an instrument is required under law to convey patent rights. *See Enzo APA & Sons, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093 (Fed. Cir. 1998). Second, there is no ambiguity in the agreement in question, and HMD asserts no such ambiguity. Thus, under the parol evidence doctrine, these documents are irrelevant as a matter of law, as they would be inadmissible as evidence. *See, e.g.*, *Schron v. Troutman Sanders LLP*, 20 N.Y.3d 430, 436, 986 N.E.2d 430, 433–34 (2013) ("Parol evidence—evidence outside the four corners of the document—is admissible only if a court finds an ambiguity in the contract."). This evidentiary hurdle intertwines and complicates both of these motions to such a degree that the best scenario from

the standpoint of judicial efficiency is for both motions to be before the same court. As the Eastern District of Texas has already seen many filings in the underlying lawsuit, including the full briefing of the motion to dismiss that directly led to HMD's discovery requests, that court is the most proper forum for the Motion to Compel.

Another disputed issue in HMD's Motion to Compel is the proportionality of the discovery HMD seeks. *See* Memorandum of Law in Opposition to Motion by HMD Global Oy to Compel Production of Documents from Acacia Research Corporation ("ARC's Memorandum of Law") at 11-16. A key factor in proportionality is the burden placed on the responding party as compared to the likely benefit of the discovery. *See* Fed. R. Civ. P. 26(b)(1). ARC has provided under seal estimates of the significant burden and expense that would be required to comply with HMD's subpoena. *See* ARC's Memorandum of Law at 16. HMD's Motion to Compel thus presents a possible scenario that would be extremely damaging to ARC: if this Court were to rule in favor of HMD and then the Eastern District of Texas were to find that the documents produced were inadmissible as evidence, the massive expenditure of resources by ARC will have been a complete waste. This extraordinary and expensive burden, in light of the complete lack of benefit from retrieving irrelevant documents, would be disproportional and therefore outside the scope of discovery. *See* Fed. R. Civ. P. 26(b)(1). *see also Laub. v. Horbaczewski*, 2020 WL 5093089, *9 (C.D. Cal. 2020) (Stevenson, M.J.) (denying defendant additional discovery in the form of burdensome examination of text messages, the denial of which would not impede their defense). Accordingly, the Eastern District of Texas is in a superior position to judge both the proportionality and the need for HMD's discovery requests from ARC.

## IV. CONCLUSION

ARC requests that this Court transfer HMD's Motion to Compel Production to the Eastern District of Texas, the court overseeing the underlying litigation.

Dated: December 31, 2020

Respectfully submitted,

/s/ *Stephanie R. Wood*
Stephanie R. Wood
California Bar No. 242572
Jeffrey R. Bragalone (*pro hac vice* pending)
Texas Bar No. 02855775

**BRAGALONE CONROY PC**
2200 Ross Avenue
Suite 4500W
Dallas, TX 75201
Tel: (214) 785-6670
Fax: (214) 785-6680
swood@bcpc-law.com
jbragalone@bcpc-law.com

Ben M. Davidson
California Bar No. 181464
**DAVIDSON LAW GROUP, ALC**
4500 Park Granada Blvd., Suite 202
Calabasas, California 91302
Tel: (818) 918-4622
Ben@dlgla.com

Attorneys for Respondent
**ACACIA RESEARCH CORPORATION**