Stephanie R. Wood (SBN: 242572)
  *swood@bcpc-law.com*
Jeffrey R. Bragalone (*pro hac vice* application to be filed)
  *jbragalone@bcpc-law.com*
**BRAGALONE CONROY PC**
2200 Ross Ave., Suite 4500W
Dallas, Texas 75201
Tel: (214) 785-6670
Fax: (214) 785-6680

Ben M. Davidson (SBN:181464)
  *ben@dlgla.com*
**DAVIDSON LAW GROUP, ALC**
4500 Park Granada Blvd., Suite 202
Calabasas, California 91302
Tel: (818) 918-4622

Attorneys for Respondent
Acacia Research Corporation

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| HMD GLOBAL OY,<br><br>          Movant,<br><br>vs.<br><br>ACACIA RESEARCH CORPORATION,<br><br>          Respondent. | Case No. 8:20-mc-127<br><br>**ACACIA RESEARCH CORPORATION'S MEMORANDUM IN SUPPORT OF UNOPPOSED *EX PARTE* APPLICATION FOR LEAVE TO FILE DECLARATION IN SUPPORT OF APPLICATION TO SEAL**<br><br>Magistrate Judge John D. Early |

## I. INTRODUCTION

Acacia Research Corporation ("ARC") is an affiliate of Cellular Communications Equipment LLC ("CCE"), the plaintiff in *Cellular Communications Equipment, LLC v. HMD Global Oy,* case number 2:20-cv-00078-JRG pending in the Eastern District of Texas (the "E.D. Texas Action").

ARC seeks *ex parte* relief to file out of time its Declaration of Eric Lucas in support of the confidentiality of CCE's documents which HMD submitted to this Court on December 31, 2020 (dkt. No. 26). As reflected within his declaration, good cause exists for preserving the confidentiality of this information and granting leave they be maintained under seal.

This application is made pursuant to Fed. R. Civ. P. 6(b) and this late filing is due to, as further explained herein, a dispute regarding the proper interpretation of an order issued in the underlying action between CCE and HMD pending in the Eastern District of Texas. Specifically, the documents at issue are subject to a protective order and were previously used and filed under seal by HMD in the underlying action pending in the Eastern District of Texas. Any requirement to file a supporting declaration in this Court was not clear in light of the Eastern District of Texas's order requiring that, if HMD were to move forward with filing a joint stipulation seeking relief from this Court, HMD was required to file the CCE confidential documents at issue under seal. Dkt. No. 78 (the "Order").

This late filing will not impact the case schedule and will cause no prejudice. Conversely, if ARC were not permitted to provide its declaration to preserve the confidentiality of the sensitive business information of its affiliate, CCE, both ARC and CCE would be irreparably prejudiced. Further, HMD **does not oppose** granting ARC's request to file this declaration out of time.

As demonstrated herein, this *ex parte* relief is necessary and appropriate.

ACACIA RESEARCH CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED *EX PARTE* APPLICATION FOR LEAVE TO FILE DECLARATION                                                                                        - 2 -

## II. FACTUAL BACKGROUND

The documents at issue were produced by CCE to HMD in the E.D. Texas Action and were designated by CCE as protected confidential information pursuant to the Protective Order governing that case.[1] HMD did not object to CCE's designation of these documents as confidential and sealed copies of these documents have previously been furnished to the Eastern District of Texas court and redacted versions have been publicly filed on the docket in that case.

On December 16, 2020, the court in the E.D. Texas Action ruled that HMD could use these documents in support of a joint stipulation which HMD advised it intended to file in this Court (the "Order") to enforce ARC's compliance with its subpoena. Specifically, that court ordered that the documents must be filed under seal, only used for the purpose of resolution of the discovery dispute, and required HMD to provide this Court a copy of its Order. *Id.* Further, it expressly retained jurisdiction over all other issues related to the documents at issue stating "Nothing in this Order shall be construed as limiting the application or enforceability of the Protective Order in this case, and *the papers filed in the Central District of California remain subject to this Court's Protective Order in all other respects*." *Id.* (emphasis added).

Key to the briefing which resulted in this Order was the highly sensitive nature of the information within the documents at issue and CCE's need to protect this information from disclosure. Because the Order expressly required HMD to file the documents under seal versus remaining silent as to their confidentiality, it was not clear to ARC that additional steps needed to be taken in this Court to ensure these highly confidential documents would not be made public.

