Matthew S. Warren (Bar No. 230565)
Jennifer A. Kash (Bar No. 203679)
Maissa Chouraki (Bar No. 307711)
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
20-127@cases.warrenlex.com

*Attorneys for HMD Global Oy*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| HMD GLOBAL OY,<br><br>　　Movant,<br><br>v.<br><br>ACACIA RESEARCH CORPORATION,<br><br>　　Respondent. | Case No. 8:20-mc-127 JLS (JDEx)<br><br>**APPLICATION FOR LEAVE TO FILE UNDER SEAL REPLY IN SUPPORT OF MOTION BY HMD GLOBAL OY TO COMPEL PRODUCTION OF DOCUMENTS FROM ACACIA RESEARCH CORPORATION AND SUPPORTING DOCUMENTS**<br><br>Judge: John D. Early<br>Date: January 21, 2021<br>Place: Telephonic Hearing<br>Discovery Cutoff: March 18, 2021<br>Pretrial Conference: June 29, 2021<br>Trial Date: August 2, 2021 |

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

　　Under Civil Local Rule 79-5, movant HMD Global Oy ("HMD Global") applies to file under seal its Reply in Support of Motion by HMD Global Oy to Compel Production of Documents From Acacia Research Corporation (the "Reply") and Exhibits A-F in support of the Reply. These documents contain information subject to claims of

confidentiality by respondent Acacia Research Corporation ("ARC") or its subsidiary Cellular Communications Equipment, LLC ("CCE").  HMD Global makes no claim of confidentiality over these materials, but makes this application to allow ARC or CCE to submit declarations under Civil Local Rule 79-5.2.2(b)(i).

As HMD Global explains in more detail in its Memorandum in Support of its Motion to Compel, Docket No. 3-1, ARC's subsidiary CCE sought to prevent HMD Global from proceeding in this Court by claiming that submitting documents to this Court or its personnel would violate the protective order in the underlying action, *Cellular Communications Equipment, LLC v. HMD Global Oy*.  The Eastern District of Texas, which supervises the underlying action, properly denied this motion, but also ordered that HMD Global file any document subject to its protective order "**UNDER SEAL** pursuant to that Court's procedures" (emphasis in original), and required HMD Global to provide this Court with a copy of its order, which HMD Global attached to its application to seal it filed with its moving papers.  Docket No. 2-1.  In light of this order from the Eastern District, HMD Global's confidential filings in this Court fall into three categories:

*First*, documents over which ARC or its subsidiary CCE have previously asserted a claim of confidentiality covering the entire document.  HMD Global files these documents entirely under seal under Local Rule 79-5.2.2(a)(iv) and does not file a public redacted version under Local Rule 79-5.2.2(a)(iii), since there is no portion of these documents which ARC or its subsidiary CCE believes is public.

*Second*, documents over which ARC or its subsidiary CCE have previously asserted a claim of confidentiality covering portions of the document, but have consented to filing of a redacted public version in the underlying litigation.  HMD Global files complete versions of these documents under seal under Local Rule 79-5.2.2(a)(iv), as well as a public redacted version under Local Rule 79-5.2.2(a)(iii), the latter of which is identical to the version approved by ARC or its subsidiary CCE for filing in the underlying action.

*Third*, documents over which ARC or its subsidiary CCE are likely to assert a claim of confidentiality covering at least portions of the document, but have not yet done so,

preventing HMD Global from knowing the precise scope of any confidentiality claim. Only one document HMD seeks to seal with this application falls into this category: the Reply. Regarding this document, HMD Global is faced with potentially conflicting obligations: this Court's Local Rule 79-5.2.2(a)(iii) requires HMD Global to file with this declaration "[a] redacted version of any document(s) of which only a portion is proposed to be filed under seal," and the Eastern District's order that HMD Global file documents subject to its protective order "**UNDER SEAL** pursuant to that Court's procedures." Docket No. 2-1 (emphasis in original). To avoid any allegation that HMD Global violated the Eastern District of Texas order, while honoring as much as possible this Court's Local Rule 79-5.2.2(a)(iii), HMD Global does not at this time file a public redacted version of this document, but will do so promptly after ARC files its sealing declaration under Local Rule 79-5.2.2(b)(i), which must include "a copy of the relevant material with proposed redactions highlighted." *Id*. Once ARC does so, HMD Global will file a public version of its Reply under this Court's Local Rule 79-5.2.2(a)(iii), using ARC's proposed redactions under Local Rule 79-5.2.2(b)(i).

   HMD Global describes each document and the specifics of its sealing in the concurrently filed Declaration of Maissa Chouraki.

Date: January 5, 2021

Respectfully submitted,

_____
Matthew S. Warren (Bar No. 230565)
Jennifer A. Kash (Bar No. 203679)
Maissa Chouraki (Bar No. 307711)
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
20-127@cases.warrenlex.com