Matthew S. Warren (Bar No. 230565)
Jennifer A. Kash (Bar No. 203679)
Maissa Chouraki (Bar No. 307711)
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
20-127@cases.warrenlex.com

*Attorneys for HMD Global Oy*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| HMD GLOBAL OY,<br><br>    Movant,<br><br>v.<br><br>ACACIA RESEARCH CORPORATION,<br><br>    Respondent. | Case No. 8:20-mc-127 JLS (JDEx)<br><br>**OPPOSITION TO MOTION BY ACACIA RESEARCH CORPORATION TO TRANSFER HMD GLOBAL OY'S MOTION TO COMPEL UNDER RULE 45(F)**<br><br>Judge: John D. Early<br>Date: TBD<br>Time: TBD<br>Place: Telephonic Hearing<br>Discovery Cutoff: March 18, 2021<br>Pretrial Conference: June 29, 2021<br>Discovery Cutoff: March 18, 2021<br>Trial Date: August 2, 2021 |

# INTRODUCTION

In this ancillary action between HMD Global and Acacia Research Corporation, HMD Global seeks to enforce a subpoena to ARC that seeks documents from ARC regarding conduct by ARC that occurred in ARC's headquarters in this District. Although this is ARC's home Court and ARC is normally comfortable here, ARC has worked very hard to prevent this Court from hearing this motion, resisting the subpoena at every turn, and at the eleventh hour instructing its subsidiary CCE to call this Court an "unknown court," and to seek to bar this ancillary action by claiming that disclosing confidential documents to this Court's own personnel "could prove disastrous." ARC's attempt to avoid its home Court has now come to fruition with its motion to transfer this matter to the Eastern District of Texas under Rule 45(f). But this Court is still ARC's home Court, and this Court has an interest in activities in ARC's Irvine headquarters, far outside the Eastern District of Texas. This Court should exercise its sound discretion to decline transfer.

# BACKGROUND

**A.   The Underlying Action**

On March 17, 2020, Cellular Communications Equipment LLC ("CCE") sued HMD Global for infringement of a single patent, U.S. Patent No. 7,218,923 ("the '923 patent"). *Cellular Commc'ns Equip. LLC v. HMD Global Oy*, Case No. 20-78, Docket No. 1 (E.D. Tex. March 17, 2020). On August 10, 2020, CCE effected service on HMD Global through the Hague Convention. *Id.*, Docket No. 30 (E.D. Tex. Aug. 10, 2020).[1]

---

[1] ARC's motion notes that, "[o]n June 10, 2020, HMD filed a motion to dismiss the case, alleging insufficient process and insufficient service. After both parties fully briefed the motion, HMD withdrew it on August 12, 2020." HMD Global is not certain why this statement matters to a motion to transfer, and it primarily shows that ARC is awfully well-informed about CCE's litigation for a "non-party" to that litigation. Since ARC seems to imply some wrongdoing, however, HMD Global will correct the record. CCE's original service was indeed improper, because CCE attempted to serve HMD America, Inc., in Florida, instead of HMD Global Oy, in Finland. *Cellular Commc'ns Equip. LLC v. HMD Global Oy*, Case No. 20-78, Docket No. 8 (E.D. Tex. June 10, 2020). When CCE effected Hague Convention service—all HMD Global wanted in the first place—HMD Global sensibly withdrew this motion. *Id.*, Docket No. 30.

**B.     HMD Global's Motion to Dismiss**

On September 17, 2020, CCE produced documents giving rise to HMD Global's standing claim. (HMD Global will not describe the merits here, to avoid any possible need for sealing.) On September 21, HMD Global moved to dismiss on grounds including CCE's lack of standing to sue. Docket No. 3-3. CCE opposed this motion, and the parties completed their briefing by October 21, 2020. Docket Nos. 3-4, 3-5, 3-6. This motion remains pending.

**C.     HMD Global's Subpoena to ARC and ARC's Attempts to Avoid This Court**

On September 25, 2020, four days after filing its motion to dismiss, HMD Global subpoenaed ARC for documents relevant to its standing claims, both within and without its pending motion to dismiss. Docket No. 3-7. As required by law, HMD Global noticed compliance within 100 miles of ARC's sole office, within this District. *Id.* at 2. On October 9, 2020, ARC responded to the subpoena, providing boilerplate objections and refusing to produce a single document. Docket No. 3-8.

