Matthew S. Warren (Bar No. 230565)
Jennifer A. Kash (Bar No. 203679)
Maissa Chouraki (Bar No. 307711)
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
20-127@cases.warrenlex.com

*Attorneys for HMD Global Oy*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| HMD GLOBAL OY,<br><br>   Movant,<br><br>v.<br><br>ACACIA RESEARCH CORPORATION,<br><br>   Respondent. | Case No. 8:20-mc-00127 JLS (JDEx)<br><br>**NOTICE OF SUBSEQUENT AUTHORITY REGARDING MOTION BY HMD GLOBAL OY TO COMPEL PRODUCTION OF DOCUMENTS FROM ACACIA RESEARCH CORPORATION**<br><br>Judge:  John D. Early<br>Date:  January 21, 2021<br>Time:  10:00 a.m. PST<br>Place:  Telephonic Hearing<br>Discovery Cutoff:  March 18, 2021<br>Pretrial Conference:  June 29, 2021<br>Trial Date:  August 2, 2021 |

    Movant HMD Global Oy notifies the Court of subsequent authority relevant to its pending motion to compel.  Last week, following completion of the briefing on this motion, respondent ARC's subsidiary CCE, represented by the same counsel as ARC here, served five subpoenas on non-parties that contradict ARC's arguments to this Court.

    In its opposition to the motion to compel, ARC argued that HMD Global was required "to exchange specific lists of custodians prior to any email production requests,"

and that "email production requests must identify the proper custodians, search terms, and time frame for the request." Docket No. 24-1 at 14:1-4. As HMD Global explained in its motion, "ARC asks HMD Global to provide information it *does not know*," that is, the relevant custodians for its requests. Docket No. 3-1 at 23:19-23 (emphasis in original).

On Wednesday, January 13, ARC's subsidiary CCE served five subpoenas on non-parties to its infringement action, seeking emails from these non-parties. *See* Declaration of Maissa Chouraki, Exs. A-E. Each subpoena states that "'Document' and/or 'thing' specifically includes all forms of electronically stored information allowed by Federal Rules of Civil Procedure 26 and 34," which "refers to all computer or electronically stored or generated data," specifically including "e-mail messages" as well as "e-mail header information" and "e-mail routing information." *E.g.*, Ex. A, Definition No. 8 & Instruction No. 7; *see* Exs. B-E, *id.* CCE did not "exchange specific lists of custodians prior to any email production requests," and the subpoenas do not "identify the proper custodians, search terms, and time frame for the request," as ARC claimed was required in opposing HMD Global's motion to compel. Docket No. 24-1 at 14:1-4.

Thus, although ARC argued before this Court that "HMD attempts to avoid specific procedures and limitations on requests for email discovery, limitations to which it agreed in the underlying litigation between CCE and HMD," Docket No. 24-1 at 13:18-20, the five subpoenas CCE served after briefing was complete follow the same procedures that HMD Global used to subpoena ARC, thus admitting that those procedures are proper.

Date: January 19, 2021

Respectfully submitted,

_____
Matthew S. Warren (Bar No. 230565)
Jennifer A. Kash (Bar No. 203679)
Maissa Chouraki (Bar No. 307711)
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
20-127@cases.warrenlex.com