Stephanie R. Wood (SBN: 242572)
*swood@bcpc-law.com*
Jeffrey R. Bragalone (admitted *pro hac vice*)
*jbragalone@bcpc-law.com*
**BRAGALONE CONROY PC**
2200 Ross Ave., Suite 4500W
Dallas, Texas 75201
Tel: (214) 785-6670
Fax: (214) 785-6680

Ben M. Davidson (SBN:181464)
*ben@dlgla.com*
Craig S Hubble (SBN: 200789)
*craig@dlgla.com*
**DAVIDSON LAW GROUP, ALC**
4500 Park Granada Blvd., Suite 202
Calabasas, California 91302
Tel: (818) 918-4622

Attorneys for Respondent
Acacia Research Corporation

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| HMD GLOBAL OY, | Case No. 8:20-mc-127 |
|               Movant, | **ACACIA RESEARCH CORPORATION'S MOTION TO STRIKE HMD GLOBAL OY'S IMPROPER SUPPLEMENTAL BRIEF (DOCKET NO. 43)** |
|    vs. | |
| ACACIA RESEARCH CORPORATION, | Hon. Magistrate Judge John D. Early |
|               Respondent. | Date:       January 21, 2021<br>Time:      10:00 a.m. PST<br>Place:     Telephonic Hearing |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Respondent Acacia Research Corporation ("ARC") moves to strike the improper and unauthorized supplemental brief submitted on January 19, 2021 by Movant HMD Global Oy ("HMD") in support of its Motion to Compel – a document misleadingly entitled "Notice of Subsequent Authority Regarding Motion by HMD Global Oy to Compel Production of Documents from Acacia Research Corporation" (Dkt. No. 43).

Neither the Federal Rules of Civil Procedure nor the Local Rules of this Court allow HMD's unauthorized filing of its Subsequent Authority Brief. To the contrary, Local Rule 7-10 expressly provides that, "[a]bsent prior written order of the Court," no subsequent briefing shall be submitted after the reply in support of a motion. Ignoring Local Rule 7-10, HMD did not obtain – or even *seek* – leave of Court to file a supplemental brief following the filing of its reply.

Moreover, because HMD did not follow Local Rule 37 in filing its motion to compel, but instead filed a regularly-noticed motion and reply brief, it was not authorized to file an additional supplemental brief under Local Rule 37-2.3.

Given its failure to obtain leave of court, ARC requests that the Court strike HMD's supplemental brief, and disregard the arguments raised in the brief and exhibits attached thereto. *See, e.g., Bruers v. Flowers Foods, Inc*., 2019 U.S. Dist. LEXIS 198585, at *2, fn.1 (C.D. Cal. Aug. 7, 2019) (striking Notice of Subsequent Authority and exhibits attached thereto for failure to obtain leave of court prior to filing, holding that: "Without leave of Court, Defendants filed a Notice of Supplemental Authority along with two additional pages of 'Proposed Argument' relating to the supplemental authority. Not only does Defendants' filing of this document effectively violate Local Rule 11-6's strict 25-page limit which this Court grants leave to exceed 'only in rare cases and for good cause shown,' the Court's procedure page clearly provides that '[n]o supplemental brief(s) or sur-reply briefs may be filed without leave of Court.'"); *Heffelfinger v. Elec. Data Sys. Corp*., 580 F. Supp. 2d 933, 966 n.16 (C.D. Cal. 2008) (striking sur-reply because plaintiffs did not obtain leave to file it or show good cause for doing so); *see also Dichter-Mad Family*

1  *Partners, LLP v. United States*, 707 F. Supp. 2d 1016, 1041 (C.D. Cal. 2010)
2  (considering plaintiffs' sur-reply procedurally improper absent leave of court).

3  Additionally, contrary to its misleading title, HMD's unauthorized brief
4  submits no "subsequent authority" caselaw relevant to the pending motion to
5  compel. Instead, HMD'S improper supplemental brief is a thinly-veiled attempt to
6  inject additional, post-reply arguments into the case in an effort to distract the Court
7  from the actual issues raised in HMD's motion to compel, i.e., HMD's overly broad
8  and disproportionate requests for emails from ARC spanning some 10 years, which,
9  given HMD's admission that it cannot point to any alleged ambiguity in the
   underlying agreements, seek irrelevant parol evidence.

10  To the extent that the Court does not strike HMD's improper, unauthorized
11  filing, ARC would note that HMD's argument is incorrect and based on a misreading
12  of the recent subpoenas and a misinterpretation of the ESI Order in the underlying
13  litigation. Contrary to HMD's argument, the subpoenas issued in pending litigation
14  in the Eastern District of Texas by ARC's subsidiary, Cellular Communications
15  Equipment LLC ("CCE"), are readily distinguishable from HMD's requests. As
16  ARC has correctly argued – and HMD does not dispute – HMD's subpoena to ARC
17  includes sweeping requests for email production, which would encompass email
18  production from ARC's subsidiary, CCE, a party to the underlying Texas litigation.
19  As ARC explained in its Response, "HMD and CCE agreed to the [ESI Order],
    which requires that:

20  General ESI production requests under Federal Rules of Civil Procedure 34
21  and 45, or compliance with a mandatory disclosure order of this court, shall
22  not include e-mail or other forms of electronic correspondence (collectively
23  "e-mail"). To obtain e-mail parties must propound specific e-mail production
24  requests.

25  "Court's Model Order Regarding E-Discovery in Patent Cases" (the "ESI Order")
26  http://www.txed.uscourts.gov/sites/default/ files/forms/E-
27  Discovery_Patent_Order.pdf. Docket No. 24-1 at 13:16-28

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

And in the underlying litigation, HMD was required to meet certain criteria before it can request email production from CCE. Thus, as ARC argued in its response to the Motion to Compel, HMD's subpoena to ARC is "a blatant end-run around the discovery limitations to which it agreed in the underlying litigation" to which both CCE and HMD agreed. Docket No. 24-1 at 4:16-17.

In contrast, CCE's subpoenas are not broad general requests for email production;[1] rather, as the categories of documents sought by the recent CCE subpoenas clearly show, the recent subpoenas are focused requests for documents related to testing of text messaging performed by the subpoenaed parties, as well as invoices related to the testing. Tellingly, HMD declines to mention the actual categories in its improper "Notice." Ultimately, the subpoenas served by CCE do not support HMD's relevance and proportionality arguments here.

More importantly, HMD's improper Notice demonstrates yet another reason why the Court should exercise its discretion to transfer this motion to the Eastern District of Texas, and thereby afford the Eastern District of Texas Court the opportunity to interpret and apply its own rules related to email production and give the Texas Court the opportunity to decide all issues related to pending subpoenas in the underlying case in a consistent manner.

In light of HMD's failure to obtain leave of court and the issues improperly argued therein, ARC respectfully requests that the Court strike HMD's supplemental brief (Dkt. 43) and all exhibits attached thereto, and disregard the arguments raised therein.

---

[1] HMD relies on a boilerplate definition of documents in the subpoenas to misleadingly argue that the subpoenas broadly seek email production.

Dated: January 20, 2021

Respectfully submitted,

/s/ *Stephanie R. Wood*
Stephanie R. Wood
California Bar No. 242572
Jeffrey R. Bragalone (admitted *pro hac vice*)
Texas Bar No. 02855775

**BRAGALONE CONROY PC**
2200 Ross Avenue
Suite 4500W
Dallas, TX 75201
Tel: (214) 785-6670
Fax: (214) 785-6680
swood@bcpc-law.com
jbragalone@bcpc-law.com