---

[1] The E.D. Texas case is an action for patent infringement and its Protective Order has four tiers of confidential information designations: "CONFIDENTIAL," HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," and "HIGHLY CONFIDENTIAL – SOURCE CODE." *See* E.D. Texas Action, Dkt. Nos 31 and 35.

ACACIA RESEARCH CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED *EX PARTE* APPLICATION FOR LEAVE TO FILE DECLARATION - - 3 -

Further frustrating ARC and CCE's ability to identify this issue was the fact that HMD did not bring this dispute before the Court as a joint stipulation, the only manner of raising its discovery issues that HMD addressed in the E.D. Texas Action and for with the court granted leave in its Order. Presumably, had HMD brought this as a joint stipulation there would at least have been an opportunity for ARC and HMD to discuss HMD's requirement to file the documents under seal, and ARC could have either provided a declaration with the joint stipulation or worked with HMD to file the information under seal with its own declaration.

Also problematic is that HMD did not meet and confer with either ARC or CCE after the Order issued in E.D. Texas and instead just skipped forward to filing its motion with this Court. Had HMD conferred with CCE or ARC "[a]t least 3 days before seeking to file under seal a document containing information previously designated as confidential by another pursuant to a protective order", the mechanism for protecting the confidential nature of the documents at issue would necessarily have been discussed, and appropriate filings would have been made. *See* C.D. Cal. L.R. 79-5.2.2.(b).

ARC requires this relief on an expedited basis and brings this as an *ex parte* application because, if required, the deadline for ARC to submit a declaration in support of the Application for Leave to Seal expired on December 28. ARC and its affiliate CCE would be irreparably prejudiced if the confidential documents and information at issue, including patent license agreements and agreements with third-parties that are required to be maintained confidential pursuant to contractual obligations, were made available to the public.

Counsel for HMD does not oppose ARC's request for the relief sought herein and memorialized this within its filing with this Court dated December 30, 2020. *See* Dkt. No. 15 at 1-2.

### III. ARGUMENTS AND AUTHORITIES

#### A. Granting ARC Leave to File its Declaration Out of Time is Warranted Under Rule 6 (b)

The Federal Rules of Civil Procedure, Rule 6(b), provides the mechanism for extending deadlines and permits submissions after a deadline has passed where the party seeking to make a delinquent submission can show excusable neglect:

> (b) Extending Time.
>
> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time...
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

*See* Fed. R. Civ. P. 6(b). Here, the facts support finding excusable neglect because ARC acted in good faith and there was a reasonable basis for not complying with the time specified. *See United States v. Pourmohamad*, No. C 06-7933 MJJ, 2007 WL 1176629, at *1 (N.D. Cal. Apr. 20, 2007) citing *In re Four Season Securities Laws Litigation*, 493 F.2d 1288, 1290 (10th Cir. 1974) (applying these two factors in holding movant established excusable neglect). Specifically, the Order of the Eastern District of Texas required CCE's confidential information be filed "UNDER SEAL," and it identified the purpose of allowing HMD to use this information as for resolution of the discovery dispute. *See* Order ("it is ORDERED that the parties have leave to file such papers in the Central District of California as is necessary to comply with that Court's Local Rules to *facilitate that Court's resolution of this discovery dispute*." (emphasis added).

As the Eastern District of Texas considered the confidential nature of the documents at issue when it ordered they must be filed under seal if used in this Court, ARC acted in good faith when it relied upon that Order and failed to understand that HMD's filing — the first filing in the instant action — triggered a deadline by which ARC was required to provide a declaration to ensure that CCE's

confidential documents remain sealed. This is especially true here; the Order did not contemplate that the question of whether there was good cause for sealing the documents to be an open issue for this Court to consider and instead it identified that the documents at issue "remain subject to this Court's Protective Order in all other respects." *Id.*

While there are factors which can undermine a finding of excusable neglect, none are present here. *See Pourmohamad*, No. C 06-7933 MJJ, 2007 WL 1176629, at *2 citing *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 825 (9th Cir.1996) (identifying the danger of prejudice to the other party, and the length of the delay and its potential impact on judicial proceedings as factors to be considered). In the instant case, there is no danger of prejudice to HMD and HMD has expressly confirmed that it does not oppose the relief sought by this application. *See* Dkt. No. 15 at 1-2.

Further, the length of delay is less than four days as the original filing deadline was the Monday after Christmas, on December 28 and the date by which the declaration will be submitted is December 31. Thus, this does not undermine the finding of excusable neglect.