On October 16, HMD Global asked ARC to meet and confer regarding the subpoena. HMD Global and ARC had two lengthy telephone conferences, and exchanged 11 letters and emails regarding the subpoena. Docket Nos. 3-9, 3-10, 1-12, 3-11, 3-12, 1-15, 1-16, 1-17, 1-18, 1-19, 3-13. Throughout this process, ARC did not commit to producing a single document. On November 3, HMD Global triggered Local Rule 37-1 with a detailed letter; under that rule, ARC had ten days to conduct a final conference. Docket No. 3-12. After still more letters, ARC agreed to meet and confer on November 13, the last day possible under the rule. Docket Nos. 1-18, 1-19, 3-13. The parties conferred a third and final time. *Id.*

On Monday, November 16, HMD Global served its portion of a draft joint stipulation, along with "all declarations and exhibits to be offered in support of the moving party's position," as required by Local Rule 37-2.2. Docket No. 3-14. This Court requires submission of "prior filings" with the joint stipulation if "the allegations made in a prior filing are relevant," and so HMD Global served those documents as well. Loc. R. 37-2.1.

1  HMD Global also followed this Court's requirement that parties "attempt to eliminate or
2  minimize the need for filing under seal by means of redaction," by inviting joint counsel
3  for ARC and CCE to redact their documents according to their claims of confidentiality.
4  Docket No. 3-14 at 1-2.  HMD Global told ARC and CCE that it planned to file documents
5  CCE had previously redacted and filed publicly "with the same redactions," and would
6  honor all previous requests to file documents entirely under seal.  *Id.*  ARC had a week,
7  until November 23, to return its "portion of the stipulation, together with all declarations
8  and exhibits to be offered in support of the moving party's position."  Loc. R. 37-2.2.

**D.    ARC and CCE Make Last-Minute Claims Regarding the Protective Order**

On Friday, November 20, nearly two months after HMD Global served the subpoena and on the last business day before ARC's deadline to submit its portion of the joint stipulation, CCE claimed for the first time that the Eastern District's protective order bars disclosure of "confidential information produced by CCE in this Action to a Central District of California court or its personnel," and further bars "using such confidential information in a different Action."  Docket No. 3-15.  Later that same day, joint counsel for ARC and CCE sent a letter speaking for both of them, repeating the assertion that "that it would be a protective order violation" even for HMD Global "to file its proposed stipulation with a Central District of California court."  Docket No. 1-23.

Although frustrated by CCE and ARC's last-minute assertion of an argument they could have raised long ago, out of respect for the Eastern District's authority, HMD Global agreed to defer its motion to compel until the Eastern District could interpret its own order. CCE filed a "Motion to Enforce" the Eastern District protective order before that Court, including troubling claims about the trustworthiness of this Court.  CCE repeatedly called this Court an "unknown court," Docket No. 3-16 at 1, 5, 7, 8, 11, and claimed that disclosure of information to its judges and other personnel "could prove disastrous" to ARC and CCE.  *Id.* at 8.  CCE and HMD Global briefed this issue, Exs. 3-16, 3-17, 3-18, 3-19, and on December 16, 2020, the Eastern District denied CCE's motion, ruling that HMD Global may file papers here "as is necessary to comply with that Court's Local

Rules to facilitate that Court's resolution of this discovery dispute," and ordering CCE and HMD Global to provide this Court with a copy of the order. Docket No. 1-24.

## ARGUMENT

### I. Whether to Transfer This Matter is in This Court's Sound Discretion

"When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). "Rule 45(f) expressly leaves the decision to transfer to the Court's discretion, even if exceptional circumstances exist." *In re Verifone, Inc.*, No. 18-mc-80087, 2018 WL 3532761, at *5 (N.D. Cal. July 23, 2018).

### II. There is No Danger of Inconsistent Rulings Between Courts

ARC claims that "[i]nconsistent results could ensue if this Court were to grant any portion of HMD's Motion to Compel, and the Eastern District deny HMD's request for much of the same discovery via HMD's request for jurisdictional discovery." Mot. at 3:26 to 4:1. This statement is false. Discovery in the underlying action opened on August 4, 2020, before HMD Global filed its motion to dismiss on September 21, 2020. *Compare* Docket No. 3-3 *with Cellular Commc'ns Equip. LLC v. HMD Global Oy*, Case No. 20-78, Docket No. 24 (E.D. Tex. Aug. 24, 2020). HMD Global thus needed no permission from the Eastern District to undertake *any* discovery, including of course jurisdictional discovery—and, indeed, served the subpoena underlying this action without seeking permission from the Eastern District or anyone else. Docket No. 3-7.