In light of the conditions of the Order including its express requirement that HMD's submission of CCE's documents to this Court be made under seal and the lack of any prejudice, this four day delay is reasonable and ARC's declaration should be accepted out of time.

**B.    Relief to ARC on an *Ex Parte* Basis is Necessary and Justified.**

While a party seeking *ex parte* relief must demonstrate a true need and that such relief is deserved, here ARC demonstrates both.

As this Court has explained the test for whether *ex parte* relief is warranted requires a showing that applicants: "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and

"the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *See Masimo Corp. v. Apple Inc.*, No. 820CV00048JVSJDEX, 2020 WL 6128064, at *2 (C.D. Cal. Aug. 31, 2020) (Early, M.J.) citing *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490, 492 (C.D. Cal. 1995).

The deadline for ARC to submit a declaration in support of the Application for Leave to file under seal CCE's confidential information expired on December 28, 2020. Pursuant to this Court's Local Rules, "failure to file a declaration or other required document may be deemed sufficient grounds for denying the Application" and "[i]f the Application is denied, the Filing Party may file the document in the public case file (i.e., unsealed) no earlier than 4 days, and no later than 10 days, after the Application is denied, unless the Court orders otherwise." C.D. Cal. L.R. 79.5.2.2(b). Thus, CCE's confidential information is currently at risk of public disclosure.

ARC cannot wait 28 days for leave to file its declaration out of time because during that time the Court may deny HMD's Application for Leave to File Under Seal. And the results of such a disclosure would be irreparably prejudicial to CCE and ARC.

As explained by the documents at issue and the Sealed Declaration of Eric Lucas, these include patent license agreements and agreements with third-parties that are required to be maintained confidential pursuant to contractual obligations. These type of documents are exactly the kinds of highly confidential documents that courts routinely protect pursuant to protective orders and the Court has recognized will harm the designating party if disclosed. *See Summit Entm't, Ltd. Liab. Co. v. B.B. Dakota, Inc.*, No. CV-10-04328-GAF (RZx), 2011 U.S. Dist. LEXIS 90723, at *2-3 (C.D. Cal. Aug. 15, 2011) (Zarefsky, M.J.) ("Summit's licensee agreements are highly confidential and have been treated as such by other courts in this District in

entering protective orders. …Disclosure of Summit's licensing information without a protective order would put Summit at a disadvantage because all of its current and potential licensees would know Summit's licensing structure for the various licenses entered for the Twilight Motion Pictures property.")

Because ARC has demonstrated excusable neglect and a genuinely urgent need for the *ex parte* relief requested and because HMD does not oppose ARC's request for this relief, granting ARC's Application is justified here.

## IV.   CONCLUSION

For the foregoing reasons, ARC respectfully requests the Court grant this *Ex Parte* Application for Leave to file its declaration in support of the pending Application for Leave to File Under Seal Portions of Motion and supporting exhibits by HMD Global Oy filed on December 21, 2020. Dkt. No. 2.

Dated: December 31, 2020

Respectfully submitted,
/s/ *Stephanie R. Wood*
Stephanie R. Wood
California Bar No. 242572
Jeffrey R. Bragalone (*pro hac vice* to be filed)
Texas Bar No. 02855775

**BRAGALONE CONROY PC**
2200 Ross Avenue
Suite 4500W
Dallas, TX 75201
Tel: (214) 785-6670
Fax: (214) 785-6680
swood@bcpc-law.com
jbragalone@bcpc-law.com


Ben M. Davidson (SBN: 181464)
ben@dlgla.com
**DAVIDSON LAW GROUP, ALC**
4500 Park Granada Blvd., Suite 202

ACACIA RESEARCH CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED *EX PARTE* APPLICATION FOR LEAVE TO FILE DECLARATION                                - 8 -

| | |
|---|---|
| 1 | Calabasas, California 91302 |
| 2 | Tel: (818) 918-4622 |
| 3 | Attorneys for Respondent |
| 4 | **ACACIA RESEARCH CORPORATION** |

ACACIA RESEARCH CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED *EX PARTE* APPLICATION FOR LEAVE TO FILE DECLARATION - 9 -

# CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2020, I electronically filed the foregoing document using the Court's ECF system which will electronically serve the same upon all counsel of record.

By: */s/ Ben Davidson*
Ben M. Davidson (SBN: 181464)