HMD Global's request to the Eastern District was not for *permission* to take discovery, as now ARC incorrectly claims, but for a stay allowing *only* that discovery. *See* Docket No. 3-3 at 12 ("Because jurisdiction is a threshold issue which will prevent the case from proceeding, the Court should otherwise stay the case pending resolution of the jurisdictional issue."); *id.* at 15 ("HMD Global respectfully requests that the Court dismiss the complaint in this action, Docket No. 1, in its entirety, or in the alternative stay the case while HMD Global conducts jurisdictional discovery into CCE's standing to advance its

claims."). There is thus no danger of inconsistent rulings between Courts. Although the Eastern District has not ruled on HMD Global's motion to dismiss or its request for a stay, a ruling on those requests could not constrain or even address HMD Global's ability to seek the discovery before this Court; it could only restrict *other* activities before the Eastern District.

    ARC's remaining attempts to conjure inconsistent rulings fare no better. ARC claims that the Eastern District "may rule on the motion at any time" (Mot. at 4:2-4), which is true, and adds that this ruling "would essentially moot HMD's motion to compel – irrespective of the ruling on the Motion to Dismiss" (*id.*), which is false. As HMD Global already explained in its motion to compel, "the only ruling that could moot HMD Global's subpoena is a complete dismissal of CCE's complaint," and in that case this ancillary action would disappear. Docket No. 3-1 at 7:20-21; *see id.* at 7:20 to 8:9; *see also* Reply § II.F.[2] ARC also claims that HMD Global "seeks documents to explain or alter the terms of a written agreement" without any other purpose, Mot. at 4:15-16, but that is also incorrect. *See, e.g.*, Reply § I.C. Finally, ARC claims that the "parol evidence doctrine" is an "evidentiary hurdle" that "intertwines and complicates both of these motions," without providing more specifics. Mot. at 4:23-28. But ARC here contradicts ARC in opposition to HMD Global's motion to compel, where it argues that the parol evidence rule is not currently before the Eastern District, because no one has argued ambiguity of the contract. Docket No. 24-1 at 8. ARC is correct there and incorrect here: only one question currently pends before this Court: should HMD Global receive the discovery that ARC claims is purely parol evidence, but HMD Global explains is actually broader? *See* Reply §§ I.C, I.D, I.E. *If* this Court allows that discovery, and *if* HMD Global develops an ambiguity argument from that discovery, then and only then would HMD Global potentially file a new motion to dismiss on that grounds—presenting a

---

[2] Because of the overlapping issues, HMD Global will file its reply in support of its motion to compel concurrently with this opposition, and thus will not have a docket number for this memorandum in time to reference it in this filing.

different question at a different time to a different Court, but not presenting any danger of inconsistent rulings.

Finally, and puzzlingly, ARC claims that transferring this matter will avoid a situation where ARC produces documents that the Eastern District later finds "inadmissible." Mot. at 5. This argument requires ARC to assume that the Eastern District can determine whether documents are "inadmissible" *before anyone produces them*, which would be an awfully neat trick if it were possible, which it is not. Just like this Court, the Eastern District of Texas can only rule on admissibility of documents after someone produces them and someone (else) submits them, and neither of those things has happened here. Again, there is currently only one question before only one Court: the scope of production that ARC should provide. At some future time there may be a different question before a different Court: whether some documents resulting from that discovery are admissible in some as-yet-unknown context. Should that occur, it would not present any danger of inconsistent rulings. As a result, transfer will not decrease the chance of conflicting rulings; it will merely change the location of the immediate question.

### III.  The Eastern District Has Given No Indication It Wants HMD Global's Motion

#### A.  The Eastern District Does Not Want Motions Like HMD Global's

This Court and the Eastern District of Texas have markedly different procedures regarding discovery motions. This Court welcomes briefing and declarations, and allows stipulations of unlimited length. Loc. R. 6-1, 7-9, 7-10, 37-2.1. The Eastern District, in contrast, allows each discovery motion to be only seven pages long, and to include only five pages of supporting materials. *Cellular Commc'ns Equip. LLC v. HMD Global Oy*, Case No. 20-78, Docket No. 24 ¶ 9(b) (E.D. Tex. Aug. 4, 2020).

As required by Rule 45, HMD Global pursued ARC in its home Court, this Court, and followed this Court's procedures in doing so. Should this Court transfer this matter to the Eastern District, it would require that Court to review and rule on papers in a format very different from its preference. Courts generally do not appreciate such exercises, and the Eastern District has given no indication here that it would prove an exception.

### B. Despite Multiple Invitations From ARC's Subsidiary CCE, the Eastern District Showed No Interest in HMD Global's Motion in Particular, and Instead Deferred to This Court's "Resolution of This Discovery Dispute"

Indeed, the indications we have from the Eastern District, while not conclusive, show no desire to rule on HMD Global's particular motion, despite invitations from ARC's subsidiary CCE to do so. As part of its briefing seeking to avoid this Court, CCE repeatedly asked the Eastern District to hear this motion itself, whether directly or by transfer. *See, e.g.*, Docket No. 3-16 at 7 ("submitting the ARC/HMD discovery disputes to this Court is preferrable (sic) to submission of the discovery disputes to an unknown district court in California"); Docket No. 3-18 at 4 ("To the extent that HMD believes that an examination of Highly Confidential documents is required, it can stipulate to a transfer of the motion to this Court pursuant to Fed. R. Civ. P. 45(f)."). The Eastern District's order ignored these repeated invitations, and noted instead that it was "mindful of the need to avoid interfering with a sister Court's resolution of this discovery dispute on the merits." Docket No. 1-24 at 2. Asked by CCE to show interest in resolving HMD Global's motion, the Eastern District did the opposite.

### IV. Transferring HMD Global's Motion Would Make it More Difficult to Resolve

Transferring HMD Global's motion to the Eastern District would make it harder to resolve than it would be for this Court. Both HMD Global and ARC have cited cases from this jurisdiction, not from the Eastern District. *See, e.g.*, Docket No. 3-1 at 6:3, 7:10-15, 21:7-12, 243-8; Docket No. 24-1 at 14:8-12, 12:28 to 13:2, 18:17-19. To support its claim of burden, ARC has submitted two declarations under this Court's rules, Docket Nos. 24-2, 24-3, and HMD Global has used this Court's precedents to explain why those declarations are deficient. Reply § II.D. Should this Court transfer HMD Global's motion to the Eastern District of Texas, it would force that Court either to require additional briefing to convert this discussion to its own law, or to have its personnel re-research these many citations to the same effect. Since the Eastern District has indicated no interest in receiving this motion but has instead been solicitous of this Court, this Court should avoid subjecting the Eastern District to this needless difficulty.

– 7 –   Case No. 8:20-mc-127
OPPOSITION TO MOTION TO TRANSFER

### V. The Court Should Not Reward ARC's Attempts to Avoid It

This Court is ARC's home Court. For the entire history of its existence, ARC has kept its headquarters and sole office in Orange County, within this District. Docket No. 1-30 at 27; 28 U.S.C. §84(c). ARC is usually comfortable in this Court, even recently as a plaintiff. *Acacia Research Corp. v. Slingshot Techs., LLC*, Case No. 19-1385, Docket No. 1 (C.D. Cal. July 15, 2019); *Acacia Research Corp. v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, Case No. 05-501, Docket No. 1 (C.D. Cal. 2005, May 25, 2020).

And ARC has previously sought to avoid the Eastern District of Texas, even in recent cases involving CCE. In an ancillary action against ARC captioned *Cellular Communications Equipment LLC v. HTC Corporation, et. al.*, Case No. 15-2373 (S.D. Cal.), ARC specifically confirmed that it "not consent to transfer" to the Eastern District of Texas. *Id.*, Docket No. 6. Finally, in *Adobe Systems Incorporated v. Acacia Research Corporation*, ARC sought to transfer the case from the Northern District of California to this District. Case No. 08-4522, Docket No. 10-1 (N.D. Cal. Oct. 22, 2008). On this issue, however, ARC has done its utmost to avoid its home Court, and now seeks to escape it. The Court should not reward these tactics, and should instead retain jurisdiction over this action, which addresses ARC's actions taken at ARC's home office, within this District.

### CONCLUSION

For the foregoing reasons, the Court should deny ARC's motion to transfer under Fed. R. Civ. P. 45(f).

Date: January 5, 2021

Respectfully submitted,

_____
Matthew S. Warren (Bar No. 230565)
Jennifer A. Kash (Bar No. 203679)
Maissa Chouraki (Bar No. 307711)
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940

+1 (415) 895-2964 facsimile
20-127@cases.warrenlex.com